CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
10/4/2017
JULIA C. DUDLEY, CLERK
BY: s/ JODY TURNER
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

JOHN DOE, by and through his next friend, NELSON LOPEZ, on behalf of himself and all persons similarly situated,

Plaintiff,

v.

SHENANDOAH VALLEY JUVENILE CENTER COMMISSION,

Defendant.

Civil No. 5:17CV00097 _____

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION TO PROCEED BY FICTITIOUS NAME**

Plaintiff John Doe ("Plaintiff" or "Doe"), an unaccompanied immigrant minor confined under unconstitutional conditions to the Shenandoah Valley Juvenile Center ("SJVC"), files this Brief in Support of his Motion to Proceed By Fictitious Name. Doe is a vulnerable minor child who faces a significant risk of stigma and harassment if his identity were to be publicly disclosed in this litigation. Doe's experience is representative of the hundreds of immigrant children who have been or are currently subject to the shocking conditions at SVJC. Despite fears of retaliation, he has courageously filed this litigation in hopes of improving conditions for himself and his peers. Doe will reveal sensitive personal and mental health information in this litigation. Plaintiff asks only that he not be forced to do so for the wider public.

Defendant, a government entity, is unlikely to be prejudiced if Doe is permitted to proceed

anonymously. Doing so will only minimally affect the presumption of open judicial proceedings. Moreover, a denial of this Motion may chill other young victims of institutional violence, especially those who suffer from mental illness, from bringing suits to vindicate their rights. Doe respectfully requests permission to commence and proceed with this action using a fictitious name.

## FACTUAL BACKGROUND

This case involves claims under 42 U.S.C. § 1983 for violations of Doe's and other similarly situated immigrant youths' Fifth and Fourteenth Amendment rights.

Fleeing gang and drug violence in Mexico, Doe crossed the border into the United States in August 2015. He was detained by Immigration and Customs Enforcement ("ICE") and cycled through various facilities due to concerns about his mental health and behavior. In April 2016, he was transferred to SVJC, where he has been continuously detained ever since.

As described in more detail in the Complaint filed contemporaneously with this Motion and Brief, Defendant has subjected Doe to unconstitutional conditions of confinement. Over the course of his detention, he has been violently assaulted by staff members and subjected to unnecessary and prolonged restraint and seclusion. Additionally, Defendant consistently fails to provide Doe with vital mental health care. Defendant's policies and practices of abuse have significantly exacerbated the deterioration of Doe's mental health, causing him to engage in continuing self-harm.

## ARGUMENT

Although there is a presumption in favor of open judicial proceedings, courts in this Circuit have "recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." *Doe v. Public Citizen,* 749 F. 3d 246, 273 (4th Cir. 2014).

Whether to permit a party to proceed anonymously is left to the Court's sound discretion. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). In exercising that discretion, Courts must "balanc[e] the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Public Citizen,* 749 F. 3d at 274. The Fourth Circuit has adopted a balancing test of five non-exhaustive factors for courts to consider when a party requests to proceed anonymously:

> (1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> (2) Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) The ages of the persons whose privacy interests are sought to be protected;
> (4) Whether the action is against a governmental or private party; and
> (5) The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238-39. The Court must carefully examine the factual record and undertake a "particularized assessment of the equities involved." *Id.* at 239.

These factors weigh heavily in favor of allowing Doe to proceed under a fictitious name.

**I.  This Court Should Grant Doe's Motion to Proceed Under A Fictitious Name**

**A. Doe Seeks To Protect Matters of Highly Sensitive and Personal Nature From Public Disclosure**

The Plaintiff in this case seeks to protect his highly sensitive and personal information, including past and present abuse and significant mental health issues, from public disclosure. This is not merely an attempt to "to avoid the annoyance and criticism that may attend any litigation," but rather an attempt to protect a quintessentially sensitive subject. *James*, 6 F.3d at 238. Courts have long recognized that disclosure of medical and mental health information may weigh in favor of anonymity. *See, e.g., Doe v. Standard Ins. Co.,* No. 15-cv-00105, 2015 U.S. Dist. LEXIS 134474, 2015 WL 5778566, at *7-8 (D. Me. Oct. 2, 2015) ("[t]o deny Plaintiff's request under the

3

Case 5:17-cv-00097-EKD-JCH    Document 3    Filed 10/04/17    Page 3 of 8    Pageid#: 32

circumstances of this case might not only prevent Plaintiff from proceeding on her claim, but might also discourage others who suffer from a serious mental health condition from asserting their claims"); *Doe v. Hartford Life & Acc. Ins. Co.,* 237 F.R.D. 545, 550 (D.N.J. 2006); *Doe v. Provident Life & Acc. Ins. Co.,* 176 F.R.D. 464, 468–69 (E.D.Pa. 1997).

As detailed in the Complaint in this case, Doe suffers from serious mental illness, at times characterized by significant and escalating self-harm. At issue in this litigation is the neglect of his condition and needs, and the inadequate mental health care he has received while detained in SVJC. Public disclosure of his mental illness and attendant self-harm carries a risk of harmful stigmatization, which weighs in favor of anonymity. *See Hartford Life Acc. Ins. Co.,* 237 F.R.D. at 550 ("There is a substantial public interest in ensuring . . . the rights of mental illness sufferers are represented fairly and without the risk of stigmatization. However, this goal can not [sic] be achieved if litigants suffering from mental illness are chilled from ever reaching the courthouse steps for fear of repercussions that would ensue if their condition was made public."). This is particularly true here, where Plaintiff is disclosing his own sensitive mental health information in the hopes of improving conditions for himself and other members of a particularly vulnerable community. If Plaintiff is not allowed to proceed anonymously, it would potentially deter others from seeking similar systemic reforms on behalf of those suffering from mental illness.

### B. Doe is a Minor Child Seeking This Court's Protection

Doe is also a vulnerable minor youth and thus deserving of heightened protection. Courts have consistently noted that the "special status and vulnerability of . . . child-litigants" is an "especially persuasive" factor weighing in favor of anonymity. *Doe v. Stegall*, 653 F. 2d 180, 186 (5th Cir. 1981). Courts have regularly allowed parties to proceed anonymously to protect the interests of children. *See, e.g., id.; Plyer v. Doe*, 457 U.S. 202 (1982) (immigrant children allowed

4

to sue school district anonymously); *Doe* v. *Alger*, 317 F.R.D. 37 (W.D.Va. 2016) (allowing a young college-age student to proceed anonymously in suit against school officials). In the instant case, Doe is an especially vulnerable youth who immigrated to the United States at a young age and has been detained for the entirety of his time in the country. He has experienced significant trauma over the course of his life and should not be subjected to further trauma merely for coming forward to vindicate his rights. It is not unusual for Courts to allow immigrant children attempting to do so to proceed anonymously.

Indeed, the Federal Rules of Civil Procedure presume that the court should allow minor plaintiffs to file in such a way as to protect their privacy. *See* Fed. R. Civ. P. 5.2 (allowing minor children to file only with their initial). Here, however, merely allowing Doe to file with his initials is insufficient to protect him from public disclosure of his identity. SJVC has limited capacity, and the population of unaccompanied immigrant children detained there is discrete enough that Doe would be readily identifiable by his initials. Given the other identifying information contained in the Complaint about his national origin, age, and placement history, providing Doe's initials would likely unmask him and undermine the Rules' stated interest in protecting the privacy of minors.

### C. This Suit Is Against the Government and Therefore Favors Anonymity

Doe is not bringing this suit against private parties, but against government actors, a factor which further weighs in favor of permitting him to proceed anonymously. *See, e.g., Int'l Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 U.S. Dist. LEXIS 29058, 2017 WL 818255, at *8-9 (D. Md. Mar. 1, 2017) (hereinafter "*IRAP*") (the fact that a case is against the federal government supports permitting Doe Plaintiffs to proceed anonymously). This court has recognized that "[a]ctions against the government do no harm to its reputation, whereas suits filed

5

against private parties may damage their good names and result in economic harm." *Doe v. Pittsylavnia County*, 844 F. Supp. 2d 724,730 (W.D.Va. 2012) (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). This is particularly so "in a case involving a challenge to the constitutional, statutory, or regulatory validity of government activity." *IRAP*, 2017 U.S. Dist. LEXIS 29058 at *9. As the Defendant is a commission composed of seven cities and jurisdictions and this is a case challenging the constitutional validity of its detention practices, there are no public accusations likely to cause the Defendant reputational or economic harm.

### D. There is No Risk of Unfairness to the Government

Similarly, the government is unlikely to be prejudiced by the Court allowing Doe to proceed anonymously. The *IRAP* Court noted that "[u]se of pseudonyms is more likely to be appropriate in cases challenging the government because there is both arguably a public interest in vindication of rights and a risk of stigmatization of the plaintiff, who often represents minority interests." *Id.* (internal quotations omitted). Here Plaintiff seeks to vindicate not only his Fifth and Fourteenth Amendment rights, but also those of dozens of similarly situated immigrant children. The case confronts the issue of whether the immigrant children detained at SVJC are subject to unconstitutional treatment— which is "purely legal and do[es] not depend on identifying specific parties." *Doe v. Merten,* 219 F.R.D. 387, 393 n.22 (E.D.Va. 2004). While there are factual questions at issue in this litigation, this is a representative action which seeks to remedy large-scale policies and practices.

Additionally, Defendant is (or will be) aware of Doe's identity, as he is currently detained in Defendant's facility and his identity is readily ascertainable by SVJC staff from the facts contained in the Complaint. This "further diminish[es] any risk of unfairness" to the Defendant.

6

*Pittsylvania County*, 844 F. Supp. 2d at 731 n.6. There is little relevant data about Plaintiff Doe and those similarly situated that Defendant does not already possess or cannot readily access. Consequently, Defendant's access to discovery and ability to present any defenses or strategies will be unimpeded.

### E. The Public Interest Is Not Harmed By Allowing Doe to File Under A Fictitious Name

Finally, the public interest is not harmed by allowing Doe to proceed under a fictitious name. Pseudonymous litigation does not necessarily compromise "the crucial interests served by open judicial proceedings." *Id.* at 728. *See also Stegall*, 653 F.2d at 185 (5th Cir. 1981) ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them."). Because Plaintiff is a minor, the public's access to the proceedings is already somewhat limited, in the interest of protecting Doe's privacy. This request for anonymity does not substantially impact the public's access to the facts and issues in this case any more than would already be the case. Members of the public will still have the opportunity to follow the proceedings and read judicial opinions. *Pittsylvania County*, 844 F. Supp. 2d at 728 (internal citation omitted). Doe, however, would be protected from having his privacy destroyed and the stigmatization that would ensue.

## CONCLUSION

The circumstances of this case weigh in favor of granting this Motion and permitting Plaintiff John Doe to proceed anonymously. Doe, a vulnerable unaccompanied immigrant minor, would otherwise risk public disclosure of sensitive confidential information and resulting stigmatization. There is little risk of prejudice to the government or harm to the public interest by allowing Doe to proceed anonymously. Instead, it would promote the goal of protecting minors' privacy in litigation.

For these and all of the reasons discussed herein, Doe respectfully requests that this Court grant his Motion to Proceed by Fictitious Name.

Dated: October 4, 2017

Respectfully submitted,

By: /s/ Christine T. Dinan
Christine T. Dinan (VSB No. 84556)
Jonathan M. Smith (*pro hac vice* forthcoming)
Matthew K. Handley (*pro hac vice* forthcoming)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS AND
URBAN AFFAIRS
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
(202) 319-1000 (telephone)
(202) 319-1010 (facsimile)
christine_dinan@washlaw.org
jonathan_smith@washlaw.org
matthew_handley@washlaw.org

Theodore A. Howard (*pro hac vice* forthcoming)
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
(202) 719-7120 (telephone)
thoward@wileyrein.com

*Attorneys for Plaintiff John Doe*

8