IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| **JOHN DOE, by and through his next friend, NELSON LOPEZ, on behalf of himself and all persons similarly situated,** <br><br> *Plaintiff,* <br><br> v. <br><br> **SHENANDOAH VALLEY JUVENILE CENTER COMMISSION***,* <br><br> *Defendant.* | **CIVIL ACTION** <br><br> Case No.: **5:17-cv-00097-EKD** <br><br> **Honorable Elizabeth K. Dillon** |

## **ANSWER**

Defendant Shenandoah Valley Juvenile Center Commission, by counsel, responds to the Class Action Complaint filed by Plaintiff John Doe, by and through his next friend, Nelson Lopez, on behalf of himself and all persons similarly situated, and answers as follows:

1. With respect to Paragraph 1 of the Complaint, Defendant admits only that:

   (a) Plaintiff is a 17-year old immigrant who is currently housed at the Shenandoah Valley Juvenile Center ("SVJC");

   (b) Plaintiff crossed the United States border from Mexico without authorization; and

   (c) Plaintiff is housed at SVJC under the authority of the Office of Refugee Resettlement of the U.S. Department of Health and Human Services.

   Defendant denies all remaining allegations of Paragraph 1 of the Complaint.

2. Defendant denies the allegations of Paragraph 2 of the Complaint.

3. Defendant admits only that Paragraph 3 of the Complaint summarizes the relief sought by Plaintiff in the Complaint. Defendant expressly denies that Plaintiff and the purported class members are entitled to the requested relief.

4. Defendant denies the allegations of Paragraph 4 of the Complaint to the extent they apply to SVJC. To the extent the allegations refer to other facilities, Defendant lacks knowledge or information sufficient to form a belief as to their truth. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

5. Defendant denies the allegations of Paragraph 5 of the Complaint to the extent they apply to SVJC. To the extent the allegations refer to other facilities, Defendant lacks knowledge or information sufficient to form a belief as to their truth. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant admits the allegations of Paragraph 11 of the Complaint.

12. Defendant admits the allegations of Paragraph 12 of the Complaint.

13. The allegations of Paragraph 13 of the Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

14. The allegations of Paragraph 14 of the Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

15. The allegations of Paragraph 15 of the Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

16. Defendant admits only that Plaintiff has reported being subject to abuse by his biological father until around age 10 and that Plaintiff has claimed at times to have been involved with a Mexican cartel. Defendant denies all remaining allegations of Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

18. Defendant admits the allegations of Paragraph 18 of the Complaint.

19. Defendant admits the allegations of Paragraph 19 of the Complaint based upon current information and belief.

20. Defendant admits the allegations of Paragraph 20 of the Complaint based upon current information and belief.

21. Defendant admits the allegations of Paragraph 21 of the Complaint based upon current information and belief.

22. Defendant denies the allegations of Paragraph 22 of the Complaint to the extent they apply to SVJC. To the extent the allegations refer to other facilities, Defendant lacks knowledge or information sufficient to form a belief as to their truth. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

23. Defendant denies the allegations of Paragraph 23 of the Complaint to the extent they apply to SVJC. To the extent the allegations refer to other facilities, Defendant lacks knowledge or information sufficient to form a belief as to their truth. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

24. Defendant admits only that SVJC houses a population that includes UACs and United States citizen youth, some of whom have been adjudicated delinquent. Defendant denies all remaining allegations of Paragraph 24 of the Complaint.

25. Defendant admits only that ORR is the division of the U.S. Department of Health and Human Services that is directly responsible for unaccompanied alien children and that ORR has a cooperative agreement with Defendant to house children whom ORR determines are UACs that require detention in secure care. Defendant denies all remaining allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. With respect to Paragraph 27 of the Complaint, Defendant admits only that:

    (a) ORR's explanation for its decision to place a child in a secure facility must be made in writing and made available to the child; and

    (b) ORR's evaluations are revisited at regular intervals.

Defendant denies all remaining allegations of Paragraph 27 of the Complaint.

28. Defendant admits only that children are not permitted to freely move about the facility. Defendant denies all remaining allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant admits only that each child is assigned to a room with a mattress, a sink, and a toilet, and that there is no wall or divider enclosing the bathroom area. Defendant denies the allegation that the rooms are undivided so that staff can see children use the toilet and denies any remaining allegations of Paragraph 30 of the Complaint.

31. Defendant admits only that some children have placed paper over the window to obscure the view from outside the room and that staff have removed the paper when a child does not respond to staff during a safety check. Defendant denies all remaining allegations of Paragraph 31 of the Complaint.

32. Defendant admits the allegations of Paragraph 32 of the Complaint.

33. Defendant admits only that there are metal tables and chairs in the common area of each pod. Defendant denies all remaining allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Defendant admits the allegations of Paragraph 36 of the Complaint.

37. Defendant admits only that there is a point system in place to reward children for good behavior. Defendant denies all remaining allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant admits the allegations of Paragraph 39 of the Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant admits only that the majority of the local juvenile offenders detained at SVJC are Caucasian and were born in the U.S. Defendant denies all remaining allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant denies the allegations of Paragraph 57 of the Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Complaint.

63. Defendant denies the allegations of Paragraph 63 of the Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Complaint.

69. With respect to Paragraph 69 of the Complaint, Defendant admits only that:

    (a) Confinement and restraints are used when youth fight with one another or fight with staff; and

    (b) Restraints are used when youth continue to engage in self-harm and less restrictive measures have been exhausted.

    Defendant denies all remaining allegations of Paragraph 69 of the Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Complaint.

73. Defendant denies the allegations of Paragraph 73 of the Complaint.

74. Defendant denies the allegations of Paragraph 74 of the Complaint.

75. Defendant denies the allegations of Paragraph 75 of the Complaint.

76. Defendant denies the allegations of Paragraph 76 of the Complaint.

77. Defendant denies the allegations of Paragraph 77 of the Complaint.

78. Defendant denies the allegations of Paragraph 78 of the Complaint.

79. Defendant denies the allegations of Paragraph 79 of the Complaint.

80. Defendant denies the allegations of Paragraph 80 of the Complaint.

81. Defendant admits only that Plaintiff was evaluated by a psychologist, Dr. Gustavo Rife, approximately two weeks after arriving at SVJC and Plaintiff was diagnosed with conduct disorder, disruptive mood dysregulation, and depressive disorder. Defendant denies all remaining allegations of Paragraph 81 of the Complaint.

82. Defendant admits the allegations of Paragraph 82 of the Complaint.

83. Defendant denies the allegations of Paragraph 83 of the Complaint.

84. Defendant denies the allegations of Paragraph 84 of the Complaint.

85. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

86. Defendant admits only that Plaintiff has engaged in self-harm by cutting his wrists and banging his head against the wall or floor while at SVJC. Defendant denies all remaining allegations of Paragraph 86 of the Complaint.

87. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

88. Defendant admits only that Plaintiff wrapped a curtain around his neck on or around the date alleged and that Plaintiff has repeatedly expressed a desire to kill himself. Defendant denies all remaining allegations of Paragraph 88 of the Complaint.

89. Defendant admits the allegations of Paragraph 89 of the Complaint.

90. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

91. Defendant admits the allegations of Paragraph 91 of the Complaint.

92. Defendant denies the allegations of Paragraph 92 of the Complaint.

93. Defendant denies the allegations of Paragraph 93 of the Complaint.

94. Defendant denies the allegations of Paragraph 94 of the Complaint.

95. Defendant denies the allegations of Paragraph 95 of the Complaint.

96. Defendant denies the allegations of Paragraph 96 of the Complaint.

97. Defendant admits the allegations of Paragraph 97 of the Complaint as drafted, but expressly denies breaching any well-established professional standards applicable to Plaintiff.

98. Defendant denies the allegations of Paragraph 98 of the Complaint.

99. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

100. Defendant denies the allegations of Paragraph 100 of the Complaint. The factual allegations of the Complaint fail to sufficiently identify enough purported class members to make joinder impractical.

101. Defendant denies the allegations of Paragraph 101 of the Complaint. With few exceptions, the factual allegations of the Complaint are particular to Plaintiff and fail to sufficiently identify instances in which Defendant's alleged conduct has been directed at other purported class members.

102. Defendant denies the allegations of Paragraph 102 of the Complaint. The Complaint fails to allege sufficient facts upon which to conclude that Plaintiff's claims are typical to those of other purported class members.

103. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

104. Defendant denies the allegations of Paragraph 104 of the Complaint.

105. Defendant denies the allegations of Paragraph 105 of the Complaint.

106. Defendant incorporates by reference all previous responses to Paragraphs 1 through 105 of the Complaint, which are realleged in Paragraph 106 of the Complaint. All allegations of all paragraphs realleged by Plaintiff are denied unless expressly admitted in previous responses.

107. The allegations of Paragraph 107 of the Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

108. The allegations of Paragraph 108 of the Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

109. Defendant denies the allegations of Paragraph 109 of the Complaint.

110. Defendant denies the allegations of Paragraph 110 of the Complaint.

111. Defendant denies the allegations of Paragraph 111 of the Complaint.

112. Defendant denies the allegations of Paragraph 112 of the Complaint.

113. Defendant denies the allegations of Paragraph 113 of the Complaint.

114. Defendant denies the allegations of Paragraph 114 of the Complaint.

115. Defendant denies the allegations of Paragraph 115 of the Complaint.

116. Defendant incorporates by reference all previous responses to Paragraphs 1 through 105 of the Complaint, which are realleged in Paragraph 116 of the Complaint. All allegations of all paragraphs realleged by Plaintiff are denied unless expressly admitted in previous responses.

117. The allegations of Paragraph 117 of the Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

118. Defendant denies the allegations of Paragraph 118 of the Complaint.

119. Defendant denies the allegations of Paragraph 119 of the Complaint.

120. Defendant denies the allegations of Paragraph 120 of the Complaint.

121. Defendant denies the allegations of Paragraph 121 of the Complaint.

122. Defendant denies the allegations of Paragraph 122 of the Complaint.

123. Defendant denies the allegations of Paragraph 123 of the Complaint.

124. Defendant denies the allegations of Paragraph 124 of the Complaint.

125. Defendant incorporates by reference all previous responses to Paragraphs 1 through 105 of the Complaint, which are realleged in Paragraph 125 of the Complaint. All allegations of all paragraphs realleged by Plaintiff are denied unless expressly admitted in previous responses.

126. The allegations of Paragraph 126 of the Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

127. Defendant denies the allegations of Paragraph 127 of the Complaint.

128. Defendant denies the allegations of Paragraph 128 of the Complaint.

129. Defendant denies the allegations of Paragraph 129 of the Complaint.

130. Defendant denies the allegations of Paragraph 130 of the Complaint.

131. Defendant denies the allegations of Paragraph 131 of the Complaint.

132. Defendant denies the allegations of Paragraph 132 of the Complaint.

133. Defendant denies the allegations of Paragraph 133 of the Complaint.

134. Defendant incorporates by reference all previous responses to Paragraphs 1 through 105 of the Complaint, which are realleged in Paragraph 134 of the Complaint. All allegations of all paragraphs realleged by Plaintiff are denied unless expressly admitted in previous responses.

135. The allegations of Paragraph 135 of the Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

136. Defendant denies the allegations of Paragraph 136 of the Complaint.

137. Defendant denies the allegations of Paragraph 137 of the Complaint.

138. Defendant admits the allegations of Paragraph 138 of the Complaint as drafted, but expressly denies that it has subjected Plaintiff and other immigrant youth to unequal treatment on the basis of their race.

139. Defendant denies the allegations of Paragraph 139 of the Complaint.

140. Defendant denies the allegations of Paragraph 140 of the Complaint.

141. Defendant incorporates by reference all previous responses to Paragraphs 1 through 105 of the Complaint, which are realleged in Paragraph 141 of the Complaint. All

allegations of all paragraphs realleged by Plaintiff are denied unless expressly admitted in previous responses.

142. The allegations of Paragraph 142 of the Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

143. Defendant denies the allegations of Paragraph 143 of the Complaint.

144. Defendant denies the allegations of Paragraph 144 of the Complaint.

145. Defendant admits the allegations of Paragraph 145 of the Complaint as drafted, but expressly denies that it has subjected Plaintiff and other immigrant youth to unequal treatment on the basis of their national origin.

146. Defendant denies the allegations of Paragraph 146 of the Complaint.

147. Defendant denies the allegations of Paragraph 147 of the Complaint.

148. The final unnumbered paragraph of the Complaint sets forth Plaintiff's requests for relief to which no response is required. However, to the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief.

149. Any allegation not expressly admitted herein is denied.

150. Defendant avers that this action fails to meet the prerequisites for class certification set forth in Rule 23(a) of the Federal Rules of Civil Procedure.

**FOR THESE REASONS**, Defendant Shenandoah Valley Juvenile Center Commission, by counsel, respectfully requests that this honorable Court dismiss the Complaint and award it all costs expended.

> SHENANDOAH VALLEY JUVENILE
> CENTER COMMISSION
> *By Counsel*

**LITTEN & SIPE L.L.P.**

By: /S/ Jason A. Botkins
    Jason A. Botkins
    Melisa G. Michelsen

Virginia State Bar No. 70823
Virginia State Bar No. 40001
410 Neff Avenue
Harrisonburg, Virginia  22801-3434
Telephone:   (540) 434-5353
Facsimile:    (540) 434-6069
Email: jason.botkins@littensipe.com
Email: melisa.michelsen@littensipe.com

*Counsel for Shenandoah Valley Juvenile Center Commission*

### CERTIFICATE

I certify that on the 3rd day of November, 2017, I electronically filed the forgoing Answer with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Christine T. Dinan | Theodore A. Howard (*pro hac vice*) |
| VSB No. 84556 | Wiley Rein LLP |
| Jonathan M. Smith (*pro hac vice*) | 1776 K Street, NW |
| Matthew K. Handley (*pro hac vice*) | Washington, D.C. 20006 |
| Washington Lawyers Committee for Civil Rights and Urban Affairs | Telephone:   (202) 719-7120 toward@wileyrein.com |
| 11 Dupont Circle, NW, Suite 400 | |
| Washington, D.C. 20036 | *Attorneys for Plaintiff John Doe* |
| Telephone:   (202) 319-1000 | |
| Facsimile     (202) 319-1010 | |
| christine_dinan@washlaw.org | |
| jonathan_smith@washlaw.org | |
| matthew_handley@washlaw.org | |

                      /S/ Jason A. Botkins
                 *Counsel for Shenandoah Valley*
                  *Juvenile Center Commission*