IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, by and through their next friend, NELSON LOPEZ, on behalf of themselves and all persons similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>SHENANDOAH VALLEY JUVENILE CENTER COMMISSION,<br><br>*Defendant.* | CIVIL ACTION<br><br>Case No.: 5:17-cv-00097-EKD<br><br>Honorable Elizabeth K. Dillon |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Shenandoah Valley Juvenile Center Commission, by counsel, responds to the First Amended Complaint filed by Plaintiffs John Doe 1, John Doe 2, and John Doe 3, by and through their next friend, Nelson Lopez, on behalf of themselves and all persons similarly situated, and answers as follows:

1. With respect to Paragraph 1 of the First Amended Complaint:

    (a) Defendant admits that Plaintiffs are Latino immigrant youths who are, or in the future may be, housed at the Shenandoah Valley Juvenile Center ("SVJC");

    (b) Defendant admits that Plaintiffs crossed the United States border from Mexico without authorization;

    (c) Defendant admits that Plaintiffs John Doe 2 and John Doe 3 are housed at SVJC under the authority of the Office of Refugee Resettlement of the U.S. Department of Health and Human Services; and

1

(d) Defendant denies all remaining allegations of Paragraph 1 of the First Amended Complaint.

2. Defendant denies the allegations of Paragraph 2 of the First Amended Complaint.

3. Defendant admits only that Paragraph 3 of the First Amended Complaint summarizes the relief sought by Plaintiffs. Defendant expressly denies that Plaintiffs and the purported class members are entitled to the requested relief.

4. Defendant denies the allegations of Paragraph 4 of the First Amended Complaint to the extent they apply to SVJC. To the extent the allegations refer to other facilities, Defendant lacks knowledge or information sufficient to form a belief as to their truth. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

5. Defendant denies the allegations of Paragraph 5 of the First Amended Complaint to the extent they apply to SVJC. To the extent the allegations refer to other facilities, Defendant lacks knowledge or information sufficient to form a belief as to their truth. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

6. Defendant admits the allegations of Paragraph 6 of the First Amended Complaint.

7. Defendant admits only that Plaintiff John Doe 1 has reported being subject to abuse by his biological father until around age 10 and that he has claimed at times to have been involved with a Mexican cartel. Defendant denies all remaining allegations of Paragraph 7 of the First Amended Complaint.

8. Defendant admits the allegations of Paragraph 8 of the First Amended Complaint.

9. Defendant admits the allegations of Paragraph 9 of the First Amended Complaint based upon current information and belief.

10. Defendant admits the allegations of Paragraph 10 of the First Amended Complaint based upon current information and belief.

11. Defendant admits the allegations of Paragraph 11 of the First Amended Complaint based upon current information and belief.

12. Defendant admits the allegations of Paragraph 12 of the First Amended Complaint.

13. Defendant admits the allegations of Paragraph 13 of the First Amended Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

17. Defendant admits the allegations of Paragraph 17 of the First Amended Complaint.

18. Defendant admits the allegations of Paragraph 18 of the First Amended Complaint.

19. Defendant admits the allegations of Paragraph 19 of the First Amended Complaint.

20. Defendant admits the allegations of Paragraph 20 of the First Amended Complaint.

21. Defendant admits the allegations of Paragraph 21 of the First Amended Complaint.

22. Defendant admits only that, upon information and belief, Plaintiff John Doe 2 created superficial scratches on this arm due to feeling frustrated while housed at BCFS. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of Paragraph 22 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

23. Defendant admits the allegations of Paragraph 23 of the First Amended Complaint.

24. Defendant admits the allegations of Paragraph 24 of the First Amended Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

26. Defendant admits the allegations of Paragraph 26 of the First Amended Complaint.

27. Defendant admits only that Plaintiff John Doe 3 has reported being threatened by a gang while in Honduras. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

28. Defendant admits the allegations of Paragraph 28 of the First Amended Complaint.

29. Defendant admits the allegations of Paragraph 29 of the First Amended Complaint.

30. With respect to Paragraph 30 of the First Amended Complaint:

    (a) Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 30 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure; and

    (b) Defendant denies the allegations of the second sentence of Paragraph 30 of the First Amended Complaint.

31. Defendant admits the allegations of Paragraph 31 of the First Amended Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

34. Defendant denies the allegations of Paragraph 34 of the First Amended Complaint to the extent they apply to SVJC. To the extent the allegations refer to other facilities, Defendant lacks knowledge or information sufficient to form a belief as to their truth. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

35. Defendant denies the allegations of Paragraph 35 of the First Amended Complaint to the extent they apply to SVJC. To the extent the allegations refer to other facilities, Defendant lacks knowledge or information sufficient to form a belief as to their truth. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

36. Defendant denies the allegations of Paragraph 36 of the First Amended Complaint.

37. Defendant admits the allegations of Paragraph 37 of the First Amended Complaint.

38. Defendant admits the allegations of Paragraph 38 of the First Amended Complaint.

39. The allegations of Paragraph 39 of the First Amended Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

40. The allegations of Paragraph 40 of the First Amended Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

41. The allegations of Paragraph 41 of the First Amended Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

42. Defendant admits only that SVJC houses a population that includes UACs and United States citizen youth, some of whom have been adjudicated delinquent. Defendant denies all remaining allegations of Paragraph 42 of the First Amended Complaint.

43. Defendant admits only that ORR is the division of the U.S. Department of Health and Human Services that is directly responsible for unaccompanied alien children and that ORR has a cooperative agreement with Defendant to house children whom ORR determines are UACs that require detention in secure care. Defendant denies all remaining allegations of Paragraph 43 of the First Amended Complaint.

44. Defendant admits the allegations of Paragraph 44 of the First Amended Complaint.

45. With respect to Paragraph 45 of the First Amended Complaint:

    (a) Defendant admits that ORR's explanation for its decision to place a child in a secure facility must be made in writing and made available to the child;

    (b) Defendant admits that ORR's evaluations are revisited at regular intervals; and

    (c) Defendant denies all remaining allegations of Paragraph 45 of the First Amended Complaint.

46. Defendant admits only that children are not permitted to freely move about the facility. Defendant denies all remaining allegations of Paragraph 46 of the First Amended Complaint.

47. Defendant denies the allegations of Paragraph 47 of the First Amended Complaint.

48. Defendant admits only that each child is assigned to a room with a mattress, a sink, and a toilet, and that there is no wall or divider enclosing the bathroom area. Defendant denies the allegation that the rooms are undivided so that staff can see children use the toilet and denies any remaining allegations of Paragraph 48 of the First Amended Complaint.

49. Defendant admits only that some children have placed paper over the window to obscure the view from outside the room and that staff have removed the paper when a child does not respond to staff during a safety check. Defendant denies all remaining allegations of Paragraph 49 of the First Amended Complaint.

50. Defendant admits the allegations of Paragraph 50 of the First Amended Complaint.

51. Defendant admits only that there are metal tables and chairs in the common area of each pod. Defendant denies all remaining allegations in Paragraph 51 of the First Amended Complaint.

52. Defendant denies the allegations of Paragraph 52 of the First Amended Complaint.

53. Defendant denies the allegations of Paragraph 53 of the First Amended Complaint.

54. Defendant admits the allegations of Paragraph 54 of the First Amended Complaint.

55. Defendant admits only that there is a point system in place to reward children for good behavior. Defendant denies all remaining allegations in Paragraph 55 of the First Amended Complaint.

56. Defendant denies the allegations of Paragraph 56 of the First Amended Complaint.

57. Defendant admits the allegations of Paragraph 57 of the First Amended Complaint.

58. Defendant denies the allegations of Paragraph 58 of the First Amended Complaint.

59. Defendant denies the allegations of Paragraph 59 of the First Amended Complaint.

60. Defendant denies the allegations of Paragraph 60 of the First Amended Complaint.

61. Defendant denies the allegations of Paragraph 61 of the First Amended Complaint.

62. Defendant denies the allegations of Paragraph 62 of the First Amended Complaint.

63. Defendant denies the allegations of Paragraph 63 of the First Amended Complaint.

64. Defendant denies the allegations of Paragraph 64 of the First Amended Complaint.

65. Defendant denies the allegations of Paragraph 65 of the First Amended Complaint.

66. Defendant admits only that the majority of the local juvenile offenders detained at SVJC are Caucasian and were born in the U.S. Defendant denies all remaining allegations of Paragraph 66 of the First Amended Complaint.

67. Defendant denies the allegations of Paragraph 67 of the First Amended Complaint.

68. Defendant denies the allegations of Paragraph 68 of the First Amended Complaint.

69. Defendant denies the allegations of Paragraph 69 of the First Amended Complaint.

70. Defendant denies the allegations of Paragraph 70 of the First Amended Complaint.

71. Defendant denies the allegations of Paragraph 71 of the First Amended Complaint.

72. Defendant denies the allegations of Paragraph 72 of the First Amended Complaint.

73. Defendant denies the allegations of Paragraph 73 of the First Amended Complaint.

74. Defendant denies the allegations of Paragraph 74 of the First Amended Complaint.

75. Defendant admits only that Plaintiff John Doe 3 has been restrained by SVJC staff members when necessary to protect him from hurting himself and others. Defendant denies all remaining allegations of Paragraph 75 of the First Amended Complaint.

76. Defendant denies the allegations of Paragraph 76 of the First Amended Complaint.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

8

Case 5:17-cv-00097-EKD-JCH   Document 26   Filed 02/14/18   Page 8 of 19   Pageid#: 139

78. Defendant denies the allegations of Paragraph 78 of the First Amended Complaint.

79. Defendant denies the allegations of Paragraph 79 of the First Amended Complaint.

80. Defendant denies the allegations of Paragraph 80 of the First Amended Complaint.

81. Defendant denies the allegations of Paragraph 81 of the First Amended Complaint.

82. Defendant denies the allegations of Paragraph 82 of the First Amended Complaint.

83. Defendant denies the allegations of Paragraph 83 of the First Amended Complaint.

84. Defendant denies the allegations of Paragraph 84 of the First Amended Complaint.

85. Defendant denies the allegations of Paragraph 85 of the First Amended Complaint.

86. Defendant denies the allegations of Paragraph 86 of the First Amended Complaint.

87. Defendant denies the allegations of Paragraph 87 of the First Amended Complaint.

88. Defendant denies the allegations of Paragraph 88 of the First Amended Complaint.

89. Defendant denies the allegations of Paragraph 89 of the First Amended Complaint.

90. Defendant denies the allegations of Paragraph 90 of the First Amended Complaint.

91. Defendant denies the allegations of Paragraph 91 of the First Amended Complaint.

92. With respect to Paragraph 92 of the First Amended Complaint:

    (a) Defendant admits that confinement and restraints are used when youth fight with one another or fight with staff;

    (b) Defendant admits that restraints are used when youth continue to engage in self-harm and less restrictive measures have been exhausted; and

    (c) Defendant denies all remaining allegations of Paragraph 92 of the First Amended Complaint.

93. Defendant denies the allegations of Paragraph 93 of the First Amended Complaint.

94. Defendant denies the allegations of Paragraph 94 of the First Amended Complaint.

95. Defendant denies the allegations of Paragraph 95 of the First Amended Complaint.

96. Defendant denies the allegations of Paragraph 96 of the First Amended Complaint.

97. Defendant denies the allegations of Paragraph 97 of the First Amended Complaint.

98. Defendant denies the allegations of Paragraph 98 of the First Amended Complaint.

99. Defendant denies the allegations of Paragraph 99 of the First Amended Complaint.

100. With respect to Paragraph 100 of the First Amended Complaint:

    (a) Defendant admits that Plaintiff John Doe 3 has been confined in his room for a limited time while wearing boxers after he has destroyed his other clothing;

    (b) Defendant admits that Plaintiffs John Doe 2 and John Doe 3 have been temporarily confined to their rooms without a mattress for time periods of less than half of a day after they have either destroyed their mattress or are acting aggressively with a history of destroying their mattress when acting in such a manner; and

    (c) Defendant denies all remaining allegations in Paragraph 100 of the First Amended Complaint.

101. With respect to Paragraph 101 of the First Amended Complaint:

    (a) Defendant admits that an emergency restraint chair is utilized as the last step of a progressive response to aggressive behavior by residents when less intrusive measures have proven inadequate;

    (b) When the emergency chair is utilized, residents are restrained by their arms, legs, and torso, and a spit mask is placed on the resident to prevent staff from being spit upon or bitten; and

(c) Defendant denies all remaining allegations of Paragraph 101 of the First Amended Complaint.

102. Defendant denies the allegations of Paragraph 102 of the First Amended Complaint.

103. Defendant denies the allegations of Paragraph 103 of the First Amended Complaint.

104. Defendant denies the allegations of Paragraph 104 of the First Amended Complaint.

105. Defendant denies the allegations of Paragraph 105 of the First Amended Complaint.

106. Defendant denies the allegations of Paragraph 106 of the First Amended Complaint.

107. With respect to Paragraph 107 of the First Amended Complaint:

(a) Defendant admits that Plaintiff John Doe 1 was evaluated by psychologist Dr. Gustavo Rife approximately two weeks after his arrival at SVJC and diagnosed with conduct disorder, disruptive mood dysregulation, and depresssive disorder;

(b) Defendant admits that Plaintiff John Doe 2 has been diagnosed with ADHD, major depressive disorder, conduct disorder, intermittent explosive disorder, and general anxiety disorder; and

(c) Defendant denies the allegations of Paragraph 107 of the First Amended Complaint to the extent they are inconsistent with Defendant's responses above in subparts (a) and (b).

108. With respect to Paragraph 108 of the First Amended Complaint:

(a) Defendant admits that Plaintiff John Doe 1's treatment from Dr. Rife and other psychologists has consisted of an initial evaluation followed by an annual reevaluation. Plaintiff John Doe 1 was treated by a psychiatrist on

11

approximately 15 occasions and by a licensed professional counselor on approximately 108 occasions during the time he resided at SVJC.

    (b)    Defendant denies that Plaintiff John Doe 2 has received intermittent and inconsistent treatment by a psychologist while housed at SVJC. Plaintiff John Doe 2 has been treated by a psychiatrist on several occasions and by a licensed professional counselor on approximately 20 occasions while residing at SVJC.

    (c)    Defendant denies the allegations of Paragraph 108 of the First Amended Complaint to the extent they are inconsistent with Defendant's responses above in subparts (a) and (b).

109. Defendant admits the allegations of Paragraph 109 of the First Amended Complaint.

110. Defendant denies the allegations of Paragraph 110 of the First Amended Complaint.

111. Defendant denies the allegations of Paragraph 111 of the First Amended Complaint.

112. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

113. Defendant admits only that Plaintiff John Doe 1 has engaged in self-harm by cutting his wrists and banging his head against the wall or floor while at SVJC. Defendant denies all remaining allegations of Paragraph 113 of the First Amended Complaint.

114. Defendant admits only that Plaintiff John Doe 2 has engaged in self-harm at SVJC. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 114 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

115.  Defendant denies that the conditions at SVJC or treatment by SVJC staff have exacerbated symptoms of past trauma and untreated mental health conditions of Plaintiff John Doe 1 or Plaintiff John Doe 2.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 115 of the First Amended Complaint.  Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

116.  Defendant admits only that Plaintiff John Doe 1 wrapped a curtain around his neck on or around the date alleged and that he has repeatedly expressed a desire to kill himself. Defendant denies all remaining allegations of Paragraph 116 of the First Amended Complaint.

117.  Defendant admits the allegations of Paragraph 117 of the First Amended Complaint.

118.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the First Amended Complaint.  Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

119.  Defendant admits the allegations of Paragraph 119 of the First Amended Complaint.

120.  Defendant denies the allegations of Paragraph 120 of the First Amended Complaint.

121.  Defendant denies the allegations of Paragraph 121 of the First Amended Complaint.

122.  Defendant denies the allegations of Paragraph 122 of the First Amended Complaint.

123.  Defendant denies the allegations of Paragraph 123 of the First Amended Complaint.

124.  Defendant denies the allegations of Paragraph 124 of the First Amended Complaint.

125.  Defendant admits the allegations of Paragraph 125 of the First Amended Complaint as drafted, but expressly denies breaching any well-established professional standards applicable to Plaintiffs.

126.  Defendant denies the allegations of Paragraph 126 of the First Amended Complaint.

127. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

128. Defendant denies the allegations of Paragraph 128 of the First Amended Complaint. The factual allegations of the First Amended Complaint fail to sufficiently identify enough purported class members to make joinder impractical.

129. Defendant denies the allegations of Paragraph 129 of the First Amended Complaint. With few exceptions, the factual allegations of the First Amended Complaint are particular to Plaintiffs and fail to sufficiently identify instances in which Defendant's alleged conduct has been directed at other purported class members.

130. Defendant denies the allegations of Paragraph 130 of the First Amended Complaint. The First Amended Complaint fails to allege sufficient facts upon which to conclude that Plaintiffs' claims are typical to those of other purported class members.

131. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 of the First Amended Complaint. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

132. Defendant denies the allegations of Paragraph 132 of the First Amended Complaint.

133. Defendant denies the allegations of Paragraph 133 of the First Amended Complaint.

134. Defendant incorporates by reference all previous responses to Paragraphs 1 through 133 of the First Amended Complaint, which are realleged in Paragraph 134 of the First Amended Complaint. All allegations of all paragraphs realleged by Plaintiffs are denied unless expressly admitted in previous responses.

135. The allegations of Paragraph 135 of the First Amended Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

136. The allegations of Paragraph 136 of the First Amended Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

137. Defendant denies the allegations of Paragraph 137 of the First Amended Complaint.

138. Defendant denies the allegations of Paragraph 138 of the First Amended Complaint.

139. Defendant denies the allegations of Paragraph 139 of the First Amended Complaint.

140. Defendant denies the allegations of Paragraph 140 of the First Amended Complaint.

141. Defendant denies the allegations of Paragraph 141 of the First Amended Complaint.

142. Defendant denies the allegations of Paragraph 142 of the First Amended Complaint.

143. Defendant denies the allegations of Paragraph 143 of the First Amended Complaint.

144. Defendant incorporates by reference all previous responses to Paragraphs 1 through 133 of the First Amended Complaint, which are realleged in Paragraph 144 of the First Amended Complaint. All allegations of all paragraphs realleged by Plaintiffs are denied unless expressly admitted in previous responses.

145. The allegations of Paragraph 145 of the First Amended Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

146. Defendant denies the allegations of Paragraph 146 of the First Amended Complaint.

147. Defendant denies the allegations of Paragraph 147 of the First Amended Complaint.

148. Defendant denies the allegations of Paragraph 148 of the First Amended Complaint.

149. Defendant denies the allegations of Paragraph 149 of the First Amended Complaint.

150. Defendant denies the allegations of Paragraph 150 of the First Amended Complaint.

151. Defendant denies the allegations of Paragraph 151 of the First Amended Complaint.

152. Defendant denies the allegations of Paragraph 152 of the First Amended Complaint.

153. Defendant incorporates by reference all previous responses to Paragraphs 1 through 133 of the First Amended Complaint, which are realleged in Paragraph 153 of the First Amended Complaint. All allegations of all paragraphs realleged by Plaintiffs are denied unless expressly admitted in previous responses.

154. The allegations of Paragraph 154 of the First Amended Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

155. Defendant denies the allegations of Paragraph 155 of the First Amended Complaint.

156. Defendant denies the allegations of Paragraph 156 of the First Amended Complaint.

157. Defendant denies the allegations of Paragraph 157 of the First Amended Complaint.

158. Defendant denies the allegations of Paragraph 158 of the First Amended Complaint.

159. Defendant denies the allegations of Paragraph 159 of the First Amended Complaint.

160. Defendant denies the allegations of Paragraph 160 of the First Amended Complaint.

161. Defendant denies the allegations of Paragraph 161 of the First Amended Complaint.

162. Defendant incorporates by reference all previous responses to Paragraphs 1 through 133 of the First Amended Complaint, which are realleged in Paragraph 162 of the First Amended Complaint. All allegations of all paragraphs realleged by Plaintiffs are denied unless expressly admitted in previous responses.

163. The allegations of Paragraph 163 of the First Amended Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

164. Defendant denies the allegations of Paragraph 164 of the First Amended Complaint.

165. Defendant denies the allegations of Paragraph 165 of the First Amended Complaint.

166. Defendant admits the allegations of Paragraph 166 of the First Amended Complaint as drafted, but expressly denies that it has subjected Plaintiffs and other immigrant youth to unequal treatment on the basis of their race.

167. Defendant denies the allegations of Paragraph 167 of the First Amended Complaint.

168. Defendant denies the allegations of Paragraph 168 of the First Amended Complaint.

169. Defendant incorporates by reference all previous responses to Paragraphs 1 through 133 of the First Amended Complaint, which are realleged in Paragraph 169 of the First Amended Complaint. All allegations of all paragraphs realleged by Plaintiffs are denied unless expressly admitted in previous responses.

170. The allegations of Paragraph 170 of the First Amended Complaint consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

171. Defendant denies the allegations of Paragraph 171 of the First Amended Complaint.

172. Defendant denies the allegations of Paragraph 172 of the First Amended Complaint.

173. Defendant admits the allegations of Paragraph 173 of the First Amended Complaint as drafted, but expressly denies that it has subjected Plaintiffs and other immigrant youth to unequal treatment on the basis of their national origin.

174. Defendant denies the allegations of Paragraph 174 of the First Amended Complaint.

175. Defendant denies the allegations of Paragraph 175 of the First Amended Complaint.

176. The final unnumbered paragraph of the First Amended Complaint sets forth Plaintiffs' requests for relief to which no response is required. However, to the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief.

177. Any allegation not expressly admitted herein is denied.

178. Defendant avers that this action fails to meet the prerequisites for class certification set forth in Rule 23(a) of the Federal Rules of Civil Procedure.

**FOR THESE REASONS**, Defendant Shenandoah Valley Juvenile Center Commission, by counsel, respectfully requests that this honorable Court dismiss the First Amended Complaint and award it all costs expended.

SHENANDOAH VALLEY JUVENILE
CENTER COMMISSION
*By Counsel*

### LITTEN & SIPE L.L.P.

By: /S/ Jason A. Botkins
    Jason A. Botkins
    Melisa G. Michelsen

Virginia State Bar No. 70823
Virginia State Bar No. 40001
410 Neff Avenue
Harrisonburg, Virginia 22801-3434
Telephone: (540) 434-5353
Facsimile: (540) 434-6069
Email: jason.botkins@littensipe.com
Email: melisa.michelsen@littensipe.com

*Counsel for Shenandoah Valley Juvenile Center Commission*

# CERTIFICATE

I certify that on the 14th day of February, 2018, I electronically filed the forgoing Answer with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Christine T. Dinan | Theodore A. Howard (*pro hac vice*) |
| VSB No. 84556 | Bradley c. Tobias |
| Hannah M. Lieberman (*pro hac vice*) | VSB No. 88046 |
| Jonathan M. Smith (*pro hac vice*) | Wiley Rein LLP |
| Matthew K. Handley (*pro hac vice*) | 1776 K Street, NW |
| Washington Lawyers Committee for Civil Rights and Urban Affairs | Washington, D.C. 20006 |
| 11 Dupont Circle, NW, Suite 400　Washington, D.C. 20036 | Telephone: (202) 719-7120　toward@wileyrein.com |
| Telephone: (202) 319-1000 | *btobias@wileyrein.com* |
| Facsimile (202) 319-1010 | |
| christine_dinan@washlaw.org | *Attorneys for Plaintiffs John Doe 1, John Doe 2, and John Doe 3* |
| hannah_lieberman@washlaw.org | |
| jonathan_smith@washlaw.org | |
| matthew_handley@washlaw.org | |

　　　　　　　　　　　　　　　　　　　/S/ Jason A. Botkins
　　　　　　　　　　　　　　　　　　　*Counsel for Shenandoah Valley*
　　　　　　　　　　　　　　　　　　　*Juvenile Center Commission*