IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| JOHN DOE 1, *et al.*, by and through their next friend, NELSON LOPEZ, on behalf of themselves and all persons similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>SHENANDOAH VALLEY JUVENILE CENTER COMMISSION,<br><br>*Defendant*. | Civil No. 5:17-cv-00097-EKD<br>Judge Elizabeth K. Dillon |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' CONSENT MOTION TO FILE DECLARATIONS UNDER SEAL

Plaintiffs John Doe 1, *et al.*, by and through their next friend, Nelson Lopez, by their undersigned attorneys, submit this Motion seeking leave to file certain Declarations in support of their Motion for Preliminary Injunction under seal, pursuant to Fed. R. Civ. P. 5.2(d) and Rule 9 of the Local Rules of the Western District of Virginia.

Under the scheduling order entered by the Court on January 19, 2018, Plaintiffs will file their Motion for Preliminary Injunction no later than February 28, 2018. As support for their Motion for Preliminary Injunction, Plaintiffs intend to attach as exhibits, and rely upon, their own sworn Declarations as well as sworn Declarations from immigrant youths who are or have previously been detained at Shenandoah Valley Juvenile Center ("SVJC"), detailing the abusive treatment to which they have been or are now subjected during their confinement. This Court has previously recognized that the highly sensitive and personal nature of the information divulged by the minor Plaintiffs in this case warranted the additional protection of permitting them to proceed anonymously. *See* ECF Dkt. No. 12; ECF Dkt. No. 24. Consistent with these orders, Plaintiffs

1

John Doe 1, John Doe 2, and John Doe 3 seek leave to file their own signed Declarations under seal. Because the information shared by the non-party declarants, detailing abuses that they experienced as minor children, is similarly sensitive, highly personal, and potentially perilous if publicly disclosed, Plaintiffs also seek leave to file the Declarations of these non-party individuals under seal.

Defendant consents to this Motion, and all parties agree to submission of the Motion without a hearing. The legal authority and bases for the Order requested are set forth below.

## LEGAL STANDARD

Rule 5.2 of the Federal Rules of Civil Procedure grants certain privacy protections to filings made with the Court, including the requirement that individuals' social security numbers, birth dates, and financial accounts be redacted, and that minor children be identified only by their initials. Fed. R. Civ. P. 5.2(a). Other sensitive personal information may be filed under seal by order of the Court. Fed. R. Civ. P. 5.2(d). Pursuant to Rule 9 of the General Local Rules of the Western District of Virginia, in order to obtain such an order, a party must file a written motion containing (1) a generic, non-confidential identification of the document to be sealed; (2) the bases upon which the party seeks the order, including the reasons why alternatives to sealing are inadequate; and (3) the duration for which sealing is requested. W.D. Va. Loc. Gen. R. 9(b)(2).

## ARGUMENT

### I. Identification of the Documents to be Sealed

Plaintiffs seek to file their own sworn Declarations as well as sworn Declarations from immigrant youths who are or have previously been detained at SVJC, which will be attached as exhibits to their Motion for Preliminary Injunction, under seal. Such documents detail the declarants' mental health diagnoses and treatment (or lack thereof), highly personal and

2

humiliating events, and prior trauma.  As this Court has previously recognized in permitting Plaintiffs to proceed anonymously, these are extraordinarily personal matters, deserving rigorous privacy protections.

## II. These Documents are Appropriate for Sealing

### a. Declarants Seek To Protect Matters of A Highly Sensitive and Personal Nature From Public Disclosure

The information contained in the Declarations that will be filed in support of Plaintiffs' Motion for Preliminary Injunction is of the most sensitive and personal nature.  Consistent with the allegations in Plaintiffs' Amended Complaint, the Declarations of Plaintiffs and former SVJC detainees detail their histories of mental illness, psychological crises, and horrific and often humiliating abuses to which they were subjected while they were detained at SVJC.  The intensely personal nature of such disclosures was recognized as a basis to permit Plaintiffs to proceed in this action by fictitious name, to prevent them from harmful stigmatization, re-traumatization, and possible retaliation should such information become publicly linked with their identities.  *See Doe v. Hartford Life & Acc. Ins. Co.,* 237 F.R.D. 545, 550 (D.N.J. 2006) ("There is a substantial public interest in ensuring . . . the rights of mental illness sufferers are represented fairly and without the risk of stigmatization.").

The privacy interests of the non-party declarants are no less compelling; indeed, they are even more deserving of the Court's protection because the declarants are not parties to this action. *See Sahoo v. Gleaton,* No. 5:16-CV-00153-F, 2017 U.S. Dist. LEXIS 9299, at *4 (E.D.N.C. Jan. 24, 2017) (noting, in response to an allegation that minors had waived their right to use only their initials per Fed. R. Civ. P. 5.2, that "it is significant that the minors at issue here are not parties to this action, heightening their privacy interests . . . ."). These individuals have shared their experiences in the hopes of preventing other youths from being subjected to similar harms, and

3

not for any personal gain. For this, they are certainly deserving of the Court's protection in shielding their identities from public disclosure.

### b. Declarants Describe Events that Occurred While they were Minor Children

Although some of the declarants have now reached the age of 18, each of them describe events that occurred while they were minor children. Thus, consistent with Rule 5.2(a), Fed. R. Civ. P., and the ample case law supporting privacy protections for minor children, the declarants should be permitted to shield their identities from public disclosure. *See, e.g., Plyler v. Doe*, 457 U.S. 202 (1982) (immigrant children allowed to sue school district anonymously); *Doe v. Stegall*, 653 F. 2d 180, 186 (5th Cir. 1981) (noting that the "special status and vulnerability of . . . child-litigants" is an "especially persuasive" factor weighing in favor of anonymity); *Doe* v. *Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (allowing a young college-age student to proceed anonymously in suit against school officials). The declarants' youth at the time of the events that they describe is certainly an appropriate basis for permitting their signed, sworn Declarations to be submitted under seal. *See Mears v. Atl. Southeast Airlines, Inc.,* No. 5:12-CV-613-F, 2014 U.S. Dist. LEXIS 142571, *7 (E.D.N.C. Oct. 7, 2014) ("Courts have repeatedly held that minors' privacy interests in medical and financial information . . . overcome the common law right of access in granting motions to seal.")

### c. Plaintiffs' Request to Redact Only their Names is Narrowly Tailored

Finally, Plaintiffs note that their request for sealing is narrowly tailored to protect the privacy interests at stake. Plaintiffs readily concede that there is a public interest in granting access to the substance of these Declarations, and they seek only to withhold the identities of the declarants. Consequently, Plaintiffs' request is limited: they propose to file the signed, unredacted Declarations under seal, and to file redacted versions, which identify the declarants only by their

4

initials (and which identify the Plaintiffs only by their fictitious names), in the public record. Plaintiffs will provide copies of the unredacted Declarations to Defendant.[1]

Because Plaintiffs do not seek to seal the entirety of the Declarations, and their proposal conforms to the requirements of Rule 5.2(a), Plaintiffs submit that there are no less restrictive alternatives to sealing that would protect the privacy interests of the declarants. *Cf. Bell v. Shinseki,* No. 1:12-CV-57, 2013 U.S. Dist. LEXIS 86896, at *28 (M.D. Tenn. June 20, 2013) (emphasizing the importance of narrowly tailoring a request to seal certain documents).

### III. Plaintiffs Request that these Documents Remain Indefinitely Sealed

Plaintiffs request that the protections requested herein remain in place indefinitely, as the sensitivity of the information disclosed will not wane as the litigation moves forward; indeed it is unlikely that the privacy interests of the declarants will diminish with time. Retaining such indefinite protections for records associated with minor children is consistent with the statutory provisions protecting juvenile court records from disclosure under Virginia state law. *See* Va. Code §§ 16.1-300; 16.1-301; 16.1-305. Plaintiffs request that similar protections be afforded to protect the unredacted Declarations from later becoming unsealed.

### **CONCLUSION**

Given the highly sensitive and personal nature of the experiences described; the fact that such experiences occurred when the declarants were children; the fact that this request is narrowly tailored to protect the privacy interests at stake; and that Defendant and the public are not deprived of relevant information; Plaintiffs' request to seal the identities of the non-party declarants whose

---

[1] Plaintiffs have also filed a Motion seeking the entry of a protective order to limit the further dissemination of the declarants' identities by the Defendant when they receive this information in the course of discovery. *See* ECF Dkt. No. 27. Although the relief requested herein is similar in that it is also designed to protect the declarants from any adverse consequences that may stem from the disclosure of their identities, it is different in that Plaintiffs are requesting sealing to protect certain identity information from documents that otherwise will be filed on the public docket from disclosure to the wider public.

5

Case 5:17-cv-00097-EKD-JCH   Document 29   Filed 02/23/18   Page 5 of 6   Pageid#: 176

statements will be used in support of their Motion for Preliminary Injunction is reasonable and well-supported. Moreover, Defendant has consented to the relief sought herein.

For these and all of the reasons discussed herein, Plaintiffs respectfully request that this Court grant their Motion to File Declarations Under Seal.

Dated: February 23, 2018

Respectfully submitted,

By: /s/ Christine T. Dinan
Christine T. Dinan (VSB No. 84556)
Hannah M. Lieberman (admitted *pro hac vice*)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS AND
URBAN AFFAIRS
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
(202) 319-1000 (telephone)
(202) 319-1010 (facsimile)
christine_dinan@washlaw.org
hannah_lieberman@washlaw.org

Theodore A. Howard (admitted *pro hac vice*)
Bradley C. Tobias (VSB No. 88046)
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
(202) 719-7120 (telephone)
thoward@wileyrein.com
btobias@wileyrein.com

*Attorneys for Plaintiffs*