# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Harrisonburg Division

| | |
|---|---|
| JOHN DOE 1, *et al.,* by and through their next friend, NELSON LOPEZ, on behalf of themselves and all persons similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>SHENANDOAH VALLEY JUVENILE CENTER COMMISSION,<br><br>*Defendant.* | Civil No. 5:17-cv-00097-EKD/JCH<br>Judge Elizabeth K. Dillon |

## PLAINTIFFS' CONSENT MOTION FOR ENTRY OF
## PROPOSED ORDER REGARDING CLASS CERTIFICATION

Plaintiffs John Doe 1, *et al.*, by and through their next friend, Nelson Lopez, by their undersigned attorneys, hereby move this Court, subject to the express consent of Defendant Shenandoah Valley Juvenile Center Commission, for the entry of an Order in the form attached hereto as Exhibit 1, reflecting that this case shall proceed as a certified class action pursuant to Rule 23(b)(2), Fed. R. Civ. P.

The parties are in agreement that this action, as framed by the allegations and claims set forth in the Plaintiffs' Amended Complaint, satisfies the elements required by Rule 23(a)(1)-(4) and Rule 23(b)(2), and they respectfully request that this Court endorse and adopt the findings and conclusions set forth in Exhibit 1 and certify this case as a class action accordingly.

DATED:     May 4, 2018

>Respectfully submitted,
>
>Christine T. Dinan (VSB No. 84556)
>christine_dinan@washlaw.org
>Hannah M. Lieberman (admitted *pro hac vice*)
>hannah_Lieberman@washlaw.org
>WASHINGTON LAWYERS'
>COMMITTEE FOR CIVIL RIGHTS
>AND URBAN AFFAIRS
>11 Dupont Circle, NW, Suite 400
>Washington, D.C. 20036
>(202) 319-1000 (telephone)
>(202) 319-1010 (facsimile)
>
>Theodore A. Howard (admitted *pro hac vice*)
>thoward@wileyrein.com
>Bradley C. Tobias (VSB No. 88046)
>btobias@wileyrein.com
>WILEY REIN LLP
>1776 K Street NW
>Washington, D.C. 20006
>(202) 719-7120 (telephone)
>(202) 719-7049 (facsimile)
>
>By: _/s/ Theodore A. Howard_
>Theodore A. Howard
>
>*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May 2018, true and correct copies of the foregoing Plaintiff's Consent Motion for Entry Of Proposed Order Regarding Class Certification and attached Order were served *via* the Court's electronic case filing system upon the following:

> Jason A. Botkins, Esq.
> Melisa G. Michelsen, Esq.
> LITTEN & SIPE, L.L.P.
> 410 Neff Ave.
> Harrisonburg, VA 22801-3434
> jason.botkins@littensipe.com
> melisa.michelsen@littensipe.com

Attorneys for Defendant

_____
Theodore A. Howard

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

JOHN DOE, *et al.,* by and through their next friend, NELSON LOPEZ, on behalf of themselves and all persons similarly situated,

*Plaintiffs,*

v.

SHENANDOAH VALLEY JUVENILE CENTER COMMISSION,

*Defendant.*

Civil No. 5:17-cv-00097-EKD/JCH
Judge Elizabeth K. Dillon

## ORDER

This matter comes before the Court for decision on the Consent Motion of Plaintiffs John Doe 1, *et al.*, for Approval of Stipulation Regarding Rule 23(b)(2) Class Certification.

The Court having reviewed the alleged facts and circumstances of the Plaintiffs' First Amended Complaint relevant to the assessment of whether the conditions required under Rule 23(a)(1)-(4), Fed. R. Civ. P., and Rule 23(b)(2), Fed. R. Civ. P., are met, and having concluded in accordance with the agreement of the parties, that these requirements are satisfied, the Court hereby finds and concludes as follows:

1. The number of unaccompanied alien children (UACs) detained at Shenandoah Valley Juvenile Center (SVJC) meets the "numerosity" requirement of Rule 23(a)(1), as joinder of all of the immigrant detainees at SVJC would be impracticable. *See, e.g., Talbott v. GC Servs. Ltd. P'ship*, 191 F.R.D. 91, 102 (W.D. Va. 2000) (for proposed class exceeding 25 persons, joinder is presumptively impracticable); *Knight v. Lavine*, Case No. 1:12-cv-611, 2013 WL

427880, at *2 (E.D. Va. Feb. 4, 2013) ("The Fourth Circuit has affirmed certification for classes as small as 18 people." (Citation omitted.)).

2. The causes of action and claims for relief alleged by the Plaintiffs on behalf of the proposed class implicate one or more questions of facts and/or law that are common to the proposed class as a whole, such as, for example:

> a. Plaintiffs' allegation that SVJC subjects the members of the proposed class to excessive forms of physical force and excessive punishment in the use of restraints and solitary confinement; and
>
> b. Plaintiffs' allegation that the modes of punishment imposed by SVJC upon the members of the proposed class violate their substantive due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

Such common questions of fact and law satisfy the "commonality" requirement of Rule 23(a)(2). *See Walmart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (noting that "[e]ven a single [common] question" of law or fact will suffice to satisfy the requirements of Rule 23(a)(2)). *See also McGlothlin v. Connors*, 142 F.R.D. 626, 633 (W.D. Va. 1993) ("[S]uits for injunctive relief by their very nature present common questions of law and fact.").

3. Where "[t]he representative [parties], in prosecuting [their] own case . . . simultaneously tend to advance the interests of the absent class members," the "typicality" requirement of Rule 23(a)(3) is satisfied. *Soutter v. Equifax Info. Servs. LLC*, 498 F. App'x 260, 264 (4th Cir. 2012); *Dieter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006). Here, if Plaintiffs John Doe 1, John Doe 2 and John Doe 3 succeed in proving their allegations, the resulting declaratory and injunctive relief would benefit them and the other UACs who are or will be detained at SVJC alike. The "typicality" criterion of Rule 23(a)(3) is met here.

4. The named Plaintiffs do not have any interests in conflict with the interests of the proposed class as a whole. Nor do they seek relief for themselves different in character from the

2

relief sought for the class. Moreover, the named Plaintiffs represent that they are committed to the responsibility of vigorously pursuing a favorable outcome for themselves and those on whose behalf the case was brought, and they are represented by competent counsel with substantial civil rights and class action experience. Accordingly, the requirement of Rule 23(a)(4) that the class representatives will fairly and adequately represent the interests of the entire class is satisfied here.

5. In addition to meeting the requirements of Rule 23(a)(1)-(4), parties seeking class certification must also satisfy at least one of the components of Rule 23(b). Here, the Plaintiffs have met the requirements of Rule 23(b)(2), under which certification is proper where

> [t]he party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

Here, the Plaintiffs contend that the alleged unconstitutional conditions of confinement at SVJC of which they complain are imposed upon the entire population of UACs detained at the facility. Such declaratory or injunctive relief as the Plaintiffs achieve on the basis of the claims asserted, if any, would benefit the entire class equally. As a result, class certification pursuant to Rule 23(b)(2) is appropriate.

6. Based on these findings and conclusions, as to which the parties are in agreement, the Court hereby certifies a class consisting of the following:

> All unaccompanied alien children (UACs) who are currently detained or will be detained in the future at Shenandoah Valley Juvenile Center and who either: (i) have been, are or will be subject to the disciplinary policies and practices utilized by SVJC staff; or (ii) have needed, currently need or will in the future need care and treatment for mental health problems while detained at SVJC.

7. This case shall, accordingly, proceed as a Rule 23(b)(2) class action.

3

**SO ORDERED** this ___ day of _____ 2018.

> _____
> The Hon. Elizabeth K. Dillon
> United States District Judge