IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| JOHN DOE 1, *et al.*, by and through their next friend, NELSON LOPEZ, on behalf of themselves and all persons similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**SHENANDOAH VALLEY JUVENILE CENTER COMMISSION**,<br><br>*Defendant.* | CIVIL ACTION<br><br>Case No.: 5:17-cv-00097-EKD<br><br>Honorable Elizabeth K. Dillon |

## BRIEF IN SUPPORT OF DEFENDANT'S CONSENT MOTION FOR PROTECTIVE ORDER

Defendant Shenandoah Valley Juvenile Center Commission ("SVJC"), by counsel, submits this Brief in Support of its Consent Motion For Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

## BACKGROUND

This case involves constitutional claims by Plaintiffs against SVJC based upon allegations of excessive use of force and restraints, failure to provide adequate mental health treatment, and discrimination on the basis of race and national origin. In the course of discovery, Plaintiffs served interrogatories and requests for production seeking information and documents regarding the detention of other youth at SVJC. Plaintiffs' discovery requests seek information not only about Plaintiffs and class members, but also about other juveniles housed at SVJC from October 4, 2015, to present. In addition, Plaintiffs have requested records from the personnel files of dozens of current and former SVJC employees for the same time period.

1

SVJC has provided Plaintiffs with all responsive information and materials in its possession, custody, or control which are responsive to Plaintiffs' discovery requests. However, SVJC seeks restrictions on the further disclosure of two categories of information disclosed to Plaintiffs. First, SVJC seeks to restrict further disclosure of information regarding the identities of youth detained at SVJC so that such information may be disclosed only as necessary for the prosecution and defense of this case. Secondly, SVJC seeks to prohibit the further disclosure of the identities of three SVJC employees who have lodged complaints of sexual harassment against coworkers. The parties have conferred by email and telephone regarding SVJC's request to restrict further dissemination of the information described above. Plaintiffs have consented to SVJC's Motion, SVJC's proposed Order, and to a ruling without a hearing.

## ARGUMENT

When good cause is shown, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" arising from discovery. Fed. R. Civ. Pro. 26(c). The United States Supreme Court has characterized privacy rights and other rights as "implicit in the broad purpose and language of the Rule." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984).

**(a) The identification information of youth detained at SVJC should not be disclosed to third parties except as necessary for the prosecution and defense of this case.**

SVJC has disclosed the names, images, and disciplinary records of dozens of juveniles who have been detained at SVJC during the time period requested by Plaintiffs. SVJC requests that the identification information of juveniles who have been detained at SVJC be disclosed only as necessary for the investigation, prosecution, and defense of this case, and that appropriate measures be observed to prevent further disclosure. This Court has previously recognized that the sensitive and personal nature of the information divulged by the minor Plaintiffs in this case

2

warrants the protection of permitting them to proceed anonymously (ECF Dkt. Nos. 12 and 24). In addition, the Court granted motions by Plaintiffs and Defendant to file certain declarations under seal to protect the identities of Plaintiffs and others (ECF Dkt. Nos. 30 and 43). Further, the parties agreed to a Protective Order that restricts the disclosure of the identification information of Plaintiffs and others to most third parties (ECF Dkt. No. 41). SVJC now seeks similar protection on the same grounds for other juveniles whose information has been or will be divulged in the course of discovery.

Juveniles detained at SVJC are protected by confidentiality requirements imposed under both state and federal law. The case files for all SVJC residents are protected as confidential pursuant to 6 Va. Admin. Code § 35-101-330(C). The general protection afforded by Virginia law is consistent with other provisions that protect juvenile records from disclosure. *See, e.g.,* Va. Code § 16.1-300 (confidentiality of social, medical, psychiatric, and psychological records and reports pertaining to juveniles); Va. Code § 16.1-301 (confidentiality of juvenile law-enforcement records); Va. Code § 16.1-302(C) (general public is excluded from all juvenile court hearings); and Va. Code § 16.1-305 (confidentiality of juvenile court records). In addition to being protected under Virginia law, the case files for Plaintiffs and other class members are protected as confidential pursuant to the regulations of the Office of Refugee Resettlement. *See ORR Policy Guide, Section* 5.3.2. Any benefit to the parties of freely disclosing such information is outweighed by the privacy interests of past and present juvenile residents and the policy judgments reflected in state and federal law.

**(b)** **The identities of three SVJC employees who have lodged complaints of sexual harassment against coworkers should be protected from further disclosure.**

As mentioned above, Plaintiffs have requested personnel records for dozens of SVJC employees in the course of discovery. The records produced to Plaintiffs in response to their

3

requests include reports of sexual harassment made by three SVJC employees against coworkers. The coworkers named in the complaints are no longer employed by SVJC. However, the individuals who lodged the complaints remain employed at SVJC and their reports have not been disclosed to staff or other third parties. The disclosure of their identities to SVJC staff and third parties would unnecessarily impose additional annoyance, embarrassment, and other hardship on the victims of the reported conduct. In addition, such disclosure would create a chilling effect on employees who wish to report such misconduct in the future. After reviewing the pertinent allegations and claims of this case, it is difficult to conceive how disclosing the identities of victims of sexual harassment would be necessary or relevant in this case. With that in mind, SVJC requests that those identities be protected from further disclosure.

## **CONCLUSION**

As set forth above, and for good cause shown, Defendant Shenandoah Valley Juvenile Center Commission, by counsel, respectfully requests that the Court grant its Consent Motion for Protective Order and enter the Protective Order filed therewith.

> **Respectfully submitted,**
> **SHENANDOAH VALLEY JUVENILE**
> **CENTER COMMISSION**
> *By Counsel*

4

**LITTEN & SIPE L.L.P.**

By: /S/ Jason A. Botkins
    Jason A. Botkins
    Melisa G. Michelsen

Virginia State Bar No. 70823
Virginia State Bar No. 40001
410 Neff Avenue
Harrisonburg, Virginia  22801-3434
Telephone:   (540) 434-5353
Facsimile:    (540) 434-6069
Email: jason.botkins@littensipe.com
Email: melisa.michelsen@littensipe.com

*Counsel for Defendant Shenandoah Valley Juvenile Center Commission*

# CERTIFICATE

I certify that on the 21st day of May, 2018, I electronically filed the forgoing Brief in Support of Consent Motion for Protective Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Christine T. Dinan | Theodore A. Howard (*pro hac vice*) |
| Matthew K. Handley (*pro hac vice*) | Bradley C. Tobias |
| Hannah M. Lieberman (*pro hac vice)* | Wiley Rein LLP |
| Jonathan M. Smith (*pro hac vice*) | 1776 K Street, NW |
| Washington Lawyers Committee for Civil Rights and Urban Affairs | Washington, D.C. 20006 |
| 11 Dupont Circle, NW, Suite 400 Washington, D.C. 20036 | Telephone: (202) 719-7120 |
| Telephone: (202) 319-1000 | Facsimile: (202) 719-7049 |
| Facsimile: (202) 319-1010 | thoward@wileyrein.com |
| christine_dinan@washlaw.org | btobias@wileyrein.com |
| matthew_handley@washlaw.org | |
| hannah_lieberman@washlaw.org | |
| jonathan_smith@washlaw.org | |
| *Attorneys for Plaintiffs John Doe 1, John Doe 2, and John Doe 3* | |

                                                  /S/ Jason A. Botkins
*Counsel for Defendant Shenandoah Valley Juvenile Center Commission*