CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
6/27/2018
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, by and through their next friend, NELSON LOPEZ, on behalf of themselves and all persons similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 5:17-cv-00097<br>)<br>) By: Elizabeth K. Dillon |
| SHENANDOAH VALLEY JUVENILE CENTER COMMISSION, | )     United States District Judge<br>)<br>) |
| Defendant. | ) |

## ORDER CERTIFYING CLASS

Plaintiffs John Does 1–3, Latino immigrant youths who are, or may in the future be, confined to the Shenandoah Valley Juvenile Center (SVJC), bring this action under 42 U.S.C. § 1983. Plaintiffs assert that they represent a class of immigrant children who have suffered verbal and physical abuse by SVJC staff; received constitutionally inadequate mental health care; and been subjected to inappropriate confinement and seclusion while detained at SVJC. (Am. Compl. ¶ 2, Dkt. No. 22.) They seek declaratory and injunctive relief. (*Id.* ¶ 3.) This matter is before the court on plaintiffs' consent motion for entry of a proposed order regarding class certification. (Dkt. No. 53.) The motion indicates the parties' agreement that plaintiffs' amended complaint satisfies the elements required by Federal Rule of Civil Procedure 23 and asks the court to certify the case as a class action accordingly.

To be certified, a proposed class must satisfy the four requirements of Federal Rule of Civil Procedure 23(a) and one of the three sub-parts of Rule 23(b). *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 318 (4th Cir. 2006) (citations omitted). Having reviewed plaintiffs' first

amended complaint, the court concludes that these requirements are satisfied.

For a class to meet the first requirement of Rule 23(a), it must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The amended complaint's assertion that there are approximately 30 unaccompanied immigrant minors under detention at SVJC (Am. Compl. ¶ 1) satisfies this requirement. *See, e.g.*, *Talbott v. GC Servs. Ltd.*, 191 F.R.D. 99, 102 (W.D. Va. 2000) ("Where the class is twenty-five or more, joinder is usually presumed impracticable.") (citation omitted); *Knight v. Lavine*, No. 1:12-cv-611, 2013 WL 427880, at *2 (E.D. Va. Feb. 4, 2013) ("The Fourth Circuit has affirmed certification for classes as small as 18 people.") (citation omitted).

Second, "commonality" requires the presence of questions of law or fact common to the class, Fed. R. Civ .P. 23(a)(2), such that "classwide resolution" can be provided "in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "[S]uits for injunctive relief by their very nature present common questions of law and fact." *McGlothlin v. Connors*, 142 F.R.D. 626, 633 (W.D. Va. 1992). Plaintiffs' causes of action implicate questions of fact and/or law that are common to the proposed class as a whole, such as plaintiffs' allegations that SVJC subjects the members of the proposed class to excessive force (Am. Compl. ¶ 72) and that SVJC treats members of the proposed class differently from Caucasian youth detained at the facility on the basis of race (*id.* ¶ 164).

Third, "typicality" requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so go the claims of the class.'" *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006) (citation omitted). Thus, in pursuing their own case, the representative parties "must

simultaneously tend to advance the interests of the absent class members." *Id*. The typicality requirement tends to merge with that of commonality. *Id*. Here, plaintiffs meet the typicality requirement for the same reason that they meet the commonality requirement—the declaratory and injunctive relief sought would benefit all class members alike.

Finally, "adequacy of representation" requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry . . . serves to uncover conflicts of interest between named parties and the class they seek to represent." *Monroe v. City of Charlottesville*, No. 3:05-cv-74, 2007 WL 2461746, at *2 (W.D. Va. Aug. 27, 2007) (quotations omitted). This inquiry also tends to merge with the preceding inquiries into commonality and typicality. *Id*. A conflict must be fundamental to defeat adequacy of representation; a conflict is not fundamental when all class members "share common objectives and the same factual and legal positions and have the same interest in establishing the liability of defendants." *Ward v. Dixie Nat'l Life Ins. Co.*, 595 F.3d 164, 180 (4th Cir. 2010) (internal alterations and quotations omitted). Finally, in addition to inquiring into the named plaintiffs themselves, the adequacy requirement also contemplates the conflicts and competency of class counsel. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997). The named plaintiffs, who represent that they are committed to vigorously pursuing a favorable outcome, do not have interests in conflict with the interests of the proposed class as a whole, nor do they seek relief for themselves different in character from the relief sought for the class. As to class counsel, plaintiffs note that their counsel has had "substantial civil rights and class action experience" (Pls.' Mot. 7, Dkt. No. 53), and defendants do not dispute these qualifications. Thus, the court finds that the requirements of Rule 23(a)(4) are satisfied.

Having determined that each of the Rule 23(a) requirements is satisfied, the court turns to Rule 23(b). In addition to meeting the requirements of Rule 23(a), a class must also qualify under one of the three "types" of classes set forth in Rule 23(b). *Gray v. Hearst Commc'ns, Inc.*, 444 F. App'x 698, 700 (4th Cir. 2011). Plaintiffs seek to pursue their claims as a Rule 23(b)(2) class. Class certification pursuant to Rule 23(b)(2) is appropriate when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiffs assert that the alleged unconstitutional conditions of confinement at SVJC are imposed upon the entire population of unaccompanied alien children (UACs) detained at the facility. As noted above, the declaratory and injunctive relief sought would benefit all class members alike. Accordingly, class certification under Rule 23(b)(2) is appropriate.

Based on the foregoing reasons, the court GRANTS plaintiffs' consent motion (Dkt. No. 53) and CERTIFIES this matter as a CLASS ACTION. Pursuant to the parties' agreement and the court's review, the class is defined as follows:

> Latino[1] unaccompanied alien children (UACs)[2] who are currently detained or will be detained in the future at Shenandoah Valley Juvenile Center who either: (i) have been, are, or will be subject to the disciplinary policies and practices used by SVJC staff; or (ii) have needed, currently need, or will in the future need care and treatment for mental health problems while detained at SVJC.

---

[1] Although the consent motion frames the class as "all" unaccompanied alien children, Does 1–3 are Latino immigrant youths who claim, in part, that they and other similarly situated youth have been treated differently due to defendant's discrimination on the basis of their race. (Am. Compl. ¶¶ 1, 57, 61, 64, 164.) Thus, the court certifies a class of "Latino," rather than "all," unaccompanied alien children. *See EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014) ("A class cannot be certified unless a court can readily identify the class members in reference to objective criteria.").

[2] An unaccompanied alien child is a child who: "(A) has no lawful immigration status in the United States; (B) has not attained 18 years of age; and (C) with respect to whom . . . (i) there is no parent or legal guardian in the United States; or (ii) no parent or legal guardian in the United States is available to provide care and physical custody." 6 U.S.C. § 279(g)(2).

4

The court hereby appoints the named plaintiffs as class representatives and plaintiffs' counsel of record as class counsel.

The clerk is directed to send a copy of this order to all counsel of record.

Entered: June 27, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge