IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| **JOHN DOE 4, by and through his next friend, NELSON LOPEZ, on behalf of himself and all persons similarly situated,** | **CIVIL ACTION** |
| *Plaintiff,* | |
| v. | Case No.: 5:17-cv-00097-EKD |
| **SHENANDOAH VALLEY JUVENILE CENTER COMMISSION**, | Honorable Elizabeth K. Dillon |
| *Defendant.* | |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant Shenandoah Valley Juvenile Center Commission, by counsel, responds to the Second Amended Class Action Complaint ("SAC") filed by Plaintiff John Doe 4, by and through his next friend, Nelson Lopez, on behalf of himself and all persons similarly situated, and answers as follows:

1. With respect to Paragraph 1 of the SAC:

(a) Defendant admits that Plaintiff and alleged class members are Latino immigrant youths who are, or in the future may be, housed at the Shenandoah Valley Juvenile Center ("SVJC");

(b) Defendant admits that Plaintiff crossed the United States border from Mexico without authorization;

(c) Defendant admits that Plaintiff is housed at SVJC under the authority of the Office of Refugee Resettlement ("ORR") of the U.S. Department of Health and Human Services; and

1

(d) Defendant denies all remaining allegations of Paragraph 1 of the SAC.

2. Defendant denies the allegations of Paragraph 2 of the SAC.

3. Defendant admits only that Paragraph 3 of the SAC summarizes the relief sought by Plaintiff. Defendant expressly denies that Plaintiff and the class members are entitled to the requested relief.

4. Defendant denies the allegations of Paragraph 4 of the SAC to the extent they apply to SVJC. To the extent the allegations refer to other facilities, Defendant lacks knowledge or information sufficient to form a belief as to their truth. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

5. Defendant denies the allegations of Paragraph 5 of the SAC to the extent they apply to SVJC. To the extent the allegations refer to other facilities, Defendant lacks knowledge or information sufficient to form a belief as to their truth. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

6. Defendant admits the allegation of Paragraph 6 of the SAC.

7. Defendant denies the allegations of Paragraph 7 of the SAC and avers that Plaintiff previously worked and resided in Florida before repatriating to his home country and then attempting to return to the United States to support his daughter and family.

8. Defendant admits the allegations of Paragraph 8 of the SAC.

9. Defendant admits the allegation of Paragraph 9 of the SAC.

10. Defendant admits only that Doe 4 was transferred to SVJC on or around December 1, 2017, and that Doe 4 has not tried to escape from detention. Defendant denies all remaining allegations of Paragraph 10 of the SAC.

11. Defendant admits the allegations of Paragraph 11 of the SAC.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the SAC. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the SAC. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the SAC. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the SAC. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

16. Defendant admits only that ORR places unaccompanied alien children ("UAC") who require secure settings due to safety concerns at SVJC and other secure facilities. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 of the SAC. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

17. Defendant denies the allegations of Paragraph 17 of the SAC to the extent they apply to SVJC. To the extent the allegations refer to other facilities, Defendant lacks knowledge or information sufficient to form a belief as to their truth. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

18. Defendant denies the allegations of Paragraph 18 of the SAC.[1]

19. Defendant admits the allegations of Paragraph 19 of the SAC.

20. Defendant admits the allegations of Paragraph 20 of the SAC.

21. The allegations of Paragraph 21 of the SAC consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

22. The allegations of Paragraph 22 of the SAC consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

23. The allegations of Paragraph 23 of the SAC consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

24. Defendant admits only that SVJC houses a population that includes UACs and United States citizen youth, some of whom have been adjudicated delinquent. Defendant denies all remaining allegations of Paragraph 24 of the SAC.

25. Defendant admits only that ORR is the division of the U.S. Department of Health and Human Services that is directly responsible for UAC and that ORR has a cooperative agreement with Defendant to house children whom ORR determines are UACs that require detention in secure care. Defendant denies all remaining allegations of Paragraph 25 of the SAC.

26. Defendant admits the allegations of Paragraph 26 of the SAC.

27. With respect to Paragraph 27 of the SAC:

---

[1] Paragraph 18 of the SAC includes a footnote referencing allegations by former Plaintiffs John Doe 1, 2, and 3 in the First Amended Class Action Complaint and in affidavits in support of Plaintiffs' Motion for Preliminary Injunction. Those allegations lack an existing factual foundation based upon discovery responses (or the lack thereof) by the former plaintiffs and their voluntary unavailability and/or unwillingness to participate further in this case. *See* ECF Nos. 26, 45, and 66.

4

(a) Defendant admits that ORR's explanation for its decision to place a child in a secure facility must be made in writing and made available to the child;

(b) Defendant admits that ORR's evaluations are revisited at regular intervals; and

(c) Defendant denies all remaining allegations of Paragraph 27 of the SAC.

28. Defendant admits only that children are not permitted to freely move about the facility. Defendant denies all remaining allegations of Paragraph 28 of the SAC.

29. Defendant denies the allegations of Paragraph 29 of the SAC.

30. Defendant admits only that each child is assigned to a room with a mattress, a sink, and a toilet, and that there is no wall or divider enclosing the bathroom area. Defendant denies the allegation that the rooms are undivided so that staff can see children use the toilet and denies any remaining allegations of Paragraph 30 of the SAC.

31. Defendant admits only that some children have placed paper over the window to obscure the view from outside the room and that staff have removed the paper when a child does not respond to staff during a safety check. Defendant denies all remaining allegations of Paragraph 31 of the SAC.

32. Defendant admits the allegations of Paragraph 32 of the SAC.

33. Defendant admits only that there are metal tables and chairs in the common area of each pod. Defendant denies all remaining allegations in Paragraph 33 of the SAC.

34. Defendant denies the allegations of Paragraph 34 of the SAC.

35. Defendant denies the allegations of Paragraph 35 of the SAC.

36. Defendant admits the allegations of Paragraph 36 of the SAC.

37. Defendant admits only that there is a point system in place to reward children for good behavior. Defendant denies all remaining allegations in Paragraph 37 of the SAC.

5

38. Defendant denies the allegations of Paragraph 38 of the SAC.

39. Defendant admits only that the majority of SVJC staff members are Caucasian and do not speak Spanish. Defendant denies breaching any requirement of SVJC's contract with ORR and denies any remaining allegations of Paragraph 39 of the SAC.

40. Defendant denies the allegations of Paragraph 40 of the SAC.

41. Defendant denies the allegations of Paragraph 41 of the SAC.

42. Defendant denies the allegations of Paragraph 42 of the SAC.

43. Defendant denies the allegations of Paragraph 43 of the SAC.

44. Defendant denies the allegations of Paragraph 44 of the SAC.

45. Defendant denies the allegations of Paragraph 45 of the SAC.

46. Defendant admits only that the majority of the local juvenile offenders detained at SVJC are Caucasian and were born in the U.S. Defendant denies all remaining allegations of Paragraph 46 of the SAC.

47. Defendant denies the allegations of Paragraph 47 of the SAC.

48. Defendant denies the allegations of Paragraph 48 of the SAC.

49. Defendant denies the allegations of Paragraph 49 of the SAC.

50. Defendant denies the allegations of Paragraph 50 of the SAC.

51. Defendant denies the allegations of Paragraph 51 of the SAC.

52. Defendant denies the allegations of Paragraph 52 of the SAC.

53. Defendant denies the allegations of Paragraph 53 of the SAC.

54. Defendant denies the allegations of Paragraph 54 of the SAC.

55. Defendant denies the allegations of Paragraph 55 of the SAC.

56. Defendant denies the allegations of Paragraph 56 of the SAC.

57. Defendant denies the allegations of Paragraph 57 of the SAC.

58. Defendant denies the allegations of Paragraph 58 of the SAC.

59. Defendant denies the allegations of Paragraph 59 of the SAC.

60. Defendant denies the allegations of Paragraph 60 of the SAC.

61. Defendant denies the allegations of Paragraph 61 of the SAC.

62. Defendant denies the allegations of Paragraph 62 of the SAC.

63. Defendant denies the allegations of Paragraph 63 of the SAC.

64. Defendant denies the allegations of Paragraph 64 of the SAC.

65. Defendant denies the allegations of Paragraph 65 of the SAC.

66. Defendant denies the allegations of Paragraph 66 of the SAC.

67. Defendant denies the allegations of Paragraph 67 of the SAC.

68. Defendant denies the allegations of Paragraph 68 of the SAC.

69. Defendant denies the allegations of Paragraph 69 of the SAC.

70. Defendant denies the allegations of Paragraph 70 of the SAC.

71. With respect to Paragraph 71 of the SAC:

(a) Defendant admits that confinement and restraints are temporarily used when youth fight with one another or fight with staff;

(b) Defendant admits that restraints are temporarily used when youth continue to engage in self-harm and less restrictive measures have been exhausted; and

(c) Defendant denies all remaining allegations of Paragraph 71 of the SAC.

72. Defendant denies the allegations of Paragraph 72 of the SAC.

73. Defendant denies the allegations of Paragraph 73 of the SAC.

74. Defendant denies the allegations of Paragraph 74 of the SAC and avers that Plaintiff has been placed in restraints on one occasion during his time at SVJC for approximately six minutes after punching a staff member in the face several times and refusing to let him go.

75. Defendant denies the allegations of Paragraph 75 of the SAC.

76. Defendant denies the allegations of Paragraph 76 of the SAC.

77. Defendant denies the allegations of Paragraph 77 of the SAC.

78. Defendant denies the allegations of Paragraph 78 of the SAC.

79. Defendant denies the allegations of Paragraph 79 of the SAC.

80. Defendant denies the allegations of Paragraph 80 of the SAC.

81. Defendant denies the allegations of Paragraph 81 of the SAC and avers that:

(a) Plaintiff has been removed from programming for 24 hours on one occasion during his detention at SVJC;

(b) Plaintiff has never been removed from programming for more than 24 hours during his detention at SVJC; and

(c) While at SVJC, Plaintiff has been placed in mechanical restraints on one occasion for approximately six minutes after punching a staff member in the face several times and refusing to let him go.

82. Defendant admits that Plaintiff was placed upon restriction but denies that removal was due to taking a notebook from the classroom. Plaintiff was removed from the classroom after telling his teacher "F**k you, you f**king b**ch" and threatening a staff member with the statement "I'm going to f**k him up." Defendant denies any remaining allegations of Paragraph 82 of the SAC.

83. Defendant denies the allegations of Paragraph 83 of the SAC.

84. Defendant denies the allegations of Paragraph 84 of the SAC.

85. Defendant denies the allegations of Paragraph 85 of the SAC.

86. Defendant admits only that visual safety checks are performed every 15 minutes for Plaintiff and all other residents at SVJC. Defendant denies all remaining allegations of Paragraph 86 of the SAC.

87. Defendant denies the allegations of Paragraph 87 of the SAC.

88. Defendant denies the allegations of Paragraph 88 of the SAC.

89. Defendant admits only that clothing and a blanket which are tear-resistant are temporarily provided to residents who have used their regular clothing and bedding to self-harm. Standard clothing and bedding are returned once the resident has demonstrated safe behavior and the probability of further self-harm appears unlikely. Defendant denies all remaining allegations of Paragraph 89 of the SAC.

90. Defendant denies the allegations of Paragraph 90 of the SAC.

91. With respect to Paragraph 91 of the SAC:

(a) Defendant admits that an emergency restraint chair is utilized as the last step of a progressive response to unsafe behavior by residents when less intrusive measures have proven inadequate;

(b) When the emergency chair is utilized, residents are restrained by their arms, legs, and torso, and, if necessary, a spit mask is placed on the resident to prevent staff from being spit upon or bitten; and

(c) Defendant denies that the chair is used as a form of punishment and denies all remaining allegations of Paragraph 91 of the SAC.

92. Defendant admits only that Plaintiff has not been placed in the restraining chair during his detention at SVJC. Defendant denies all remaining allegations of Paragraph 92 of the SAC.

93. Defendant denies the allegations of Paragraph 93 of the SAC.

94. Defendant denies the allegations of Paragraph 94 of the SAC.

95. Defendant denies the allegations of Paragraph 95 of the SAC.

96. Defendant denies the allegations of Paragraph 96 of the SAC.

97. Defendant denies the allegations of Paragraph 97 of the SAC.

98. Defendant admits only that Plaintiff has met with a psychologist once during his detention at SVJC. Defendant denies that Plaintiff has made requests to his counselor to speak with a psychologist and avers that Plaintiff has met with a psychiatrist on approximately ten occasions. Defendant denies all remaining allegations of Paragraph 98 of the SAC.

99. Defendant admits only that Plaintiff has been placed in a physical restraint and returned to his room after refusing numerous verbal requests to calm down and observe a time out. Defendant incorporates by reference its answer to the allegations of Paragraph 82 of the SAC, which are also referenced in Paragraph 99 of the SAC. Defendant denies all remaining allegations of Paragraph 99 of the SAC.

100. Defendant admits only that some residents at SVJC have engaged in some of the conduct described. Defendant denies all remaining allegations in Paragraph 100 of the SAC.

101. Defendant denies the allegations of Paragraph 101 of the SAC.

102. With respect to Paragraph 102 of the SAC:

(a) Defendant admits that Plaintiff punched the wall with his right hand on one occasion, which reinjured fractures from a prior injury sustained in a soccer game;

(b) Defendant admits that Plaintiff scratched his arms against his bunk on one occasion; and

(c) Defendant denies all remaining allegations in Paragraph 102 of the SAC.

103. Defendant denies the allegations of Paragraph 103 of the SAC.

104. Defendant denies the allegations of Paragraph 104 of the SAC.

105. Defendant denies the allegations of Paragraph 105 of the SAC and avers there is no known instance of Plaintiff engaging in cutting while at SVJC.

106. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of the SAC. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

107. Defendant admits only that some residents have engaged in and reported self-harming behaviors. Defendant denies any reports of self-harm by Plaintiff other than punching the wall on one occasion and self-tattooing on two occasions. Defendant denies all remaining allegations of Paragraph 107 of the SAC.

108. Defendant denies the allegations of Paragraph 108 of the SAC.

109. Defendant denies the allegations of Paragraph 109 of the SAC.

110. Defendant denies the allegations of Paragraph 110 of the SAC.

111. Defendant denies the allegations of Paragraph 111 of the SAC.

112. Defendant denies the allegations of Paragraph 112 of the SAC.

113. Defendant denies the allegations of Paragraph 113 of the SAC.

114. Defendant admits the allegations of Paragraph 114 of the SAC as drafted, but expressly denies breaching any well-established professional standards applicable to Plaintiff.

115. Defendant denies the allegations of Paragraph 115 of the SAC.

116. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the SAC. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

117. Defendant denies the allegations of Paragraph 117 of the SAC.

118. Defendant denies the allegations of Paragraph 118 of the SAC.

119. Defendant denies the allegations of Paragraph 119 of the SAC.

120. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 of the SAC. Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

121. Defendant denies the allegations of Paragraph 121 of the SAC.

122. Defendant denies the allegations of Paragraph 122 of the SAC.

123. Defendant incorporates by reference all previous responses to Paragraphs 1 through 122 of the SAC, which are realleged in Paragraph 123 of the SAC. All allegations of all paragraphs realleged by Plaintiff are denied unless expressly admitted in previous responses.

124. The allegations of Paragraph 124 of the SAC consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

125. The allegations of Paragraph 125 of the SAC consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

126. Defendant denies the allegations of Paragraph 126 of the SAC.

127. Defendant admits only that the use of physical restraint is no longer necessary once a resident has been restrained and behavior posing a risk to the resident or others has been controlled. Defendant denies all remaining allegations of Paragraph 127 of the SAC.

128. Defendant denies the allegations of Paragraph 128 of the SAC.

129. Defendant denies the allegations of Paragraph 129 of the SAC.

130. Defendant denies the allegations of Paragraph 130 of the SAC.

131. Defendant denies the allegations of Paragraph 131 of the SAC.

132. Defendant denies the allegations of Paragraph 132 of the SAC.

133. Defendant denies the allegations of Paragraph 133 of the SAC.

134. Defendant incorporates by reference all previous responses to Paragraphs 1 through 122 of the SAC, which are realleged in Paragraph 134 of the SAC. All allegations of all paragraphs realleged by Plaintiff are denied unless expressly admitted in previous responses.

135. The allegations of Paragraph 135 of the SAC consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

136. Defendant denies the allegations of Paragraph 136 of the SAC.

137. Defendant denies the allegations of Paragraph 137 of the SAC.

138. Defendant denies the allegations of Paragraph 138 of the SAC.

139. Defendant denies the allegations of Paragraph 139 of the SAC.

140. Defendant denies the allegations of Paragraph 140 of the SAC.

141. Defendant denies the allegations of Paragraph 141 of the SAC.

142. Defendant denies the allegations of Paragraph 142 of the SAC.

143. Defendant incorporates by reference all previous responses to Paragraphs 1 through 122 of the SAC, which are realleged in Paragraph 143 of the SAC.  All allegations of all paragraphs realleged by Plaintiff are denied unless expressly admitted in previous responses.

144. The allegations of Paragraph 144 of the SAC consist of conclusions of law to which no response is required.  Defendant denies the allegations to the extent they are inconsistent with applicable law.

145. Defendant denies the allegations of Paragraph 145 of the SAC and avers that no known or well-documented mental health condition has been alleged for Plaintiff or any class member.

146. Defendant denies the allegations of Paragraph 146 of the SAC.

147. Defendant denies the allegations of Paragraph 147 of the SAC.

148. Defendant denies the allegations of Paragraph 148 of the SAC.

149. Defendant denies the allegations of Paragraph 149 of the SAC.

150. Defendant denies the allegations of Paragraph 150 of the SAC.

151. Defendant denies the allegations of Paragraph 151 of the SAC.

152. Defendant incorporates by reference all previous responses to Paragraphs 1 through 122 of the SAC, which are realleged in Paragraph 152 of the SAC.  All allegations of all paragraphs realleged by Plaintiff are denied unless expressly admitted in previous responses.

153. The allegations of Paragraph 153 of the SAC consist of conclusions of law to which no response is required.  Defendant denies the allegations to the extent they are inconsistent with applicable law.

154. Defendant denies the allegations of Paragraph 154 of the SAC.

155. Defendant denies the allegations of Paragraph 155 of the SAC.

156. Defendant admits the allegations of Paragraph 156 of the SAC as drafted, but expressly denies that it has subjected Plaintiff and other immigrant youth to unequal treatment on the basis of their race.

157. Defendant denies the allegations of Paragraph 157 of the SAC.

158. Defendant denies the allegations of Paragraph 158 of the SAC.

159. Defendant incorporates by reference all previous responses to Paragraphs 1 through 122 of the SAC, which are realleged in Paragraph 159 of the SAC. All allegations of all paragraphs realleged by Plaintiff are denied unless expressly admitted in previous responses.

160. The allegations of Paragraph 160 of the SAC consist of conclusions of law to which no response is required. Defendant denies the allegations to the extent they are inconsistent with applicable law.

161. Defendant denies the allegations of Paragraph 161 of the SAC.

162. Defendant denies the allegations of Paragraph 162 of the SAC.

163. Defendant admits the allegations of Paragraph 163 of the SAC as drafted, but expressly denies that it has subjected Plaintiff and other immigrant youth to unequal treatment on the basis of their national origin.

164. Defendant denies the allegations of Paragraph 164 of the SAC.

165. Defendant denies the allegations of Paragraph 165 of the SAC.

166. The final unnumbered paragraph of the SAC sets forth Plaintiff's requests for relief which require no response. However, to the extent a response is required, Defendant denies that Plaintiff and the class members are entitled to the requested relief.

167. Any allegation not expressly admitted herein is denied.

168. The SAC fails to state claims under 42 U.S.C. § 1983 by failing to allege sufficient facts from which the conduct complained of may be reasonably attributed to a policy or custom of Defendant.

169. The SAC fails to allege sufficient facts upon which relief can be awarded upon Plaintiff's claims of inadequate mental health care in that:

(a) The SAC fails to allege with reasonable specificity any serious medical condition for which Plaintiff has not received constitutionally-adequate medical care; and

(b) The SAC fails to allege with reasonable specificity any medical treatment to which Plaintiff is constitutionally-entitled that has not been provided by Defendant.

170. The SAC fails to allege sufficient facts upon which relief can be awarded upon Plaintiff's claims of discrimination on the basis of race or national origin.

171. Any use of force and restraints by SVJC's staff members was objectively reasonable, justified, and in accordance with applicable law at all times relevant to the SAC.

172. The SAC improperly recites unsupported allegations by individuals who are unwilling or unavailable to participate in these proceedings in support of Plaintiff's claims.

**FOR THESE REASONS**, Defendant Shenandoah Valley Juvenile Center Commission, by counsel, respectfully requests that this honorable Court dismiss the SAC and award it costs expended.

                              SHENANDOAH VALLEY JUVENILE
                              CENTER COMMISSION
                              *By Counsel*

**LITTEN & SIPE L.L.P.**

By: /S/ Jason A. Botkins
    Jason A. Botkins
    Melisa G. Michelsen

Virginia State Bar No. 70823
Virginia State Bar No. 40001
410 Neff Avenue
Harrisonburg, Virginia 22801-3434
Telephone: (540) 434-5353
Facsimile: (540) 434-6069
Email: jason.botkins@littensipe.com
Email: melisa.michelsen@littensipe.com

*Counsel for Shenandoah Valley Juvenile Center Commission*

## CERTIFICATE

I certify that on the 25th day of July, 2018, I electronically filed the forgoing Answer with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Hannah M. Lieberman (*pro hac vice*) | Theodore A. Howard (*pro hac vice*) |
| Tiffany Yang (*pro hac vice*) | Bradley C. Tobias |
| Washington Lawyers Committee for Civil Rights and Urban Affairs | Wiley Rein LLP |
| 11 Dupont Circle, NW, Suite 400 Washington, D.C. 20036 | 1776 K Street, NW |
| Telephone: (202) 319-1000 | Washington, D.C. 20006 |
| Facsimile: (202) 319-1010 | Telephone: (202) 719-7120 |
| hannah_lieberman@washlaw.org | Facsimile: (202) 719-7049 |
| tiffany.yang@washlaw.org | thoward@wileyrein.com |
| | btobias@wileyrein.com |
| | |
| *Attorneys for Plaintiff John Doe 4* | |

/S/ Jason A. Botkins
*Counsel for Shenandoah Valley
Juvenile Center Commission*

17