IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| JOHN DOE 4, by and through his next friend, NELSON LOPEZ, on behalf of himself and all persons similarly situated,<br><br>    *Plaintiffs,*<br><br>v.<br><br>SHENANDOAH VALLEY JUVENILE CENTER COMMISSION,<br><br>    *Defendant.* | CIVIL ACTION<br><br>Case No.: 5:17-cv-00097-EKD<br><br>Honorable Elizabeth K. Dillon |

## BRIEF IN SUPPORT OF DEFENDANT'S CONSENT MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL

Defendant Shenandoah Valley Juvenile Center Commission, by counsel, submits this Brief in Support of its Motion to file certain exhibits under seal with its forthcoming Brief in Support of Defendant's Motion for Summary Judgment and Brief in Support of Defendant's Motion for Protective Order pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Rule 9 of the Local Rules of the Western District of Virginia.

Under the Amended Scheduling Order entered by the Court on August 22, 2018, Defendant will file a Motion for Summary Judgment and Brief in Support of Motion for Summary Judgment by October 22, 2018. In addition, Defendant intends to file a Motion for Protective Order and a Brief in Support of Motion for Protective Order. As support for its Briefs, Defendant intends to rely upon and attach as exhibits discovery requests, discovery responses, deposition transcripts, affidavits, and records (collectively, the "Supporting Materials"). The Supporting Materials include identification information for Plaintiff and other individuals whose identities are subject to a Protective Order previously entered by this Court.

1

In addition, the Supporting Materials contain information regarding Plaintiff's physical and mental health, placement history, and background, as well as incidents involving Plaintiff during his placement at SVJC.

This Court has previously recognized that the sensitive and personal nature of the information divulged in this case warrants the protection of permitting Plaintiffs to proceed anonymously (EDF Dkt. Nos. 12 and 24). In addition, the Court has previously granted motions by Plaintiffs and Defendant to file materials under seal to protect the identities of Plaintiffs and others (ECF Dkt. Nos. 30 and 43). In addition, a Protective Order is in place that limits the disclosure of identification information of Plaintiff and other minors to most third parties (ECK Dkt. No. 41). Consistent with these Orders, SVJC seeks leave to file the Supporting Materials with names, birthdates, and other identity information redacted. Plaintiffs consent to this Motion and to a ruling without a hearing. The legal authority and basis for this Motion are set forth below.

## LEGAL STANDARD

Rule 5.2 of the Federal Rules of Civil Procedure authorizes certain measures that are designed to protect certain privacy matters with respect to filings made with the Court. The Rule requires that social security numbers, birth dates, and financial account numbers be redacted, and that minor children be identified only by their initials. Fed. R. Civ. P. 5.2(a). Rule 5.2(d) allows the Court to Order that a filing be made under seal without redaction. Fed. R. Civ. P. 5.2(d). Rule 9 of the General Local Rules of the Western District of Virginia outlines the procedure under which a party may obtain an Order under Federal Rule 5.2(d). To obtain such an Order, a party must file a written motion containing (1) generic, non-confidential identification of the document to be sealed; (2) the basis upon which the party seeks the order, including the reasons

why alternative to sealing are inadequate; and (3) the duration for which sealing is requested. W.D. Va. Loc. Gen. R. 9(b)(2).

When considering a motion to seal, a court must give the public notice of the request to seal and a reasonable opportunity to challenge the request. *In re Knight Publ'g*, 743 F.2d 231, 235 (4th Cir. 1984); *see also Mears v. Atl. Southeast Airlines, Inc.*, 2014 U.S. Dist. LEXIS 142571 (E.D. N.C. 2014). The filing of a party's motion is sufficient to provide public notice and an opportunity to challenge the motion to seal. *In re Knight Publ'g*, 743 F.2d at 235. Further, the court must consider alternatives to sealing, if any. *Id.* Finally, the court must identify whether any constitutional or common law rights of access are triggered and, if so, weigh the public's right of access with the privacy rights at issue. *Id.* In this case, the privacy interests of Plaintiffs and other minors subject to the Protective Order outweigh the common law right of access.

## ARGUMENT

### I. Identification of the Documents to be Sealed

Defendant seeks to file exhibits with its Briefs in Support of Defendant's Motion for Protective Order and Motion for Summary Judgment from which certain information has been redacted. The exhibits consist of discovery requests, discovery responses, deposition transcripts, affidavits, and records that include names, birthdates, and in some instances, photographs, along with personal information of Plaintiffs and other minors. The only information to be redacted from the records consists of names, birthdates, and any identifying photographs of Plaintiff or other minors whose identities are subject to the Court's Protective Order in this case.

### II. These Documents are Appropriate for Sealing

3

The information contained in the Supporting Materials is of a sensitive and personal nature. The records contain information regarding Plaintiff's physical and mental health. The materials also include details of Plaintiff's background and prior placements, as well as incidents involving Plaintiff and other minors during their placement at SVJC.

The public, on the other hand, has no interest in accessing the personal information of Plaintiffs and other protected minors in this lawsuit. When balancing the respective interests, courts have consistently held that minors' privacy interest in information, such as the information reflected in the Supporting Materials, outweigh the common law right of access. *See e.g., Eugene S. V. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011) (sealing exhibits because "[n]early every document in the volume at issue includes the name of, and/or personal and private medical information relating to, Mr. S's minor son").

SVJC does not seek to seal the records in their entirety. Instead, SVJC only seeks to redact names, birthdates, photos, and other information that would reveal the identities of Plaintiff and other individuals who are subject to the Court's Protective Order. As such, SVJC's request is narrowly tailored in order to comply with the Protective Order and protect applicable privacy interests while recognizing the public interests at issue. *See In re Knight Publ'g*, 743 F.2d at 236. The relief requested is consistent with the Court's prior Orders allowing Plaintiffs to proceed anonymously, allowing the parties to file similar materials under seal, and limiting the disclosure of identification information to third parties. The limited redaction of the Supporting Materials is the least restrictive, effective alternative to disclosure and complies with the requirements of Rule 5.2(a).

### III. SVJC Requests that the Exhibits Remain Sealed Indefinitely

4

Case 5:17-cv-00097-EKD-JCH  Document 90  Filed 10/16/18  Page 4 of 7  Pageid#: 977

SVJC requests that the records remain indefinitely sealed as the need for protecting private, confidential information will not subside during the course of this lawsuit or with time. Virginia law recognizes the need to indefinitely protect minors' court records from disclosure. *See, e.g.,* Va. Code § 16.1-300 (confidentiality of social, medical, psychiatric, and psychological records and reports); Va. Code § 16.1-301 (confidentiality of juvenile law-enforcement records); Va. Code § 16.1-302(C) (general public is excluded from all juvenile court hearings); and Va. Code § 16.1-305 (confidentiality of juvenile court records). The privacy concerns cited by SVJC in support of redacting the Supporting Materials will remain indefinitely. As such, the Supporting Materials should remain sealed indefinitely.

## CONCLUSION

The balancing of public access against privacy interests weigh in favor of granting the relief requested herein. The redaction of identification information from the Supporting Materials is warranted under Rule 5.2 of the Federal Rules of Civil Procedure and by the nature of the sensitive information contained in the records. SVJC's request is narrowly tailored as the limited redaction of identification information is the least restrictive measure available to protect privacy interests.

For these reasons, Defendant Shenandoah Valley Juvenile Center Commission respectfully requests that the Court grant its Consent Motion to File Exhibits Under Seal.

**Respectfully submitted,**
**SHENANDOAH VALLEY JUVENILE**
**CENTER COMMISSION**
*By Counsel*

## LITTEN & SIPE L.L.P.

By: /S/ Jason A. Botkins
     Jason A. Botkins
     Melisa G. Michelsen

Virginia State Bar No. 70823
Virginia State Bar No. 40001
410 Neff Avenue
Harrisonburg, Virginia  22801-3434
Telephone:   (540) 434-5353
Facsimile:     (540) 434-6069
Email: jason.botkins@littensipe.com
Email: melisa.michelsen@littensipe.com

Harold E. Johnson (VSB No. 65591)
Meredith M. Haynes (VSB No. 80163)
Williams Mullen
200 South 10th Street
Richmond, Virginia 23219
Telephone   (804) 420-6000
Facsimile:   (804) 420-6507
Email: hjohnson@williamsmullen.com
Email: mhaynes@williamsmullen.com

*Counsel for Defendant Shenandoah Valley Juvenile Center Commission*

### CERTIFICATE

I certify that on the 16th day of October, 2018, I electronically filed the forgoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Hannah M. Lieberman (*pro hac vice*) | Theodore A. Howard (*pro hac vice*) |
| Tiffany Yang (*pro hac vice*) | Bradley C. Tobias (VSB No. 88046) |
| Mirela Missova (*pro hac vice*) | J. Ryan Frazee (*pro hac vice*) |
| | |
| Washington Lawyers Committee | Wiley Rein LLP |
| for Civil Rights and Urban Affairs | 1776 K Street, NW |
| 11 Dupont Circle, NW, Suite 400 | Washington, D.C. 20006 |
| Washington, D.C. 20036 | Telephone:  (202) 719-7120 |

6

Telephone: (202) 319-1000  Facsimile: (202) 719-7049
Facsimile: (202) 319-1010  thoward@wileyrein.com
hannah_lieberman@washlaw.org  btobias@wileyrein.com
tiffany_yang@washlaw.org  jfrazee@wileyrein.com
mirela_missova@washlaw.org

*Attorneys for Plaintiff John Doe 4*

                                                 /s/ Jason A. Botkins
                          *Counsel for Shenandoah Valley*
                            *Juvenile Center Commission*