IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOHN DOE 4, by and through his next friend, NELSON LOPEZ, on behalf of himself and all persons similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>SHENANDOAH VALLEY JUVENILE CENTER COMMISSION,<br><br>*Defendant*. | Civil Action No. 5:17-cv-00097-EKD |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant Shenandoah Valley Juvenile Center Commission ("SVJC"), by counsel, respectfully requests that the Court issue a protective order limiting the scope of Plaintiffs' First Requests for Admissions to facts and documents related to the class as certified by the Court on June 27, 2018, and the time period encompassed by the policies against which injunctive relief is sought in this case.[1]

## INTRODUCTION

On September 17, 2018, Plaintiffs served their First Requests for Admissions on SVJC. *See* Ex. 1.[2] On October 17, 2018, Defendant served responses to Plaintiffs' First Requests for Admissions. *See* Ex. 2. The requests consist of 245 Requests for Admission, 16 Requests for

---

[1] SVJC does not object to Requests for Admissions regarding UACs who were members of the certified class as of June 27, 2018, and which are confined in scope to SVJC's current policies. However, SVJC expressly reserves the right to object to the admissibility of any evidence regarding any individual who is not a member of the class as of the trial date.

[2] Exhibits 1 and 2 have been redacted to conform to the Protective Order entered on May 9, 2018, and pursuant to the Order granting leave to file under seal entered on October 16, 2018. *See* Dkt. Nos. 41 and 91. In addition, the 749 pages of exhibits to Plaintiff's requests are not included due to prohibitive file size and the fact that they are not dispositive of Defendant's Motion.

1

Admission as to Documents, and 749 pages of associated exhibits. As set forth below, Plaintiffs' requests are unduly burdensome because they exceed the scope of the certified class and lack admissibility at trial. Most of the requests pertain to residents who are not members of the certified class.[3] The requests also include residents whose time at SVJC predates the current policies against which declaratory and injunctive relief is sought in this case.[4] In addition, many of the individual requests require SVJC to expend significant resources reviewing hundreds of pages of documents generated over two and a half years.

## APPLICABLE LAW

Rule 26(b) of the Federal Rules of Civil Procedure generally permits "discovery regarding any nonprivileged matter that is relevant to the party's claim or defense and proportional to the needs of the case." However, the scope of permissible discovery is not without limit. Instead, Rule 26 "confers broad discretion on the court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004). Additionally, "the simple fact that requested information is discoverable under Rule 26(a) does not mean that discovery must be had," *Nicholas*, 373 F.3d at 543, and "[t]he court may, for good cause, issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).

In the context of a discovery dispute, "[w]here a *prima facie* showing of relevance has been made by the party seeking discovery, 'the burden shifts … to the resisting party to show 'lack of relevance by demonstrating that the requested discovery (1) does not come within the

---

[3] Please see Exhibit 1, Requests 1-2, 8-19, 22-27, 29-41, 44-58, 60-64, 66-78, 80-95, 97-101, 103-130, 135-179, 181-185, 187-189, 191-201, 203-205, 207-220, 222-224, and 226-235.
[4] Please see Exhibit 1, Requests 1-2, 8, 11, 13-19, 22-24, 26-29, 31, 33, 39-40, 44, 47-58, 60-67, 75, 77, 80-81, 85-95, 97-112, 122, 125-130, 135-147, 157, 161-178, 180-189, 191-205, 207-224, and 226-235.

2

broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery.'" *Scott v. Clarke*, 2013 WL 6158458 (W.D. Va. Nov. 25, 2013). In recognizing the broad scope of discovery, SVJC has not sought to limit Plaintiffs' discovery relating to non-class members by way of interrogatories, requests for production and depositions. However, Plaintiffs' requests for admissions are on a different footing. Unlike other forms of discovery (which do not implicate the admissibility of requested information), requests for admission are specifically designed to create admissible facts to be introduced at trial. *See* Fed. R. Civ. P. 36(B) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); *and Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D. W.Va. 2010) (discussing distinction between the purposes of interrogatories and requests for admission). The broad scope of discovery generally permitted under Rule 26(b)(1) must be curtailed by the contours of relevancy with regard to requests for admissions. *Harris v. Koenig*, 271 F.R.D. 356, 372 (D. D.C. 2010) (stating that "[r]equests for admissions are not a discovery device.") (internal citations omitted). Accordingly, the permissible scope of requests for admissions must be informed by Rule 401 of the Rules of Evidence.[5] *Id.* at 372-73 (sustaining objections to requests for admission involving matters outside the relevant time period).

---

[5] Rule 401 provides: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

# ARGUMENT

**1. Plaintiffs' Requests for Admissions are irrelevant and unduly burdensome because they largely concern former residents who are not members of the certified class.**

Plaintiffs' First Requests for Admissions define the "relevant time period" as October 4, 2015 through May 1, 2018. Ex. 1, at 3. The expansive time period utilized in the Plaintiffs' Requests for Admission extends far beyond the bounds of the class defined by this Court on June 27, 2018:

> Latino unaccompanied alien children (UACs) who are currently detained or will be detained in the future at Shenandoah Valley Juvenile Center who either: (i) have been, are, or will be subject to the disciplinary policies and practices used by SVJC staff; or (ii) have needed, currently need, or will in the future need care and treatment for mental health problems while detained at SVJC. *See* Dkt. No. 63, at 4.

This class definition is also reflected in the Second Amended Class Action Complaint, which describes the class as "Latino immigrant youths who are, or may in the future be, confined to the Shenandoah Valley Juvenile Center." *See* Dkt. No. 68, at 1. Additionally, since the Plaintiffs' initiated the present action, the three initial plaintiffs (John Does 1, 2, and 3) have been substituted with John Doe 4, a current SVJC resident who serves as the class representative. Does 1, 2, and 3 no longer reside at SVJC, are not class members, and no longer represent the interests of the certified class. The class certified by this Court included only those UACs housed at SVJC on June 27, 2018, and UACs housed at SVJC in the future.

As of June 27, 2018, the certified class consisted of 20 UACs under SVJC's care. Yet, the scope of Plaintiffs' First Requests for Admissions includes 238 UACs. By using a "relevant time period" that reaches back over two and a half years, the Plaintiffs' First Requests seek admissions from SVJC regarding former residents who left SVJC long before the class was certified, and even before the initiation of the present litigation. However, the plain language of this Court's Order certifying the class is clear that UACs formerly housed at SVJC are not class

4

members. It is axiomatic that only information pertaining to class members is relevant to adjudicating a class action. *Harris v. Koenig,* 271 F.R.D. at 373 (sustaining relevance objection to requests for admission regarding non-class members in securities class action). In other words, the class representative must prove that the defendant violated the rights of class members rather than third parties. Requests for admissions regarding the treatment of past residents at SVJC are irrelevant to the claims alleged by class members, particularly in light of changes to SVJC policies which predate this litigation.

Moreover, several of Plaintiffs' requests concern unspecified "youth" at SVJC. *See* Ex. 1, at 25, Req. Nos. 131 and 132. Plaintiffs define "youth" as "any person detained at SVJC for any period of time who, during any portion of the period of detention, was under 18 years of age." *See* Ex. 1, at 4. This definition includes all youth housed at SVJC, including both UACs and non-UACs, and exceeds the parameters defining the certified class. Thus, Plaintiffs' requests are unduly burdensome in that they seek admissions from SVJC regarding non-class members that are irrelevant to this case. Accordingly, SVJC should not be required to engage in the time-consuming process of responding to hundreds of requests for admission which lack admissibility at trial.

Prior to filing this motion, counsel in this matter conferred regarding the relevance of information pertaining to non-class members. Plaintiffs' counsel cited *Scott v. Clarke*, 64 F. Supp. 3d 813 (W.D. Va. 2014), for the proposition that a detention facility's historical treatment of residents over a number of years might be the subject of permissible discovery in certain class action cases. However, in *Scott*, the defendant argued that a one-year statute of limitations operated as an evidentiary bar for evidence that class members, including the named plaintiffs, had been denied adequate medical treatment. *Id.* at 827-28. The *Scott* case did not consider

5

whether evidence regarding non-class members or prior policies is relevant and admissible. In contrast to *Scott,* where the evidence related to the interruption of necessary medical treatment of class members, Plaintiffs here seek to buttress general allegations of mistreatment at SVJC not with testimony or evidence concerning class members, but by looking instead to the experiences of residents who are not members of the class.[6]

**2.      The time period covered by Plaintiffs' requests predates policies against which declaratory and injunctive relief is sought in this case.**

A significant portion of the time period covered by Plaintiffs' requests predates the current SVJC policies which apply to class members. The scope of many requests includes the time period in which previous policies applied to former residents. Thus, those requests not only involve non-class members, but policies which have never applied to members of the certified class. The treatment of non-class members under previous policies is irrelevant to the relief requested by Plaintiffs in this case, which is limited to declaratory and injunctive relief concerning SVJC's current policies and practices.

There have been significant changes to SVJC's policies within the time period encompassed by Plaintiffs' requests. In August 2016, a new behavioral management program was implemented at SVJC. *See* Ex. 3, Wong Dep. Tr. 92:13-15. Under the new policy, SVJC has shifted away from a discipline-based program and moved towards an incentive-based program to promote good behavior. *Id.* at 105:12-17. In particular, the new behavioral management program does not include prescribed periods of room confinement for behavioral infractions and focuses instead on reducing room confinement and returning residents to normal

---

[6] Similarly, the Court's earlier decision in *Scott* to overrule defendants' relevance objections and grant a motion compel discovery discussed interrogatories and requests for production of documents rather than requests for admission. *Scott v. Clarke,* 2013 WL 6158458, at 4-6.

programming as soon as possible. *Id.* at 111:23–112:2. Many of Plaintiffs' requests require SVJC to calculate the cumulative time totals for measures such as room conferment over a time period that includes both the past and current policies. *See* Ex. 1, at 12-15, Req. Nos. 48-67. As such, those requests are irrelevant and constitute an undue burden to the extent they require SVJC to make admissions concerning policies that have never been applied to current class members.

**3. Plaintiffs' requests are unduly burdensome in scope and in the resources required for SVJC to adequately respond.**

The scope of Plaintiffs' First Requests for Admissions will require SVJC to devote a prohibitive amount of time and resources to formulate accurate responses to many of the 245 requests. In many instances, each request is drafted in a way that each request requires SVJC to review two and a half years of case file documents for each resident to accurately respond. For instance, Request 91 states, "Please admit that, during the relevant time period, the number of instances for which ET[7] was removed from programming exceeded 25." Ex. 1, at 19. Similarly, Requests 197 through 215 ask SVJC to admit whether individual residents were placed in a physical restraint technique ("PRT") hold more than a specified number of minutes "in a single calendar day" without specifying which day is being referenced. *Id.* at 35-38. Responding to these requests would require SVJC to devote hours of staff time to combing through records and making calculations based on those records to ascertain whether the calculations proffered by Plaintiffs are correct. In essence, Plaintiffs seek to shift the burden of proving the validity of their calculations at trial onto SVJC.

---

[7] The name used in this request has been redacted in accordance with the Protective Order entered on May 9, 2018. *See* Dkt. No. 41.

7

Other requests are unnecessarily duplicative in that Plaintiffs seek verification of individual fields of information in documents provided in discovery by SVJC while also seeking admissions as to whether such documents are accurate and genuine. For example, Requests 9 through 46 each ask that SVJC admit the dates on which particular residents arrived at and departed from SVJC. Ex. 1, at 6-12. The departure and arrival dates for those residents are set forth in a single document which is attached to the requests as Exhibit 9, such document's authenticity and genuineness being the subject of Requests 15 and 16. *Id.* at 45-46. Accordingly, Plaintiffs' requests are unduly burdensome to the extent that they require SVJC to engage in an extensive review of documents provided in discovery simply to confirm Plaintiffs' analysis. Such burden is particularly unwarranted where, as described above, the requests include not only former residents who are not class members, but also time periods which predate the current policies against which relief in sought in this case.

## **CONCLUSION**

A significant majority of Plaintiffs' requests for admission pertain to SVJC residents who are not members of the class certified by the Court. In addition, the time period covered by the requests predates current SVJC policies regarding behavioral management. As such, the requests are unduly burdensome, irrelevant, and inadmissible at trial to the extent they seek admissions regarding non-class members and time periods predating current SVJC polices. Accordingly, SVJC respectfully requests that the Court enter a Protective Order limiting the scope of Plaintiffs' First Requests for Admission to (a) facts and documents related to members of the class certified by the Court on June 27, 2018; and (b) the time period encompassed by SVJC's current behavioral management program, which commenced on August 1, 2016.

Dated: October 17, 2018

                              **SHENANDOAH VALLEY JUVENILE**
                                    **CENTER COMMISSION**
                                          *By Counsel*

By: /s/ Jason A. Botkins
Jason A. Botkins (VSB No. 70823)
Melisa G. Michelsen (VSB No. 40001)
Litten & Sipe, LLP
410 Neff Avenue
Harrisonburg, Virginia  22801-3434
Telephone:  (540) 434-5353
Facsimile:   (540) 434-6069
Email: jason.botkins@littensipe.com
Email: melisa.michelsen@littensipe.com

Harold E. Johnson (VSB No. 65591)
Meredith M. Haynes (VSB No. 80163)
Williams Mullen
200 South 10th Street
Richmond, Virginia 23219
Telephone   (804) 420-6000
Facsimile:   (804) 420-6507
Email: hjohnson@williamsmullen.com
Email: mhaynes@williamsmullen.com

*Counsel for Shenandoah Valley Juvenile Center Commission*

9

Case 5:17-cv-00097-EKD-JCH   Document 93   Filed 10/17/18   Page 9 of 10   Pageid#: 995

## **CERTIFICATE**

I certify that on the 17th day of October, 2018, I electronically filed the forgoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Hannah M. Lieberman (*pro hac vice*) | Theodore A. Howard (*pro hac vice*) |
| Tiffany Yang (*pro hac vice*) | Bradley C. Tobias (VSB No. 88046) |
| Mirela Missova (*pro hac vice*) | J. Ryan Frazee (*pro hac vice*) |
| | |
| Washington Lawyers Committee | Wiley Rein LLP |
| for Civil Rights and Urban Affairs | 1776 K Street, NW |
| 11 Dupont Circle, NW, Suite 400 | Washington, D.C. 20006 |
| Washington, D.C. 20036 | Telephone: (202) 719-7120 |
| Telephone: (202) 319-1000 | Facsimile: (202) 719-7049 |
| Facsimile: (202) 319-1010 | thoward@wileyrein.com |
| hannah_lieberman@washlaw.org | btobias@wileyrein.com |
| tiffany_yang@washlaw.org | jfrazee@wileyrein.com |
| mirela_missova@washlaw.org | |

*Attorneys for Plaintiff John Doe 4*

                                                /s/ Jason A. Botkins
                                              *Counsel for Shenandoah Valley*
                                              *Juvenile Center Commission*