## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

|  |  |
|---|---|
| JOHN DOE 4, by and through his next friend, NELSON LOPEZ, on behalf of himself and all persons similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>SHENANDOAH VALLEY JUVENILE CENTER COMMISSION,<br><br>        Defendant. | Civil No. 5:17-cv-0097<br>Judge Elizabeth K. Dillon |

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT SHENANDOAH VALLEY JUVENILE CENTER COMMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiffs John Doe 4, *et al.*, by and through their Next Friend, Nelson Lopez, by and through their undersigned counsel, hereby serve the following Requests for Admissions upon Defendant Shenandoah Valley Juvenile Center Commission ("Defendant" or "the Commission"). The responses to these Requests shall be provided within thirty (30) days from the date of service.

### DEFINITIONS AND INSTRUCTIONS

1. Each request for admission shall be set forth immediately prior to the response thereto.

2. You have a duty to supplement your responses to these requests with subsequent information in accordance with Fed. R. Civ. P. 26(e). The Plaintiffs request that you continue to supplement your responses.

3. These requests for admissions will be deemed admitted unless, within thirty (30) days after service of this request, you serve upon the Plaintiffs' counsel a written answer or objection addressed to the matter, signed by the Defendant or by the Defendant's attorney.  If an objection is made, the reasons for the objection shall be stated.

4. Each answer shall admit or specifically deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires you  to qualify the answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

5. Notwithstanding any definition set forth below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these requests, in addition to their ordinary meaning, the following terms are to be interpreted in accordance with the following definitions:

   a. "**Answer**" means Defendant's Answer to Plaintiffs' Second Amended Complaint, filed on July 25, 2018.

   b. "**Any**" includes the word "all" and "all" includes the word "any".

   c. "**Defendant**" means Shenandoah Valley Juvenile Center Commission, and all of its present and former commissioners, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, contractors, subcontractors, and predecessors or successors in interest and affiliated entities that were in existence

during the applicable period of time covered by these Requests, and all other persons acting or purporting to act on its behalf.

d. "**Mechanical restraint**" encompasses the restraints enumerated in SVJC Standard Operating Procedure 5.24 ("Security and Control – Use of Mechanical Restraints"), Exhibit 19 to Plaintiffs' 30(b)(6) Deposition of Kelsey Wong.

e. "**Named Plaintiff**" or "**Named Plaintiffs**" refers to Plaintiff John Doe 4, or any youth who may be added as class representatives or individual parties in this action.

f. "**ORR**" means the Office of Refugee Resettlement of the U.S. Department of Health and Human Services, all predecessors or successors in interest, parents, subsidiaries, divisions, or affiliates, and their respective officers, directors, employees, agents, attorneys, representatives and all other persons acting or purporting to act on its behalf.

g. "**Relevant time period**" is defined as October 4, 2015 to May 1, 2018.

h. "**Removal from programming**" means the involuntary confinement of a youth alone in his or her room or other area from which the youth is prevented from leaving, during periods of time when youth detained at SVJC are not ordinarily confined to their rooms as a matter of routine (e.g., other than bedtimes). "Removal from programming" includes any other terms encompassing the above definition, including but not limited to "restriction" or "restricted", "isolation," "room confinement," or "seclusion."

i. "**Restraint**" refers to the application of physical force, with the use of any body part or device, for the purpose of restraining the free movement of a person's body.

The term "restraints" includes, but is not limited to, handcuffs, shackles, chains, holds, and ties, whether placed on a person's hands, feet, or other body part.

j.  "**Restraint chair**" refers to the restraining device referenced in ¶ 91(a)-(b) of Defendant's Answer.

k.  "**SVJC**" or "**Shenandoah Valley Juvenile Center**" refers to the secure residential detention facility operated by Defendant in Staunton, Virginia, where the Named Plaintiffs are or were detained pursuant to the Agreement with ORR.

l.  "**Self-harm**" refers to any acts that are inflicted by a person upon him or herself and cause or are likely to cause physical, mental or emotional harm.  Self-harm includes, but is not limited to, attempted suicide, self-mutilation, cutting, banging the head or other body parts against the wall, floor, or a similarly firm surface, or other similar harmful or potentially harmful acts.

m.  "**UAC**" means unaccompanied alien child within the meaning of 6 U.S.C. § 279 (g)(2).

n.  "**Youth**" means any person detained at SVJC for any period of time who, during any portion of the period of detention, was under 18 years of age.

o.  "**You**" or "**Your**" refers to Defendant; any other person or entity acting on Defendant's behalf or on whose behalf Defendant acted; or any other person or entity otherwise subject to Defendant's control or which controls Defendant, or with which Defendant is under common control.

p.  The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request all responses that might otherwise be construed to be outside of its scope.

q.  The use of the singular form of any word shall include the plural, and vice versa.

r.  The past tense of a verb includes the present tense, and vice versa.

s.  The use of any gender shall include all others as appropriate in context.

t.  To the extent not otherwise defined or specifically limited herein, all words used shall be given their most expansive and inclusive definition consistent with the context of the sentence in which they are used, and each Interrogatory is to be construed independently and not by reference to any other Interrogatory for purposes of limiting the scope of the Interrogatory.

## **REQUESTS FOR ADMISSIONS**

1.  Please admit that, during the relevant time period, there were 238 UACs at SVJC.

ANSWER:

2.  Please admit that, during the relevant time period, 160 of the UACs at SVJC had no criminal charges.

ANSWER:

3.  Please admit that at no point during the relevant time period were there more Spanish-speaking Resident Supervisors than non-Spanish-speaking Resident Supervisors at SVJC.

ANSWER:

4.  Please admit that at no point during the relevant time period were there more Spanish-speaking Assistant Supervisors than non-Spanish-speaking Assistant Supervisors at SVJC.

ANSWER:

5.    Please admit that at no point during the relevant time period were there more Spanish-speaking Shift Supervisors than non-Spanish-speaking Shift Supervisors at SVJC.

ANSWER:

6.    Please admit that you received a copy of the Consent Order in Case No.'s JJ034487-07 through -09, dated 10/11/2017, which is Bates numbered DOE_000711 to DOE_000712 and attached hereto as Exhibit 1.

ANSWER:

7.    Please admit that you complied with the terms of the Consent Order identified *supra* as Exhibit 1.

ANSWER:

8.    Please admit that, during the relevant time period,                    was at SVJC for a total of 601 days.

ANSWER:

9.    Please admit that                    arrived at SVJC on June 24, 2016 and departed SVJC the week of April 10, 2017.

ANSWER:

10.   Please admit that                    arrived at SVJC on June 4, 2016 and departed SVJC the week of February 21, 2017.

ANSWER:

11.   Please admit that, during the relevant time period,                was at SVJC for a

      total of 225 days.

ANSWER:

12.   Please admit that              arrived at SVJC on July 23, 2016 and departed SVJC the

      week of February 21, 2017.

ANSWER:

13.   Please admit that, during the relevant time period,                was at SVJC for

      a total of 132 days.

ANSWER:

14.   Please admit that, during the relevant time period,                was at SVJC for

      a total of 287 days.

ANSWER:

15.   Please admit that, during the relevant time period,                was at SVJC for

      a total of 375 days.

ANSWER:

16.   Please admit that, during the relevant time period,                was at SVJC

      for a total of 207 days.

ANSWER:

17.   Please admit that              arrived at SVJC on March 13, 2015 and departed SVJC

      the week of May 30, 2017.

ANSWER:

18.   Please admit that, during the relevant time period,                  was at SVJC for a total
        of 270 days.

ANSWER:

19.   Please admit that, from October 4, 2015 to the date of service of this Request,
                was at SVJC for a total of 292 days.

ANSWER:

20.   Please admit that, during the relevant time period,                  was at SVJC for a total
        of 578 days.

ANSWER:

21.   Please admit that, on the date of service of this Request,                  was at SVJC.

ANSWER:

22.   Please admit that, during the relevant time period,                  was at SVJC for
        a total of 171 days.

ANSWER:

23.   Please admit that, during the relevant time period,                  was at SVJC
        for a total of 172 days.

ANSWER:

24.   Please admit that, during the relevant time period,                  was at SVJC for a
        total of 200 days.

ANSWER:

25.   Please admit that                         arrived at SVJC on January 13, 2017 and departed the

      week of April 24, 2017.

ANSWER:

26.   Please admit that, during the relevant time period,                         was at SVJC for a total

      of 213 days.

ANSWER:

27.    Please admit that, from October 4, 2015 to the date of service of this Request,

             was at SVJC for a total of 229 days.

ANSWER:

28.   Please admit that, during the relevant time period,                         was at SVJC

      for a total of 165 days.

ANSWER:

29.   Please admit that, during the relevant time period,                         was at SVJC for a

      total of 118 days.

ANSWER:

30.   Please admit that                         arrived at SVJC on November 3, 2016 and departed SVJC

      the week of March 6, 2017.

ANSWER:

31.   Please admit that, during the relevant time period,                   was at SVJC for a total of 40 days.

ANSWER:

32.   Please admit that                   arrived at SVJC on January 4, 2017 and departed SVJC the week of April 10, 2017.

ANSWER:

33.   Please admit that, during the relevant time period,                   was at SVJC for a total of 176 days.

ANSWER:

34.   Please admit that                   arrived at SVJC on December 13, 2016 and departed SVJC the week of November 13, 2017.

ANSWER:

35.   Please admit that                   arrived at SVJC on January 3, 2017 and departed SVJC the week of March 20, 2017.

ANSWER:

36.   Please admit that                   arrived at SVJC on January 31, 2017 and departed SVJC the week of March 27, 2017.

ANSWER:

37.   Please admit that                   arrived at SVJC on April 24, 2017 and departed SVJC the week of December 11, 2017.

ANSWER:

38.   Please admit that                     arrived at SVJC on March 15, 2017 and departed

      SVJC the week of September 18, 2017.

ANSWER:

39.   Please admit that, during the relevant time period,                     was at SVJC

      for a total of 523 days.

ANSWER:

40.   Please admit that, during the relevant time period,                     was at SVJC for a

      total of 112 days.

ANSWER:

41.   Please admit that                     arrived at SVJC on July 18, 2016 and departed

      SVJC the week of February 21, 2017.

ANSWER:

42.   Please admit that, during the relevant time period,                     SVJC for a total of

      170 days.

ANSWER:

43.   Please admit that, on the date of service of this Request,                     was at SVJC.

ANSWER:

44.   Please admit that, during the relevant time period,                     was at SVJC for a

      total of 94 days.

ANSWER:

45.   Please admit that                         arrived at SVJC on November 3, 2016 and departed

SVJC the week of July 10, 2017.

ANSWER:

46.   Please admit that                         arrived at SVJC on June 8, 2017 and departed SVJC

the week of November 27, 2017.

ANSWER:

47.   Please admit that, during the relevant time period, 47 of the UACs at SVJC engaged in self-

harm.

ANSWER:

48.   Please admit that, during the relevant time period, the total amount of time that

. was removed from programming at SVJC exceeded 2,460 hours.

ANSWER:

49.   Please admit that, during the relevant time period, the total amount of time that

was removed from programming at SVJC exceeded 835 hours.

ANSWER:

50.   Please admit that, during the relevant time period, the total amount of time that

was removed from programming at SVJC exceeded 550 hours.

ANSWER:

51.   Please admit that, during the relevant time period, the total amount of time that
      was removed from programming at SVJC exceeded 670 hours.

ANSWER:

52.   Please admit that, during the relevant time period, the total amount of time that
      was removed from programming at SVJC exceeded 1,620 hours.

ANSWER:

53.   Please admit that, during the relevant time period, the total amount of time that
      was removed from programming at SVJC exceeded 585 hours.

ANSWER:

54.   Please admit that, during the relevant time period, the total amount of time that
      was removed from programming at SVJC exceeded 410 hours.

ANSWER:

55.   Please admit that, during the relevant time period, the total amount of time that
      was removed from programming at SVJC exceeded 470 hours.

ANSWER:

56.   Please admit that, during the relevant time period, the total amount of time that
      was removed from programming at SVJC exceeded 350 hours.

ANSWER:

57.   Please admit that, during the relevant time period, the total amount of time that
      was removed from programming at SVJC exceeded 520 hours.

ANSWER:

58.   Please admit that, during the relevant time period, the total amount of time that was removed from programming at SVJC exceeded 280 hours.

ANSWER:

59.   Please admit that, during the relevant time period, the total amount of time that was removed from programming at SVJC exceeded 350 hours.

ANSWER:

60.   Please admit that, during the relevant time period, the total amount of time that was removed from programming at SVJC exceeded 120 hours.

ANSWER:

61.   Please admit that, during the relevant time period, the total amount of time that was removed from programming at SVJC exceeded 520 hours.

ANSWER:

62.   Please admit that, during the relevant time period, the total amount of time that was removed from programming at SVJC exceeded 605 hours.

ANSWER:

63.   Please admit that, during the relevant time period, the total amount of time that was removed from programming at SVJC exceeded 245 hours.

ANSWER:

64. Please admit that, during the relevant time period, the total amount of time that was removed from programming at SVJC exceeded 175 hours.

ANSWER:

65. Please admit that, during the relevant time period, the total amount of time that was removed from programming at SVJC exceeded 135 hours.

ANSWER:

66. Please admit that, during the relevant time period, the total amount of time that was removed from programming at SVJC exceeded 200 hours.

ANSWER:

67. Please admit that, during the relevant time period, the total amount of time that was removed from programming at SVJC exceeded 327 hours.

ANSWER:

68. Please admit that, from March 22, 2017 to March 26, 2017,                          was removed from programming for a continuous period of time that exceeded 90 hours.

ANSWER:

69. Please admit that, from March 6, 2017 to March 9, 2017,                    was removed from programming for a continuous period of time that exceeded 65 hours.

ANSWER:

70. Please admit that, from February 3, 2017 to February 6, 2017,                          was removed from programming for a continuous period of time that exceeded 70 hours.

ANSWER:

71.   Please admit that, from November 17, 2016 to November 19, 2016,

        was removed from programming for a continuous period of time that exceeded 50 hours.

ANSWER:

72.   Please admit that, from December 31, 2016 to January 7, 2017,                 was removed

        from programming for a continuous period of time that exceeded 160 hours.

ANSWER:

73.   Please admit that, from July 12, 2016 to July 15, 2016,                 was removed

        from programming for a continuous period of time that exceeded 75 hours.

ANSWER:

74.   Please admit that, from October 2, 2016 to October 3, 2016,                 was

        removed from programming for a continuous period of time that exceeded 24 hours.

ANSWER:

75.   Please admit that, from November 15, 2015 to November 17, 2015,

        was removed from programming for a continuous period of time that exceeded 45 hours.

ANSWER:

76.   Please admit that, from November 20, 2016 to November 21, 2016,

                was removed from programming for a continuous period of time that exceeded

        25 hours.

ANSWER:

77.   Please admit that, from April 24, 2016 to April 27, 2016,                 was removed

from programming for a continuous period of time that exceeded 70 hours.

ANSWER:

78.   Please admit that, from April 28, 2017 to April 30, 2017,                 was removed

from programming for a continuous period of time that exceeded 45 hours.

ANSWER:

79.   Please admit that, from March 18, 2017 to March 21, 2017,                 was removed

from programming for a continuous period of time that exceeded 65 hours.

ANSWER:

80.   Please admit that, from December 28, 2015 to December 31, 2015,

           was removed from programming for a continuous period of time that exceeded 70

hours.

ANSWER:

81.   Please admit that, from January 24, 2016 to January 27, 2016,                 was

removed from programming for a continuous period of time that exceeded 70 hours.

ANSWER:

82.   Please admit that, from March 5, 2017 to March 7, 2017,                 was removed

from programming for a continuous period of time that exceeded 45 hours.

ANSWER:

83. Please admit that, from June 23, 2016 to June 26, 2016,                     was removed

    from programming for a continuous period of time that exceeded 70 hours.

ANSWER:

84. Please admit that, from November 21, 2016 to November 24, 2016,                     was

    removed from programming for a continuous period of time that exceeded 65 hours.

ANSWER:

85. Please admit that, during the relevant time period, the number of incidents for which

                     was removed from programming exceeded 74.

ANSWER:

86. Please admit that, during the relevant time period, the number of incidents for which

                     was removed from programming exceeded 44.

ANSWER:

87. Please admit that, during the relevant time period, the number of incidents for which

                     was removed from programming exceeded 39.

ANSWER:

88. Please admit that, during the relevant time period, the number of incidents for which

                     was removed from programming exceeded 39.

ANSWER:

89. Please admit that, during the relevant time period, the number of incidents for which

                     was removed from programming exceeded 36.

ANSWER:

90. Please admit that, during the relevant time period, the number of incidents for which
    was removed from programming exceeded 31.

ANSWER:

91. Please admit that, during the relevant time period, the number of incidents for which
    was removed from programming exceeded 25.

ANSWER:

92. Please admit that, during the relevant time period, the number of incidents for which
    removed from programming exceeded 24.

ANSWER:

93. Please admit that, during the relevant time period, the number of incidents for which
    was removed from programming exceeded 24.

ANSWER:

94. Please admit that, during the relevant time period, the number of incidents for which
    was removed from programming exceeded 21.

ANSWER:

95. Please admit that, during the relevant time period, the number of incidents for which
    was removed from programming exceeded 21.

ANSWER:

96.  Please admit that, during the relevant time period, the number of incidents for which
     was removed from programming exceeded 17.

ANSWER:

97.  Please admit that, during the relevant time period, the number of incidents for which
     was removed from programming exceeded 16.

ANSWER:

98.  Please admit that, during the relevant time period, the number of incidents for which
     was removed from programming exceeded 15.

ANSWER:

99.  Please admit that, during the relevant time period, the number of incidents for which
     removed from programming exceeded 15.

ANSWER:

100.  Please admit that, during the relevant time period, the number of incidents for which
      was removed from programming exceeded 15.

ANSWER:

101.  Please admit that, during the relevant time period, the number of incidents for which
      was removed from programming exceeded 15.

ANSWER:

102.  Please admit that, during the relevant time period, the number of incidents for which
      was removed from programming exceeded 15.

ANSWER:

103.  Please admit that, during the relevant time period, the number of incidents for which
      was removed from programming exceeded 14.

ANSWER:

104.  Please admit that, during the relevant time period, the number of incidents for which
      was removed from programming exceeded 14.

ANSWER:

105.  Please admit that, during the relevant time period, the total amount of time that
      was in the restraint chair at SVJC exceeded 1,500 minutes.

ANSWER:

106.  Please admit that, during the relevant time period, the total amount of time that
      was in the restraint chair at SVJC exceeded 740 minutes.

ANSWER:

107.  Please admit that, during the relevant time period, the total amount of time that
      was in the restraint chair at SVJC exceeded 690 minutes.

ANSWER:

108.  Please admit that, during the relevant time period, the total amount of time that
      was in the restraint chair at SVJC exceeded 210 minutes.

ANSWER:

109.  Please admit that, during the relevant time period, the total amount of time that
       was in the restraint chair at SVJC exceeded 120 minutes.

ANSWER:

110.  Please admit that, during the relevant time period, the total amount of time that
       was in the restraint chair at SVJC exceeded 125 minutes.

ANSWER:

111.  Please admit that, during the relevant time period, the total amount of time that
       was in the restraint chair at SVJC exceeded 95 minutes.

ANSWER:

112.  Please admit that, during the relevant time period, the total amount of time that
       was in the restraint chair at SVJC exceeded 80 minutes.

ANSWER:

113.  Please admit that, on January 19, 2017, the total amount of time that          was in
       the restraint chair at SVJC exceeded 515 minutes.

ANSWER:

114.  Please admit that, on January 18, 2017, the total amount of time that          was in
       the restraint chair at SVJC exceeded 375 minutes.

ANSWER:

115.  Please admit that, on January 5, 2017, the total amount of time that          was in the
       restraint chair at SVJC exceeded 205 minutes.

ANSWER:

116. Please admit that, on December 14, 2016, the total amount of time that                was in the restraint chair at SVJC exceeded 130 minutes.

ANSWER:

117. Please admit that, on August 17, 2017, the total amount of time that                was in the restraint chair at SVJC exceeded 110 minutes.

ANSWER:

118. Please admit that, on September 13, 2016, the total amount of time that                was in the restraint chair at SVJC exceeded 280 minutes.

ANSWER:

119. Please admit that, on October 3, 2016, the total amount of time that                was in the restraint chair at SVJC exceeded 185 minutes.

ANSWER:

120. Please admit that, on January 31, 2017, the total amount of time that                was in the restraint chair at SVJC exceeded 100 minutes.

ANSWER:

121. Please admit that, on January 30, 2017, the total amount of time that                was in the restraint chair at SVJC exceeded 100 minutes.

ANSWER:

122. Please admit that, on November 15, 2015, the total amount of time that

        was in the restraint chair at SVJC exceeded 82 minutes.

ANSWER:

123. Please admit that, on December 26, 2016, the total amount of time that

        was in the restraint chair at SVJC exceeded 130 minutes.

ANSWER:

124. Please admit that, on November 18, 2017, the total amount of time that

    was in the restraint chair at SVJC exceeded 95 minutes.

ANSWER:

125. Please admit that, on March 6, 2016, the total amount of time that

        was in the restraint chair at SVJC exceeded 80 minutes.

ANSWER:

126. Please admit that, during the relevant time period,         was in the restraint chair at

SVJC more than 14 times.

ANSWER:

127. Please admit that, during the relevant time period,         was in the restraint

chair at SVJC more than ten times.

ANSWER:

128. Please admit that, during the relevant time period,         was in the restraint chair at

SVJC more than five times.

ANSWER:

129. Please admit that, during the relevant time period,                              was in the restraint

    chair at SVJC more than one time.

ANSWER:

130. Please admit that, during the relevant time period,                              was in the

    restraint chair at SVJC more than one time.

ANSWER:

131. Please admit that, from January 1, 2018 to the present, Youth at SVJC were in the restraint

    chair more than four times.

ANSWER:

132. Please admit that on August 9, 2018, a Youth at SVJC was in the restraint chair.

ANSWER:

133. Please admit that, from October 4, 2017 to the present, SVJC has not eliminated the use of

    the restraint chair on Youth.

ANSWER:

134. Please admit that, from October 4, 2017 to the present, SVJC has not foreclosed the

    possibility of use of the restraint chair on Youth.

ANSWER:

135. Please admit that, during the relevant time period, the total amount of time that

                       was in mechanical restraints at SVJC exceeded 3,000 minutes.

ANSWER:

136. Please admit that, during the relevant time period, the total amount of time that in mechanical restraints at SVJC exceeded 220 minutes.

ANSWER:

137. Please admit that, during the relevant time period, the total amount of time that was in mechanical restraints at SVJC exceeded 920 minutes.

ANSWER:

138. Please admit that, during the relevant time period, the total amount of time that was in mechanical restraints at SVJC exceeded 1,000 minutes.

ANSWER:

139. Please admit that, during the relevant time period, the total amount of time that was in mechanical restraints at SVJC exceeded 1,150 minutes.

ANSWER:

140. Please admit that, during the relevant time period, the total amount of time that was in mechanical restraints at SVJC exceeded 360 minutes.

ANSWER:

141. Please admit that, during the relevant time period, the total amount of time that was in mechanical restraints at SVJC exceeded 120 minutes.

ANSWER:

142. Please admit that, during the relevant time period, the total amount of time that was in mechanical restraints at SVJC exceeded 85 minutes.

ANSWER:

143. Please admit that, during the relevant time period, the total amount of time that was in mechanical restraints at SVJC exceeded 40 minutes.

ANSWER:

144. Please admit that, during the relevant time period, the total amount of time that was in mechanical restraints at SVJC exceeded 40 minutes.

ANSWER:

145. Please admit that, during the relevant time period, the total amount of time that was in mechanical restraints at SVJC exceeded 43 minutes.

ANSWER:

146. Please admit that, during the relevant time period, the total amount of time that was in mechanical restraints at SVJC exceeded 33 minutes.

ANSWER:

147. Please admit that, during the relevant time period, the total amount of time that was in mechanical restraints at SVJC exceeded 36 minutes.

ANSWER:

148. Please admit that, on March 23, 2017, the total amount of time that was in mechanical restraints at SVJC exceeded 350 minutes.

ANSWER:

149. Please admit that, on December 14, 2016, the total amount of time that was in mechanical restraints at SVJC exceeded 30 minutes.

ANSWER:

150. Please admit that, on October 6, 2016, the total amount of time that was in mechanical restraints at SVJC exceeded 340 minutes.

ANSWER:

151. Please admit that, on March 10, 2017, the total amount of time that was in mechanical restraints at SVJC exceeded 170 minutes.

ANSWER:

152. Please admit that, on March 10, 2017, the total amount of time that was in mechanical restraints at SVJC exceeded 230 minutes.

ANSWER:

153. Please admit that, on January 19, 2017, the total amount of time that                    was in restraints at SVJC exceeded 230 minutes.

ANSWER:

154. Please admit that, on December 28, 2016, the total amount of time that was in mechanical restraints at SVJC exceeded 90 minutes.

ANSWER:

155. Please admit that, on October 3, 2016, the total amount of time that                was in mechanical restraints at SVJC exceeded 55 minutes.

ANSWER:

156. Please admit that, on November 10, 2017, the total amount of time that                was in mechanical restraints at SVJC exceeded 36 minutes.

ANSWER:

157. Please admit that, on December 28, 2015, the total amount of time that                was in mechanical restraints at SVJC exceeded 24 minutes.

ANSWER:

158. Please admit that, on September 12, 2016, the total amount of time that                was in mechanical restraints at SVJC exceeded 20 minutes.

ANSWER:

159. Please admit that, on July 5, 2017, the total amount of time that                was in mechanical restraints at SVJC exceeded 20 minutes.

ANSWER:

160. Please admit that, on June 20, 2017, the total amount of time that                was in mechanical restraints at SVJC exceeded 36 minutes.

ANSWER:

161. Please admit that, during the relevant time period,                was in mechanical restraints at SVJC more than 17 times.

ANSWER:

162.  Please admit that, during the relevant time period,                was in mechanical

      restraints at SVJC more than 17 times.

ANSWER:

163.  Please admit that, during the relevant time period,                was in mechanical

      restraints at SVJC more than nine times.

ANSWER:

164.  Please admit that, during the relevant time period,                was in mechanical

      restraints at SVJC more than eight times.

ANSWER:

165.  Please admit that, during the relevant time period,                     was in

      mechanical restraints at SVJC more than seven times.

ANSWER:

166.  Please admit that, during the relevant time period,          was in mechanical restraints

      at SVJC more than seven times.

ANSWER:

167.  Please admit that, during the relevant time period,                     was in

      mechanical restraints at SVJC more than five times.

ANSWER:

168.  Please admit that, during the relevant time period,            was in mechanical restraints at SVJC more than four times.

ANSWER:

169.  Please admit that, during the relevant time period,            was in mechanical restraints at SVJC more than two times.

ANSWER:

170.  Please admit that, during the relevant time period,            was in mechanical restraints at SVJC more than two times.

ANSWER:

171.  Please admit that, during the relevant time period,            was in mechanical restraints at SVJC more than two times.

ANSWER:

172.  Please admit that, during the relevant time period,            was in mechanical restraints at SVJC more than two times.

ANSWER:

173.  Please admit that, during the relevant time period,            was in mechanical restraints at SVJC more than one time.

ANSWER:

174.  Please admit that, during the relevant time period,            was in mechanical restraints at SVJC more than one time.

ANSWER:

175. Please admit that, during the relevant time period,                    was in mechanical restraints at SVJC more than one time.

ANSWER:

176. Please admit that, during the relevant time period,          was in mechanical restraints at SVJC more than one time.

ANSWER:

177. Please admit that, during the relevant time period,                    was in mechanical restraints at SVJC more than one time.

ANSWER:

178. Please admit that, during the relevant time period,          was in mechanical restraints at SVJC more than one time.

ANSWER:

179. Please admit that, during the relevant time period,                    was in mechanical restraints at SVJC more than one time.

ANSWER:

180. Please admit that, during the relevant time period,          was in mechanical restraints at SVJC more than one time.

ANSWER:

181. Please admit that, during the relevant time period, the total amount of time that

was in a Primary Restraint Technique ("PRT") hold at SVJC exceeded 88 minutes.

ANSWER:

182. Please admit that, during the relevant time period, the total amount of time that was in a PRT hold at SVJC exceeded 39 minutes.

ANSWER:

183. Please admit that, during the relevant time period, the total amount of time that was in a PRT hold at SVJC exceeded 39 minutes.

ANSWER:

184. Please admit that, during the relevant time period, the total amount of time that was in a PRT hold at SVJC exceeded 32 minutes.

ANSWER:

185. Please admit that, during the relevant time period, the total amount of time that was in a PRT hold at SVJC exceeded 16 minutes.

ANSWER:

186. Please admit that, during the relevant time period, the total amount of time that was in a PRT hold at SVJC exceeded 11 minutes.

ANSWER:

187. Please admit that, during the relevant time period, the total amount of time that was in a PRT hold at SVJC exceeded 13 minutes.

ANSWER:

188. Please admit that, during the relevant time period, the total amount of time that was in a PRT hold at SVJC exceeded 15 minutes.

ANSWER:

189. Please admit that, during the relevant time period, the total amount of time that was in a PRT hold at SVJC exceeded 24 minutes.

ANSWER:

190. Please admit that, during the relevant time period, the total amount of time that was in a PRT hold at SVJC exceeded 14 minutes.

ANSWER:

191. Please admit that, during the relevant time period, the total amount of time that was in a PRT hold at SVJC exceeded 15 minutes.

ANSWER:

192. Please admit that, during the relevant time period, the total amount of time that was in a PRT hold at SVJC exceeded 14 minutes.

ANSWER:

193. Please admit that, during the relevant time period, the total amount of time that was in a PRT hold at SVJC exceeded 11 minutes.

ANSWER:

194.  Please admit that, during the relevant time period, the total amount of time that
        was in a PRT hold at SVJC exceeded 16 minutes.

ANSWER:

195.  Please admit that, during the relevant time period, the total amount of time that
      was in a PRT hold at SVJC exceeded 34 minutes.

ANSWER:

196.  Please admit that, during the relevant time period, the total amount of time that
        was in a PRT hold at SVJC exceeded 11 minutes.

ANSWER:

197.  Please admit that, on a single calendar day during the relevant time period, the total amount
      of time that                      was in a PRT hold at SVJC exceeded five minutes.

ANSWER:

198.  Please admit that, on a single calendar day during the relevant time period, the total amount
      of time that                  was in a PRT hold at SVJC exceeded eight minutes.

ANSWER:

199.  Please admit that, on a single calendar day during the relevant time period, the total amount
      of time that                      was in a PRT hold at SVJC exceeded ten minutes.

ANSWER:

200. Please admit that, on a single calendar day during the relevant time period, the total amount of time that          was in a PRT hold at SVJC exceeded four minutes.

ANSWER:

201. Please admit that, on a single calendar day during the relevant time period, the total amount of time that          was in a PRT hold at SVJC exceeded two minutes.

ANSWER:

202. Please admit that, on a single calendar day during the relevant time period, the total amount of time that          was in a PRT hold at SVJC exceeded one minute.

ANSWER:

203. Please admit that, on a single calendar day during the relevant time period, the total amount of time that          was in a PRT hold at SVJC exceeded four minutes.

ANSWER:

204. Please admit that, on a single calendar day during the relevant time period, the total amount of time that          was in a PRT hold at SVJC exceeded ten minutes.

ANSWER:

205. Please admit that, on a single calendar day during the relevant time period, the total amount of time that          was in a PRT hold at SVJC exceeded eight minutes.

ANSWER:

206. Please admit that, on a single calendar day during the relevant time period, the total amount of time that          was in a PRT hold at SVJC exceeded three minutes.

ANSWER:

207. Please admit that, on a single calendar day during the relevant time period, the total amount of time that _____ was in a PRT hold at SVJC exceeded four minutes.

ANSWER:

208. Please admit that, on a single calendar day during the relevant time period, the total amount of time that _____ was in a PRT hold at SVJC exceeded two minutes.

ANSWER:

209. Please admit that, on a single calendar day during the relevant time period, the total amount of time that _____ was in a PRT hold at SVJC exceeded two minutes.

ANSWER:

210. Please admit that, on a single calendar day during the relevant time period, the total amount of time that _____ was in a PRT hold at SVJC exceeded six minutes.

ANSWER:

211. Please admit that, on a single calendar day during the relevant time period, the total amount of time that _____ was in a PRT hold at SVJC exceeded one minute.

ANSWER:

212. Please admit that, on a single calendar day during the relevant time period, the total amount of time that _____ was in a PRT hold at SVJC exceeded 17 minutes.

ANSWER:

213.  Please admit that, on a single calendar day during the relevant time period, the total amount of time that                          was in a PRT hold at SVJC exceeded four minutes.

ANSWER:

214.  Please admit that, on a single calendar day during the relevant time period, the total amount of time that                          was in a PRT hold at SVJC exceeded two minutes.

ANSWER:

215.  Please admit that, on a single calendar day during the relevant time period, the total amount of time that                      was in a PRT hold at SVJC exceeded one minute.

ANSWER:

216.  Please admit that, during the relevant time period,                          was in a PRT hold at SVJC more than 28 times.

ANSWER:

217.  Please admit that, during the relevant time period,               was in a PRT hold at SVJC more than 15 times.

ANSWER:

218.  Please admit that, during the relevant time period,                          was in a PRT hold at SVJC more than 14 times.

ANSWER:

219.  Please admit that, during the relevant time period,                     was in a PRT hold at SVJC more than 13 times.

ANSWER:

220. Please admit that, during the relevant time period,                    was in a PRT hold
     at SVJC more than ten times.

ANSWER:

221. Please admit that, during the relevant time period,                  was in a PRT
     hold at SVJC more than nine times.

ANSWER:

222. Please admit that, during the relevant time period,                  was in a PRT
     hold at SVJC more than eight times.

ANSWER:

223. Please admit that, during the relevant time period,                  was in a PRT
     hold at SVJC more than seven times.

ANSWER:

224. Please admit that, during the relevant time period,              in a PRT hold at
     SVJC more than seven times.

ANSWER:

225. Please admit that, during the relevant time period,              was in a PRT hold at
     SVJC more than seven times.

ANSWER:

226. Please admit that, during the relevant time period,                    was in a PRT hold
     at SVJC more than six times.

ANSWER:

227. Please admit that, during the relevant time period,                   was in a PRT hold
     at SVJC more than six times.

ANSWER:

228. Please admit that, during the relevant time period,                    was in a PRT
     hold at SVJC more than six times.

ANSWER:

229. Please admit that, during the relevant time period,                   in a PRT hold at
     SVJC more than five times.

ANSWER:

230. Please admit that, during the relevant time period,                   was in a PRT hold at
     SVJC more than five times.

ANSWER:

231. Please admit that, during the relevant time period,                  was in a PRT hold at SVJC
     more than four times.

ANSWER:

232. Please admit that, during the relevant time period,                   was in a PRT
     hold at SVJC more than four times.

ANSWER:

233.  Please admit that, during the relevant time period,                    was in a PRT

hold at SVJC more than four times.

ANSWER:

234.  Please admit that, during the relevant time period,              was in a PRT hold at

SVJC more than five times.

ANSWER:

235.  Please admit that, during the relevant time period,                 . was in a PRT hold

at SVJC more than four times.

ANSWER:

236.  Please admit that Andrea Weisman, Ph.D., is qualified as an expert under Federal Rule of

Evidence 702 to opine on the subject of clinical psychology as it concerns the diagnosis,

assessment and treatment of the mental health problems of adolescents.

ANSWER:

237.  Please admit that Gregory N. Lewis, Psy.D., is qualified as an expert under Federal Rule of

Evidence 702 to opine on the subject of clinical psychology as it concerns the diagnosis,

assessment and treatment of the mental health problems of adolescents.

ANSWER:

238.  Please admit that Paul G. Diver, Ph.D., is qualified as an expert in applied statistical analysis

under Federal Rule of Evidence 702.

ANSWER:

239. Please admit that a trauma-informed approach is the standard of care in the juvenile justice system.

ANSWER:

240. Please admit that the American Medical Association ("AMA") opposes solitary confinement of juveniles beyond a one-hour period.

ANSWER:

241. Please admit that, during the relevant time period, SVJC had knowledge of the AMA's opposition to solitary confinement of juveniles beyond a one-hour period.

ANSWER:

242. Please admit that the Juvenile Detention Alternative Initiative's ("JDAI") Juvenile Detention Standards do not permit the use of room confinement for longer than four hours.

ANSWER:

243. Please admit that, during the relevant time period, SVJC had knowledge of the JDAI Standard identified in Request No. 242.

ANSWER:

244. Please admit that the restraint chair was last used in a Virginia state detention facility in 2015.

ANSWER:

245. Please admit that, during the relevant time period, SVJC had knowledge that the restraint chair was last used in a Virginia state detention facility in 2015.

ANSWER:

## **REQUESTS FOR ADMISSIONS AS TO DOCUMENTS**:

1.    Please admit that Exhibit 1, *supra*, is genuine and admissible in this proceeding without objection to its authenticity.

ANSWER:

2.    Please admit that the document bates-stamped as DOE_000734 to DOE_738 and attached hereto as Exhibit 2, which was produced by Defendant in response to Plaintiffs' Request for Production No. 16 and No. 22 as "Staff Directory 10.04.15 - Present.pdf," is genuine and admissible in this proceeding without objection to its authenticity.

ANSWER:

3.    Please admit that the document bates-stamped as DOE_000001 to DOE_000078 and attached hereto as Exhibit 3, which was produced by Defendant in response to Plaintiffs' Request for Production No. 24 as "2015 Census.pdf," is genuine and admissible in this proceeding without objection to its authenticity.

ANSWER:

4.    Please admit that the information contained in Exhibit 3, *supra*, accurately sets forth the count of UACs on their designated dates.

ANSWER:

5.   Please admit that the document bates-stamped as DOE_000079 to DOE_000323 and attached hereto as Exhibit 4, which was produced by Defendant in response to Plaintiffs' Request for Production No. 24 as "2016 Census.pdf," is genuine and admissible in this proceeding without objection to its authenticity.

ANSWER:

6.   Please admit that the information contained in Exhibit 4, *supra*, accurately sets forth the count of UACs on their designated dates.

ANSWER:

7.   Please admit that the document bates-stamped as DOE_000324 to DOE_000611 and attached hereto as Exhibit 5, which was produced by Defendant in response to Plaintiffs' Request for Production No. 24 as "2017 Census.pdf," is genuine and admissible in this proceeding without objection to its authenticity.

ANSWER:

8.   Please admit that the information contained in Exhibit 5, *supra*, accurately sets forth the count of UACs on their designated dates.

ANSWER:

9.   Please admit that the document bates-stamped as DOE_000612 to DOE_000710 and attached hereto as Exhibit 6, which was produced by Defendant in response to Plaintiffs' Request for Production No. 24 as "2018 Census.pdf," is genuine and admissible in this proceeding without objection to its authenticity.

ANSWER:

10. Please admit that the information contained in Exhibit 6, *supra*, accurately sets forth the count of UACs on their designated dates.

ANSWER:

11. Please admit that the document bates-stamped as DOE_000713 to DOE_000718 and attached hereto as Exhibit 7, which was produced by Defendant in response to Plaintiffs' Request for Production No. 24 as "Master List FY FEB 18 - JAN 19.pdf," is genuine and admissible in this proceeding without objection to its authenticity.

ANSWER:

12. Please admit that the information contained in Exhibit 7, *supra*, accurately sets forth the count of UACs on their designated dates.

ANSWER:

13. Please admit that the document bates-stamped as DOE_000719 to DOE_000733 and attached hereto as Exhibit 8, which was produced by Defendant in response to Plaintiffs' Request for Production No. 24 as "Master List FY OCT15-JAN17.pdf," is genuine and admissible in this proceeding without objection to its authenticity.

ANSWER:

14. Please admit that the information contained in Exhibit 8, *supra*, accurately sets forth the count of UACs on their designated dates.

ANSWER:

15. Please admit that the document bates-stamped as DOE_000739 to DOE_000741 and attached hereto as Exhibit 9, which was produced by Defendant in response to Plaintiffs'

Request for Production No. 24 as "Master List FY FEB 17 - JAN 18.pdf," is genuine and

admissible in this proceeding without objection to its authenticity.

ANSWER:

16.    Please admit that the information contained in Exhibit 9, supra, accurately sets forth the count

of UACs on their designated dates.

ANSWER:

Dated:      September 17, 2018          Respectfully submitted,

By: /s/ Hannah M. Lieberman
Hannah M. Lieberman (admitted *pro hac vice*)
Tiffany S. Yang (admitted *pro hac vice*)
Mirela Missova (admitted *pro hac vice*)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS AND
URBAN AFFAIRS
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
(202) 319-1000 (telephone)
(202) 319-1010 (facsimile)
hannah_lieberman@washlaw.org
tiffany_yang@washlaw.org
mirela_missova@washlaw.org

Theodore A. Howard (admitted *pro hac vice*)
Bradley C. Tobias (VSB No. 88046)
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
(202) 719-7120 (telephone)
thoward@wileyrein.com
btobias@wileyrein.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2018, I served the foregoing

document by e-mail to the following counsel of record:

Jason A. Botkins
Melisa G. Michelsen
LITTEN & SIPE, LLP
410 Neff Avenue
Harrisonburg, VA 22801
(540) 434-5353 (telephone)
(540) 434-6069 (facsimile)
jason.botkins@littensipe.com
melisa.michelsen@littensipe.com

Harold Johnson
Meredith Haynes
WILLIAMS MULLEN
Williams Mullen Center
200 South 10th Street, Suite 1600
Richmond, VA 23219
hjohnson@williamsmullen.com
mhaynes@williamsmullen.com

By: /s/ Tiffany Yang
Tiffany Yang (admitted *pro hac vice*)
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
(202) 319-1000 (telephone)
(202) 319-1010 (facsimile)
tiffany_yang@washlaw.org