# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| **JOHN DOE 4, by and through his next friend, NELSON LOPEZ, on behalf of himself and all persons similarly situated** | ) ) ) ) | |
| *Plaintiffs*, | ) ) | **Civil Action No. 5:17-cv-00097-EKD** |
| **v.** | ) ) | |
| **SHENANDOAH VALLEY JUVENILE CENTER COMMISSION,** | ) ) ) | |
| *Defendant*. | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR MODIFICATION OF THE AMENDED SCHEDULING ORDER

Defendant Shenandoah Valley Juvenile Center Commission ("SVJC"), by counsel, states as follows for its Opposition to Plaintiffs' Motion to Compel Discovery and for Modification of the Amended Scheduling Order:

## INTRODUCTION

Plaintiffs filed this class action pursuant to 42 U.S.C. ¶ 1983 "to vindicate the rights of immigrant youth detained at SVJC" more than a year ago on October 4, 2017. Complaint, Dkt. 1, ¶ 2. When Plaintiffs' first named plaintiff, John Doe 1, left SVJC in December 2017, Plaintiffs filed an Amended Complaint to add John Does 2 and 3 as named plaintiffs and class representatives. (Dkt. 22). After John Does 2 and 3 returned to their home countries, and John Doe 1 declined to proceed as a party plaintiff, Plaintiffs filed a Second Amended Complaint on July 11, 2018 to substitute John Doe 4 as class representative. (Dkts. 64 and 68).

The Court entered a Scheduling Order on January 22, 2018 and set trial for December 3-7, 2018. (Dkt. 19). However, after filing their Second Amended Complaint, Plaintiffs filed a Consent Motion to Modify the Scheduling Order, citing "changes in the profile of the case and the Parties' need to address them" which "undoubtedly caused delays in the progression of litigation . . . and the conduct of discovery." See Consent Motion to Modify the Scheduling Order, Dkt. 73, ¶ 5. In support of the motion, Plaintiffs acknowledged, "Although . . . the truncated schedule [the Parties] have suggested would impose very significant burdens and obligations upon the Court and its staff as well as upon each other, they are hopeful that the Court would be agreeable to work with the Parties to keep the case on track . . . in light of the urgency with which injunctive relief is needed . . ." Id., ¶ 7.

In response, the Court was agreeable, and did keep the case on track. The Court vacated the previous Scheduling Order, rescheduled trial for December 17-21, 2018, and "impose[d] a new procedural schedule pursuant to which the Parties shall prepare this case for trial." (Dkt. 81). In doing so, the Court adopted Plaintiffs' proposed pre-trial deadlines. The deadlines at issue are as follows:

| | |
|---|---|
| September 7, 2018 | Deadline for Plaintiffs' Disclosures regarding Trial Experts |
| September 28, 2018 | Deadline for Defendants' Disclosures regarding Trial Experts<br>Deadline for Completion of Fact Discovery |
| October 8, 2018 | Deadline for Plaintiffs' Rebuttal Expert Disclosures |
| October 15, 2018 | Deadline for Completion of Expert Depositions<br>Close of Discovery |
| October 22, 2018 | Deadline for Submission of Dispositive Motions and Motions to Exclude Experts |

2

Consent Motion to Modify the Scheduling Order, Dkt. 73, ¶ 6, and August 22, 2018
Order, Dkt. 81

Now, Plaintiffs ask the Court to excuse them from compliance with the pre-trial schedule

they requested and to extend a deadline they have already missed. On October 29, 2018, Plaintiffs

filed their Motion to Compel Discovery and for Modification of the Amended Scheduling Order

(Dkt. 107). In their Motion, Plaintiffs ask the Court to:

1. Compel SVJC to make treating physician and designated expert Joseph Gorin, Psy.D., available for deposition;

2. Compel SVJC to make treating physician and designated expert Timothy Kane, M.D., available for deposition for the maximum amount of time permitted under the Rules;

3. Modify the August 22, 2018 Amended Scheduling Order (Dkt. 81) to extend Plaintiffs' deadline to file motions to exclude SVJC's expert witnesses from the already-expired deadline of October 22, 2018 to seven days following the completion of Plaintiffs' depositions of SVJC's expert witnesses.

Plaintiffs' Motion to Compel Discovery and for Modification of the Scheduling
Order, Dkt. 107.

Trial is now just over six weeks away. While the parties have cooperated in the past to

extend and modify deadlines, the Plaintiffs' most recent requests are different. Plaintiffs failed to

request depositions in a timely fashion despite disclosure of the witnesses at issue months ago.

And Plaintiffs allowed deadlines for the completion of factual discovery and expert depositions to

pass without seeking leave for an extension of those deadlines. The Court should deny Plaintiffs'

requests and enforce the Order and deadlines Plaintiffs asked the Court to impose less than three

months ago.

## ARGUMENT

### A. The Court Should Deny Plaintiffs' Motion to Compel the Deposition of Dr. Gorin and Should Limit Plaintiffs' Deposition of Dr. Kane to Three Hours.

The Court should deny Plaintiffs' Motion to Compel the Deposition of Dr. Gorin because both parties disclosed Dr. Gorin as a treating physician with relevant knowledge months ago. Plaintiffs did not ask to depose Dr. Gorin as an expert or even as a fact witness until October 17, 2018, at which point both applicable deadlines had passed. See October 17, 2018 E-Mail from Hannah Lieberman to Jason Botkins, Exhibit 4 to Plaintiffs' Motion. (Dkt. 108).

Likewise, the Court should limit Plaintiffs' deposition of Dr. Kane to one three-hour deposition, rather than allow Plaintiffs the three-hour deposition and potential second deposition of up to four hours they propose. Dr. Kane's limited availability is due to his status as a practicing physician with a full patient schedule and Plaintiffs' failure to request dates with sufficient advance notice to find additional time. SVJC is not withholding him or making him unavailable. Plaintiffs should be held to Dr. Kane's three-hour window unless and until they can show additional time is necessary.

Plaintiffs claim the treating clinicians SVJC designated as experts, including Dr. Gorin and Dr. Kane, had, up until designation, "only been categorized by Defendant as persons with knowledge of facts relevant to the parties [sic] respective claims and defenses." Plaintiffs' Motion, Dkt. 108, at 2. Plaintiffs state they "had no reason to believe that either of these individuals would be designated as experts who might be called upon in testimony at trial." Id. at 5.

Plaintiffs are absolutely correct that SVJC disclosed Dr. Gorin and Dr. Kane as persons with relevant knowledge long before the expert designation deadline. However, Plaintiffs' failure to anticipate that Dr. Gorin and Dr. Kane might be designated as experts to testify at trial is unreasonable and not attributable to any disclosure or non-disclosure by SVJC. SVJC first

4

identified Dr. Gorin and Dr. Kane in its Initial Rule 26(a)(1) disclosures on March 5, 2018. See Defendant's Initial Disclosures, attached as **Exhibit A**, at page 15. SVJC said, in disclosing Dr. Gorin and Dr. Kane, that they "provide psychiatric and psychological evaluations for SVJC and may have discoverable knowledge of Plaintiffs' medical evaluations, conditions, and treatment while housed at SVJC." Id. On May 14, 2018, in response to Plaintiffs' Interrogatory No. 10, which asked SVJC to "identify all psychologists, psychiatrists, and other medical professionals who provide mental health treatment or services to UACs," SVJC again identified Dr. Kane and Dr. Gorin (along with other mental health professionals). See SVJC's Answers to Plaintiffs' First Interrogatories, attached as **Exhibit B**, at pages 6-7.

Plaintiffs' failure to anticipate that SVJC might designate treating mental health professionals as experts is particularly perplexing in light of the fact that Plaintiffs devote an entire section of their Second Amended Complaint, and two counts, to allegations of insufficient mental health treatment at SVJC. See Second Amended Complaint, Dkt. 68, at ¶¶ 94-115, 134-151. For example, Plaintiffs allege SVJC "has a policy or practice of denying Plaintiff and class members access to appropriate mental health treatment" and is "deliberately indifferent to the children's serious mental health needs." Id. at ¶¶ 95, 108. Further, Plaintiffs identified John Doe 1's "treating psychologists"generally in their own initial disclosures, acknowledging that "[t]hese individuals likely possess discoverable knowledge and/or information regarding the factual foundation of the allegations, legal contentions, causes of action and claims for relief set forth in Plaintiffs' Amended Complaint." See Plaintiffs' Rule 26(a)(1)(A)(i) Amended Disclosures, attached as **Exhibit C**, at page 2.

Even accepting Plaintiffs' surprise at SVJC's designation of Dr. Gorin, Plaintiffs could have asked to depose him anytime between SVJC's disclosure on September 28, 2018 and the deadline for completion of expert discovery on October 15, 2018. Instead, Plaintiffs indicated "they would also likely want to depose Dr. Gorin" in conversation on October 5, 2018, but did not actually do so until October 17, 2018, two days after the deadline. See Plaintiffs' Motion, Dkt. 108, at 6. By comparison, SVJC requested dates for depositions of Plaintiffs' experts before designation on July 14, 2018, and twice more after designation on September 14 and 21, 2018. See E-Mails, attached as **Exhibit D**. SVJC deposed Plaintiffs' expert Dr. Weisman before the expert deposition deadline, and deposed Plaintiffs' remaining experts, Dr. Diver and Dr. Lewis, on the day after the deadline based on the experts' availability.[1] SVJCC filed its motions to exclude Plaintiffs' experts in accordance with the Court's Order and deadline on October 22, 2018.

SVJC agrees to Plaintiffs' deposition of Dr. Kane because, again, Plaintiffs asked to depose Dr. Kane before the expert discovery deadline passed. However, under the circumstances, Plaintiffs should not be entitled to depose Dr. Kane for seven hours, especially given that Plaintiffs make no effort to explain why a seven-hour deposition is necessary. SVJC does not employ Dr. Kane and has not retained him as an expert. He is a treating physician with relevant factual knowledge and a busy private practice. Nevertheless, Plaintiffs waited until October 5, 2018 to ask to depose Dr. Kane. See Plaintiffs' Motion, Dkt. 108, at 2. His availability on November 2, 2018, the agreed-upon day for his deposition, is limited to three hours. Plaintiffs should not be allowed additional time until and unless some good cause is shown. Fed. R. Civ. P. 30(d)(1)

---

[1] SVJC agreed to Plaintiffs' depositions of SVJC's designated experts Dr. Kane and Ms. Nelsen on November 2 and October 30, 2018, respectively, because Plaintiffs asked to depose those witnesses before the October 16, 2018 deadline and the experts' schedules necessitated that the depositions take place after the deadline.

6

provides that "a deposition is <u>limited</u> to 1 day of 7 hours," not that a party is <u>entitled</u> to seven hours. (emphasis added). Additionally, the Court may order a longer or shorter time for a deposition. <u>Id.</u>

Such a limitation is appropriate here, where Plaintiffs have conducted ample discovery. Between August 22, 2018 and September 28, 2018, Plaintiffs' counsel deposed 11 SVJC witnesses for a total of 77.7 hours (inclusive of recesses). In the weeks before trial, additional seven-hour depositions are burdensome to parties and witnesses alike and should not be permitted absent a compelling reason.

**B.      The Court Should Deny Plaintiffs' Motion to Amend the Scheduling Order.**

Under the Federal Rules, a Rule 16(b) scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); <u>see</u> <u>also</u> Fed. R. Civ. P. 6(b)(1). "The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence." <u>Reese v. Virginia Int'l Terminals, Inc.</u>, 286 F.R.D. 282, 285 (E.D. Va. 2012) (internal citation omitted).

While the Order at issue is not a Rule 16(b) scheduling order, the Court should hold Plaintiffs to an even higher standard because the modification requested is to a deadline Plaintiffs asked for and proposed. <u>See</u> Consent Motion to Modify the Scheduling Order, Dkt. 73. As Plaintiffs stated when they asked this Court to impose a new scheduling order in August, the current schedule is abbreviated and "impose[s] very significant burdens and obligations upon the Court and its staff as well as upon [the Parties]." <u>Id.</u> at ¶ 5. In recognition of that fact and anticipating the pre-trial deadlines that would create scheduling difficulties and conflicts, SVJC retained additional counsel in August 2018.

Case 5:17-cv-00097-EKD-JCH   Document 112   Filed 11/02/18   Page 7 of 10   Pageid#: 3530

Meanwhile, Plaintiffs offer no explanation whatsoever for their failure to meet pre-trial deadlines, to request an extension of deadlines before their expiration, or to request expert depositions in a timely fashion, let alone good cause. Plaintiffs argue they should be permitted to file motions to exclude Dr. Kane and Ms. Nelsen after their depositions at a minimum because Dr. Kane and Ms. Nelsen were unavailable to be deposed before the October 22 deadline. However, based on their own pleading and exhibits, Plaintiffs must have anticipated this conflict by October 10, 2018, when they were notified of Ms. Nelsen's potential dates on October 29, 30, or November 2. See Consent Motion to Modify the Scheduling Order, Dkt. 73, at Exhibit 2. Thus, the time to request an extension was any time before the deadline expired, not a week after.

Plaintiffs' failures to abide by pre-trial deadlines are especially significant now, six weeks before trial, because of the inevitable effect on other upcoming deadlines. While prejudice is not the only consideration, SVJC would be prejudiced here if Plaintiffs' requests are granted. For example, the deadline for exchange of trial witness and trial exhibit lists, deposition designations, and filing of Motions in Limine is ten days away on November 12, 2018. (Dkt. 81 at 2). If Plaintiffs are permitted the extensions they seek (in addition to the recent extension to file responses to SVJC's Motions to Exclude, which SVJC consented to), SVJC would be forced to redirect attention that would otherwise be focused on the November 12 deadline and others to the extended deadlines Plaintiffs seek. Thus, extension of deadlines is only appropriate if the current trial date is continued. Plaintiffs sought the current expedited schedule. If they are now unable to follow it, SVJC should not be forced to accommodate extensions to its detriment, particularly given that SVJC has complied with the Order.

Plaintiffs have failed and cannot show the requisite good cause for modification of the scheduling order, especially at this stage of the case, and their requests should be denied.

WHEREFORE, SVJC respectfully requests that the Court deny Plaintiffs' Motion to

Compel Discovery and for Modification of the Amended Scheduling Order, and award such other

and further relief as is proper.

**Respectfully submitted,**
**SHENANDOAH VALLEY JUVENILE**
**CENTER COMMISSION**
*By Counsel*

**LITTEN & SIPE L.L.P., and**
**WILLIAMS MULLEN**

By:  /S/ Harold E. Johnson

Jason A. Botkins
Melisa G. Michelsen
Virginia State Bar No. 70823
Virginia State Bar No. 40001
410 Neff Avenue
Harrisonburg, Virginia 22801-3434
Telephone:   (540) 434-5353
Facsimile:    (540) 434-6069
Email: jason.botkins@littensipe.com
Email: melisa.michelsen@littensipe.com

Harold E. Johnson (VSB No. 65591)
Meredith M. Haynes (VSB No. 80163)
Williams Mullen
200 South 10th Street
Richmond, Virginia 23219
Telephone  (804) 420-6000
Facsimile:  (804) 420-6507
Email: hjohnson@williamsmullen.com
Email: mhaynes@williamsmullen.com

*Counsel for Defendant Shenandoah Valley Juvenile Center Commission*

## CERTIFICATE

I certify that on the 2nd day of November, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Hannah M. Lieberman (*pro hac vice)*
Tiffany Yang (*pro hac vice)*
Mirela Missova (*pro hac vice)*

Washington Lawyers Committee
for Civil Rights and Urban Affairs
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
Telephone:  (202) 319-1000
Facsimile:  (202) 319-1010
hannah_lieberman@washlaw.org
tiffany_yang@washlaw.org
mirela_missova@washlaw.org

*Attorneys for Plaintiff John Doe 4*

Theodore A. Howard (*pro hac vice*)
Bradley C. Tobias (VSB No. 88046)
J. Ryan Frazee (*pro hac vice*)

Wiley Rein LLP
1776 K Street, NW
Washington, D.C. 20006
Telephone:  (202) 719-7120
Facsimile:  (202) 719-7049
thoward@wileyrein.com
btobias@wileyrein.com
jfrazee@wileyrein.com


/s/ Harold E. Johnson
*Counsel for Shenandoah Valley*
*Juvenile Center Commission*

37230311_1