**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**

**Harrisonburg Division**

| | |
|---|---|
| **JOHN DOE 4, by and through his next friend, NELSON LOPEZ, on behalf of himself and all persons similarly situated,** | |
| *Plaintiffs,* | **CIVIL ACTION** |
| **v.** | **Case No.: 5:17-cv-00097-EKD** |
| **SHENANDOAH VALLEY JUVENILE CENTER COMMISSION**, | **Honorable Elizabeth K. Dillon** |
| *Defendant.* | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF NON-CLASS MEMBERS AND CLASS MEMBERS NOT IDENTIFIED IN PLAINTIFFS' INITIAL DISCLOSURES

Defendant, Shenandoah Valley Juvenile Center Commission ("SVJC"), by counsel, hereby submits this Reply to Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion in Limine (ECF Dkt. No. 151) ("Plaintiffs' Opposition").

### Introduction

The primary issue raised in SVJC's motion in limine concerns Plaintiffs' ability to rely upon evidence regarding former residents who (i) are not even members of the certified class, (ii) were not disclosed during discovery as parties with relevant knowledge, and (iii) are unavailable for Defendant to depose or cross-examine.

SVJC filed its Motion in Limine and supporting Memorandum (ECF Dkt. Nos. 131, 132) prior to the deadline for filing witness and exhibit lists. Plaintiffs' Witness List (ECF Dkt. No. 136), indicates that Plaintiffs may call three non-class members (John Doe 2, John Doe 3 and another former resident identified as "D.M.") to testify at trial. Similarly, Plaintiffs' Exhibit List

(ECF Dkt. No. 135) identifies 507 exhibits, the vast majority of which are incident reports or other records related to roughly 65 different UAC's who resided at SVJC between 2015 and the first half of 2018. Of these 65 individuals, only two were housed at SVJC when the order certifying a class was entered, and only one of those individuals, John Doe 4, is expected to reside at SVJC at the time of trial. Thus, the vast majority of the exhibits identified by Plaintiffs relate to incidents involving former residents who are not members of the certified class.

As set forth in SVJC's Motion for Summary Judgment and supporting memoranda (ECF Dkt. Nos. 99, 100, 147), Plaintiffs lack the evidence to establish any violation of John Doe 4's constitutional rights or the rights of other members of the certified class. Thus, it is increasingly clear that Plaintiffs intend to base their claim almost entirely upon evidence regarding individuals who no longer reside at SVJC, who will not testify at trial, and who are not members of the class. The Court should reject Plaintiffs' effort to shoehorn a subset of cherry-picked incidents regarding non-class members into evidence under the guise of a "pattern and practice" of constitutional violations at SVJC. The incidents included on Plaintiffs' Exhibit List are not representative of the experience of the current residents and class members, and they are wholly irrelevant to the issues to be decided by the Court at trial.

## ARGUMENT

**A. Evidence pertaining to non-class members is irrelevant and should be excluded.**

It is axiomatic that a plaintiff in a civil rights case must prove a violation of his own personal rights, not those of others. This also holds true in the context of class actions. A class representative lacks standing to present claims on behalf of those who are not members of the class, and the named plaintiffs in a class action "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to

2

which they belong and which they purport to represent." *Doe v. Obama,* 631 F.3d 157, 160 (4th Cir. 2011). This principle is also embodied by the typicality and commonality elements of class representation. As explained by the Fourth Circuit in *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006), the essence of the typicality requirement for class certification is "captured by the notion that 'as goes the claim of the named plaintiff, so go the claims of the class.'" (citation omitted).[1]

If a class representative cannot premise his claims upon the alleged injuries suffered by other class members (as set forth in *Obama*), then it is even less tenable for a class representative to premise his claims upon evidence of alleged injuries to third-parties who are not even part of the purported class. Thus, John Doe 4 cannot fall back on alleged violations of other individuals' rights, especially individuals who are not members of the class, to prove his claims against SVJC.

In response to this fundamental point, Plaintiffs allege that they should be allowed to present evidence regarding non-class members to show a "pattern and practice" of misconduct by SVJC. However, Plaintiffs' own authority demonstrates that any pattern and practice of constitutional violations must relate to injuries suffered by members of the certified class, not to third-parties. Plaintiffs rely primarily on *Scott v. Clarke,* 64 F.Supp. 3d 813 (W.D. Va. 2014).

---

[1] There is a legitimate question, based on Plaintiffs' Exhibit List, whether the class should be decertified. Plaintiffs' almost singular focus on prior residents and non-class members, and the identification of records for only two current residents at SVJC, demonstrates that the inflammatory allegations of the Second Amended Complaint are not typical or representative of the treatment of the members of the certified class. After all, if members of the certified class believed they had been subjected to systemic abuse, insufficient mental health treatment and/or racial discrimination, one would anticipate that Plaintiffs would present testimony and documentary evidence of such treatment instead of relying almost exclusively on incidents related to non-class members.

The issue in *Scott* was whether the plaintiffs were allowed to present evidence of constitutional injuries to the class members that occurred outside the period of the statute of limitations. The Court in *Scott* relied upon evidence regarding the **class representatives'** medical conditions to find that the plaintiffs had proven the existence of serious medical needs on behalf of the class. *Id.,* at 823-24. The Court also considered sworn declarations regarding other prisoners with serious medical needs, but importantly, those prisoners were members of the certified class. *Id.,* ("Additionally, the named Plaintiffs have offered the sworn Declarations of a host of additional FCCW **class members** who have likewise attested to significant health problems and concerns ....") (emphasis added). In other words, *Scott* holds that class members are not barred by the statute of limitations from presenting evidence of "old" injuries that they sustained as part of a facility's ongoing failure to provide medical care. However, nothing in *Scott* allows Plaintiffs in this case to look backward to incidents or alleged injuries involving **non-class members** to bolster the current class' claims of a pattern and practice of mistreatment.

The other cases cited by Plaintiffs, *Floren v. Whittington*, 217 F.R.D. 389 (S.D. W.Va. 2003) and *Spell v. McDaniel*, 591 F.Supp. 1090 (F.D.N.C. 1984), involved motions to compel production of documents which are governed by the scope of relevance under Rule 26. As discovery motions, they have no bearing on the admissibility of evidence regarding non-class members for purposes of trial. Moreover, the information sought in those cases related to complaints of police brutality or unconstitutional treatment that were reported to the relevant supervisory personnel at the defendant police departments. *Pls.' Opp., pp. 7-8.* Evidence of prior complaints may be relevant to show a pattern of deliberate indifference in a civil rights case, but that is not the information sought to be introduced by Plaintiffs here. The exhibits identified by Plaintiffs are not grievances filed by former UAC's alleging unconstitutional

4

treatment, and Plaintiffs are not trying to show that SVJC was deliberately indifferent to reports of mistreatment. Instead, Plaintiffs are trying to expand the certified class, introduce evidence of alleged constitutional violations involving non-class members, and bolster the deficient claims of John Doe 4. In essence, Plaintiffs seek relief for a defined class based on injuries that other individuals outside that class allegedly suffered.

Plaintiffs' argument also fails because they cannot show a "pattern and practice" by selecting only a handful of incidents out of the hundreds that have occurred over the last three years at SVJC. Plaintiffs' Exhibit List identifies records for approximately 65 UACs who have been housed at SVJC since 2015. Yet, SVJC was home to 257 such individuals between June 1, 2015 and May 1, 2018, alone. *Declaration of Kelsey Wong,* (ECF Dkt. No. 104-4). Anecdotal evidence of incidents involving a select group of prior UAC residents cannot be the basis for showing a "pattern and practice" of mistreatment of the current UACs and class members at the facility.

Ultimately, Plaintiffs' reliance on isolated incidents regarding a subset of individuals who are not even class members to foment a claim under the guise of a "pattern and practice" is an end-run around the entire concept of class action litigation. The class representative must demonstrate his own constitutional injuries, not those of strangers to this litigation. Plaintiffs cannot present evidence of a "pattern and practice" of alleged constitutional violations to which the class representative has never been subjected By way of example, Plaintiffs place great emphasis in their pleadings and expert reports on the use of an emergency restraint chair as demonstrative of an unconstitutional practice at SVJC. Setting aside that the use of a restraint chair is not *per se* unconstitutional, Doe 4 has never been placed in the emergency restraint chair while at SVJC. *ECF Dkt. No. 68, ¶ 92.* In fact, none of the members of the certified class have

5

been. This illustrates that what Plaintiffs cast as a "pattern and practice" is nothing more than an attempt to expand the class that was certified by consent of the parties and introduce evidence of purported injuries that the class members have not suffered.

**B. Plaintiffs' Identification of Exhibits for Non-Class Members Was Not Properly Disclosed.**

The second problem with Plaintiffs' proposed exhibits regarding non-class members is that Plaintiffs did not identify those individuals as persons with knowledge, nor did they identify the records on which they intend to rely to prove their claims until Plaintiffs filed their Exhibit List on November 12, 2018. As set forth in SVJC's Memorandum in Support of Motion in Limine, class action plaintiffs have a duty to timely disclose the identities of the class members on whom they expect to rely to prove their claims. *Quesenberry v. Volvo Group N. Am., Inc.*, 267 F.R.D. 475, 479 (W.D. Va. 2010). The logic in *Quesenberry* applies with even greater force to the extent that Plaintiffs intend to rely on incidents that involved non-class members. *Rice v. Corr. Med. Servs.* 675 F.3d. 650 (7th Cir. 2012) (excluding affidavits and declaration from plaintiff's prison inmates because they had not been disclosed pursuant to Rule 26(a)).

Plaintiffs also were required to identify the documents they "may use to support [their] claims or defenses." *Rule 26(a)(1)(A)(ii).* Plaintiffs' broad statement in their Initial Disclosures that they intend to rely on "files compiled for each of the Plaintiffs *and for other immigrant youths*" is insufficient to enable them to introduce incident reports or other documents relating to the roughly 63 former UAC's whom Plaintiffs never identified prior to the discovery cutoff. *Ex. A, Plaintiffs' Initial Disclosures.*

Effectively, Plaintiffs waited until a month before trial to inform SVJC of the specific individuals about whom Plaintiffs plan to present evidence at trial. Because these individuals were not identified in a more timely manner (through Plaintiffs' initial disclosures or a

supplemental disclosure) SVJC has not had a realistic opportunity to develop rebuttal evidence. SVJC has not been able to depose or cross-examine those individuals regarding the incidents described in the records, nor has SVJC been afforded the opportunity to meaningfully obtain testimony from former employees who may have worked with those UACs while they were present at SVJC.

## CONCLUSION

Defendant's Motion in Limine to Exclude Evidence of Non-Class Members and Class Members Not Identified in Plaintiffs' Initial Disclosure should be granted for the reasons set forth above.

Respectfully submitted,

**SHENANDOAH VALLEY JUVENILE**
**CENTER COMMISSION**
*By Counsel*

By: /s/ Harold E. Johnson
Harold E. Johnson (VSB No. 65591)
Meredith M. Haynes (VSB No. 80163)
Williams Mullen
200 South 10th Street
Richmond, Virginia 23219
Telephone (804) 420-6000
Facsimile: (804) 420-6507
Email: hjohnson@williamsmullen.com
Email: mhaynes@williamsmullen.com

Jason A. Botkins (VSB No. 70823)
Melisa G. Michelsen (VSB No. 40001)
Litten & Sipe, LLP
410 Neff Avenue
Harrisonburg, Virginia 22801-3434
Telephone: (540) 434-5353
Facsimile: (540) 434-6069
Email: jason.botkins@littensipe.com
Email: melisa.michelsen@littensipe.com

7

*Counsel for Shenandoah Valley Juvenile Center Commission*

## **CERTIFICATE**

I certify that on the 27th day of November, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Hannah M. Lieberman (*pro hac vice*)
Tiffany Yang (*pro hac vice*)
Mirela Missova (*pro hac vice*)

Theodore A. Howard (*pro hac vice*)
Benjamin C. Eggert (VSB No. 45342)
J. Ryan Frazee (*pro hac vice*)

Washington Lawyers Committee
for Civil Rights and Urban Affairs
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
Telephone:  (202) 319-1000
Facsimile:  (202) 319-1010
hannah_lieberman@washlaw.org
tiffany_yang@washlaw.org
mirela_missova@washlaw.org

Wiley Rein LLP
1776 K Street, NW
Washington, D.C. 20006
Telephone:  (202) 719-7120
Facsimile:  (202) 719-7049
thoward@wileyrein.com
beggert@wileyrein.com
jfrazee@wileyrein.com

*Attorneys for Plaintiff John Doe 4*

/s/ Harold E. Johnson
*Counsel for Shenandoah Valley*
*Juvenile Center Commission*

37681376_1

8