IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| **JOHN DOE 4,** by and through his next friend, **NELSON LOPEZ,** on behalf of himself and all persons similarly situated, *Plaintiffs,* v. **SHENANDOAH VALLEY JUVENILE CENTER COMMISSION**, *Defendant.* | **CIVIL ACTION** Case No.: 5:17-cv-00097-EKD Honorable Elizabeth K. Dillon |

**DEFENDANT'S SUPPLEMENTAL BRIEF**

Defendant Shenandoah Valley Juvenile Center Commission ("SVJC"), by counsel, files this Supplemental Brief in accordance with the Court's request of December 3, 2018.

**INTRODUCTION**

The Court conducted a Pretrial Conference in this case on December 3, 2018. At that time, the parties presented argument on all pending motions, including SVJC's Motion for Summary Judgment. In the course of the hearing, the Court directed the parties to file supplemental briefs regarding whether Plaintiff John Doe 4 ("Doe 4"), as the representative plaintiff for the certified class, must demonstrate an independent violation of his constitutional rights as a predicate for a viable claim against SVJC under *Monell* and whether a violation of his individual rights is required to fulfill the jurisdictional standing requirements of Article III of the United States Constitution. As set forth below, both questions are answered in the affirmative. Evidence that Doe 4 has sustained an individual constitutional injury is a mandatory requirement for both a *Monell* claim and jurisdictional standing as a class representative. Therefore, SVJC's

1

Motion for Summary Judgment must be granted because Doe 4's individual claims fail as a matter of law under applicable constitutional standards.[1]

## ARGUMENT

### I. DOE 4'S LACK OF A VIABLE UNDERLYING CONSTITUTONAL CLAIM REQUIRES SUMMARY JUDGMENT ON HIS *MONELL* CLAIMS AS A MATTER OF LAW.

Doe 4's claims are all brought pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, that any person acting under color of law who deprives another of a legal right "shall be liable *to the party injured* in an action at law, suit in equity, or other proper proceeding for redress." (emphasis added). To bring a § 1983 claim against a municipal entity such as SVJC, the party seeking relief must satisfy the requirements set forth in the *Monell* case and distilled by its progeny. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 568, 694 (1978). The Supreme Court's decision in *Monell* provides a legal framework for imposing liability against a municipal entity under § 1983 for constitutional violations by the municipality's employees. Thus, while *Monell* allows a § 1983 plaintiff to pursue relief against a municipality, it does not create a separate, independent cause of action.

Notably, *Monell* itself requires an underlying constitutional injury to the plaintiff as a predicate to municipal liability. Such liability results only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, *inflicts the injury*." 436 U.S. at 694 (emphasis added). *See also Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992) ("[P]roper analysis requires us to separate two different issues when a § 1983 claim is asserted against a municipality: (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is

---

[1] Doe 4 affirmatively abandoned his claims of unlawful discrimination on the basis of race and national origin during the Pretrial Conference on December 3, 2018.

responsible for that violation."). Thus, a municipal entity cannot be liable under 42 U.S.C. § 1983 for conduct that does not violate the plaintiff's constitutional rights. *See, e.g.*, *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) ("[I]f the [employee] inflicted no constitutional injury on respondent, it is inconceivable that [the city] could be liable to respondent.").

The Fourth Circuit Court of Appeals has strictly adhered to the guidance on this issue from the United States Supreme Court. In *S.P. v. City of Takoma Park*, 134 F.3d 260, 272 (4th Cir. 1998), the Fourth Circuit affirmed summary judgment in favor of the City of Takoma Park on a § 1983 claim based upon unconstitutional training where there was no violation of the plaintiff's constitutional rights. In its decision, the Court went so far as to state that summary judgment for the municipal defendant would be required even if the policies at issue were assumed to be unconstitutional. *Id*. ("Even assuming for the purposes of summary judgment that the training of its officers was unconstitutional, Takoma Park cannot be liable when, as here, no constitutional violation occurred[.]"). *See also Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991) (affirming summary judgment for Frederick County Commissioners on § 1983 claim for inadequate training due to lack of underlying constitutional violation).

The Fourth Circuit's requirement of an underlying constitutional violation as a prerequisite to municipal liability on a *Monell* claim finds support in the appellate jurisprudence of every appeals circuit in the United States. *See, e.g., Evans v. Avery*, 100 F.3d 1033, 1039-40 (1st Cir. 1996) (holding that city could not be liable absent constitutional violation by officer); *Pinter v. City of New York*, 448 Fed. Appx. 99, 106 (2nd Cir. 2011) (characterizing plaintiff's *Monell* claims as "derivative of his claims against the [city's employees], and therefore any claims dismissed as against the [employees] must also be dismissed as against the City."); *Grazier v. City of Philadelphia*, 328 F.3d 120, 124 (3rd Cir. 2003) (a finding of no constitutional

violation by city's employees precludes *Monell* liability of city);[2] *Anderson v. Dallas County Texas*, 286 Fed. Appx. 850, 860 (5th Cir. 2008) (if the plaintiff could not show deliberate indifference by county employee, then the county could not be held liable); *Scott v. Clay County, Tenn.*, 205 F.3d 867, 879 (6th Cir.), cert. denied, 531 U.S. 874 (2000) (holding that conclusion that plaintiff was not deprived of any constitutional right *a fortiori* defeats claim against county); *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 596-97 (7th Cir. 1997) (determination that officers did not violate the constitution mandated conclusion that City could not be held liable); *Roach v. City of Fredericktown, Mo.*, 882 F.2d 294, 298 (8th Cir. 1989) (underlying violation of plaintiff's constitutional rights is prerequisite to municipal liability); *Scott v. Henrick*, 39 F.3d 912, 916 (9th Cir. 1994) (liability of municipalities "is contingent on a violation of constitutional rights" and cannot be established where no constitutional violation occurred); *Trigalet v. City of Tulsa*, 239 F.3d 1150, 1154 (10th Cir. 2001) ("a municipality cannot be liable under § 1983 for its employees' actions (here, excessive force) if a jury finds that the municipal employee committed no constitutional violation."); *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996) (declining to inquire into county's policy and custom after concluding that officer did not cause a constitutional violation); *Lane v. District of Columbia*, 887 F.3d 480, 488 (D.C. Cir.

---

[2] An earlier Third Circuit Court of Appeals case held that a municipality could be liable for failing to train police officers with respect to high-speed automobile chases even if no officer involved in the police chase at issue violated the constitution. *Fagan v. City of Vineland*, 22 F.3d 1283, 1293-94 (3rd Cir. 1994). Notably, the Third Circuit found in *Fagan* that the plaintiff had been injured although the police officers themselves had not violated the plaintiff's constitutional rights. *Id.* at 1292. However, that case was decided almost ten years prior to the Third Circuit's contrary holding in *Grazier v. City of Philadelphia*. In addition, the Fourth Circuit Court of Appeals has expressly rejected a request to adopt the Third Circuit's holding in the *Fagan* case. *See Young v. City of Mt. Rainier*, 238 F.3d 567, 579 n.9 (4th Cir. 2001) ("The Parents urge us to ignore our own cases and instead accept the analysis of the Third Circuit Court of Appeals. *See Fagan v. City of Vineland*, 22 F.3d 1283, 1293-96 (3rd Cir. 1994) … We are, of course, bound by the precedent in our own circuit.").

2018) (municipal defendant could not be held liable because plaintiff did not show an underlying constitutional violation by municipal employee).[3]

The requirement that a plaintiff prove a personal constitutional injury as a predicate to imposing *Monell* liability upon a municipal entity also holds true in the class action context. In *Agnew v. District of Columbia*, 263 F. Supp. 3d 89, 90 (D. D.C. 2017), the plaintiffs brought individual and class action claims under § 1983 regarding the constitutionality of an "incommoding statute." Although each of the named plaintiffs and putative class representatives had been arrested and prosecuted for violating the statute in question, none of them were convicted. *Id*. at 92-93. The plaintiffs filed § 1983 claims against the District of Columbia for their allegedly unconstitutional arrests under *Monell. Id.* at 94. However, the court dismissed their claims on the grounds that the statute was not facially unconstitutional, and therefore, none of the named plaintiffs had themselves suffered a constitutional injury. Such a finding rendered any consideration of a "custom or practice" under *Monell* unnecessary. *Id.* at 95 n.3 ("Because the Court concludes that there has been no constitutional violation, it need not address whether a custom or practice of the municipality caused the alleged violation."). The Court also dismissed the plaintiffs' purported class action claims on the same basis, holding that "Plaintiffs' class action claim is therefore also dismissed, because named plaintiffs in a class action 'must allege

---

[3] For additional legal authority, please also see *Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998) (county cannot be held liable where officers at county jail did not violate constitutional rights of plaintiff); *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000) (municipal liability requires finding of individual officer liability on underlying claim); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (claim against city for custom fails because officers did not violate plaintiff's constitutional rights); *Kiser v. City of Huron*, 219 F.3d 814, 816 (8th Cir. 2000) (plaintiff must establish that officers' actions are unconstitutional before municipality can be held liable); *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996) (public entity cannot be liable under § 1983 when "factfinder concludes that an individual officer, acting pursuant to the policy, inflicted no constitutional harm to the plaintiff."); *Hinton v. City of Elmwood*, 997 F.2d 774, 782 (10th Cir. 1993) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers."); *Myers v. Oklahoma Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) ("It is well established, therefore, that a municipality cannot be held liable under § 1983 for the acts of an employee if the jury find that the municipal employee committed no constitutional violation.").

and show that they have personally been injured, not that injury has been suffered by other, unidentified members of the class to which they belong' to have standing on behalf of a class." *Id.* at 98 n.7 (*quoting Spokeo, Inc. v. Robins,* 578 U.S. __, 136 S. Ct. 1540, 1547 n.6 (2016)). Thus, as applied to the present case, this well-settled precedent requires that Doe 4 establish a viable constitutional claim as a prerequisite to his *Monell* claims against SVJC.

Doe 4 has failed to establish facts necessary to establish a viable individual claim of excessive use of force, restraints, or room confinement.[4] Even viewed in the light most favorable to Plaintiffs, Doe 4's three purported instances of excessive use of force are not viable under the objective unreasonableness standard described in *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). SVJC staff made efforts to avoid the use of force in all three instances, Doe 4 actively resisted those efforts, Doe 4 became violent and punched staff members in the face in two of the three instances, and Doe 4's resulting injuries, if any, were *de minimis*. D.'s Br. Supp. Summ. J., Ex. H-4, H-6, and H-9. During the three incidents, Doe 4 was placed in physical restraint on each occasion for only three to five minutes and mechanical restraints on only one occasion after he had punched a staff member in the face and refused to let go. *Id*. Doe 4 has never been placed in the emergency restraint chair and cannot have been harmed by any use of the chair at SVJC. ECF Dkt. No. 68 at ¶ 92.[5]

With respect to room confinement, Doe 4 has been placed in his room on three occasions for four to eight hours, one occasion for 24 hours, and was placed on a modified schedule for a

---

[4] SVJC has provided a brief factual summary of Doe 4's claim here to provide context to the legal issue before the Court while attempting to avoid being overly repetitive of its prior briefing. Please see pages 3-8 of SVJC's Brief in Support and pages 5-7 of its Brief in Reply for a more complete statement of the summary judgment record with respect to Doe 4's claim of excessive use of force, restraints, and room confinement.

[5] In the context of class certification, courts have recognized that a class representatives' individual claims need not be perfectly identical to the claims of other class members for the purpose of typicality under Rule 23. *See, e.g., Deiter v. Microsoft Corp.*, 436 F.3d 461, 467 (4th Cir. 2006). In the present case, the issue is not whether Doe 4's claims are typical of the class for the purposes of Rule 23, but that Doe 4 lacks a viable claim of any type.

three day period.  D.'s Br. Supp. Summ. J., Ex. F at 18, Ex. G at Tr. 80:5-13.  Doe 4 has testified that he has no recollection of incidents in which he becomes angry and has failed to identify a basis in the evidentiary record sufficient to place SVJC's depictions of the underlying incidents in dispute.  D.'s Br. Supp. Summ. J., Ex. G at Tr. 81:16-82:1, 86:8-14.  Doe 4's failure to demonstrate objective unreasonableness using the *Kingsley* analysis is fatal to his individual claim of excessive use of force, restraints, and room confinement.

Doe 4 has also failed to establish an individual underlying claim for inadequate mental health care.[6]  Since arriving at SVJC, Doe 4's treatment for ADHD, PTSD, and possibly mood disorder has consisted of an evaluation by a psychologist, treatment by a psychiatrist every three to six weeks, weekly individual counseling sessions with a licensed professional counselor, and access to bi-weekly group counseling sessions.  D.'s Br. Supp. Summ. J. at 9 and Ex. H; D.'s Br. Reply, Ex. D at Tr. 187:14-19.  Doe 4 has never reported a medical emergency of any type while at SVJC.  *Id*. at H-2, H-3.  Doe 4 has never attempted to harm himself except for a single incident in which he punched a wall.  D.'s Br. Supp. Summ. J., Ex. G at Tr. 79:25-80:4.  Doe 4 has never reported suicidal ideation or thoughts of self-harm to his mental health clinician or psychiatrist.  *Id*. at Ex. H-2; Ex. H-3.  Indeed, Doe 4 believes that he has gotten better in dealing with his anger since arriving at SVJC.  *Id*. at Ex. G at Tr. 81:25-82:9.  Against this undisputed factual backdrop, Doe 4's treatment regime at SVJC exceeds the minimum requirements of both the deliberate indifference and professional judgment standards as a matter of law.

As set forth above, the overwhelming weight of the case law requires Doe 4 to establish the he sustained a constitutional deprivation as a prerequisite to SVJC's liability under *Monell*.  It is not sufficient for Doe 4 to prove a custom or practice at SVJC in regard to the use of excessive

---

[6] Please see pages 9-10 and 21-24 of SVJC's Brief in Support and pages 7-9 of its Brief in Reply for a more complete statement of the summary judgment record with respect to Doe 4's claim of inadequate mental health care.

force or the failure to provide adequate mental health treatment. Doe 4 must show that he personally suffered constitutional harm from such a custom or practice. The lack of an underlying constitutional deprivation as to Doe 4 renders the analysis of the other *Monell* elements entirely meaningless. The Fourth Circuit Court of Appeals has stated that no municipal liability can arise under such circumstances even if the policy or custom at issue is assumed to be unconstitutional. *City of Takoma Park*, 134 F.3d at 272. Further, the *Monell* requirement of causation is impervious to rational analysis without an underlying constitutional injury to the named plaintiff. *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010). No analysis of whether an unconstitutional policy or custom caused the resulting injury to the plaintiff is possible when no such injury has been shown. *Spell v. McDaniel*, 824 F.2d 1380, 1387-88 (4th Cir. 1987) (holding that municipal liability results "only when policy or custom … is … the 'moving force' behind *the particular constitutional violation*.") (*citing Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (emphasis added).[7]

In their Supplemental Memorandum, Plaintiffs belatedly attempt to compile sparse facts in support of Doe 4's constitutional claims. As an initial matter, Plaintiffs should not be permitted to misuse the Court's limited request for authority concerning two discrete legal issues as a second chance to brief its opposition to SVJC's Motion for Summary Judgment. Plaintiffs' bold suggestion that that the vast legal deficiencies in Doe 4's claims were raised for the first time in SVJC's Brief in Reply is demonstrably false. *See* ECF Dkt. No. 164 at 2 n.2. Indeed, SVJC's Brief in Support focused almost exclusively upon the legal inadequacies of Doe 4's

---

[7] The conclusion that an underlying constitutional violation is a prerequisite of *Monell* liability "follows naturally from the principle that municipal liability will only lie where municipal action actually caused an injury." *Grazier v. Philadelphia*, 328 F.3d 120, 124 (3rd Cir. 2003) (*citing Canton v. Harris*, 489 U.S. 378, 390 (1989) and emphasizing that *Canton* required that a City "may be held liable if its policy *actually causes injury*") (emphasis added by the *Grazier* Court).

8

individual claims as measured against applicable constitutional standards. *See generally* ECF Dkt. No. 100. As noted in SVJC's Brief in Reply, Plaintiffs failed to provide any meaningful discussion of Doe 4's individual claims in their Memorandum in Opposition. ECF Dkt. No. 147 at 4. Furthermore, the "facts" cited by Plaintiffs are primarily allegations from the Second Amended Complaint. *See, e.g,* ECF Dkt. No. 164 at 2-3. These allegations, like many others, have not found support in the evidence marshaled during discovery, including Doe 4's own interrogatory answers and deposition testimony. Without proper evidentiary support, such allegations may not be assumed proven at the summary judgment stage of this case.

As set forth above, Doe 4's individual claims for excessive use of force, restraints, and room confinement, and inadequate mental health care fail as a matter of law based upon the evidentiary record before the Court. Where a plaintiff, like Doe 4, fails to prove the underlying constitutional deprivation, summary judgment must be granted in the context of a § 1983 claim against a municipal entity. *Huntley v. City of Owasso*, 497 Fed. Appx. 826, 832-33 (10th Cir. 2012) (affirming summary judgment in favor of municipal defendant on § 1983 claim upon finding that the plaintiff's excessive force claim was not viable).

**II. DOE 4 LACKS STANDING TO PURSUE RELIEF ON BEHALF OF HIMSELF OR THE CLASS BECAUSE HE HAS NOT ESTABLISHED AN INJURY IN FACT FOR HIS CLAIMS. FURTHER, DOE 4'S CLAIM OF INADEQUATE MENTAL HEALTH CARE LACKS REDRESSABILITY.**

**A. Article III Standing requirements.**

Doe 4's failure to establish an underlying constitutional violation also implicates fundamental limits on the exercise of the federal jurisdiction under the United States Constitution. Article III of the United States Constitution limits federal courts to "adjudicating actual cases and controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984) (internal citations removed). The U.S. Supreme Court characterizes standing as "an essential and unchanging part"

of the case-or-controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, Doe 4 must show (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of SVJC; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). *See also Lujan*, 504 U.S. at 561 ("The party invoking federal jurisdiction bears the burden of establishing these elements.").

Jurisdictional standing is a continual requirement that must be established "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. Thus, factual allegations of injury may be sufficient to establish standing at the pleadings stage. *Id*. However, at the summary judgment stage, a plaintiff cannot rest upon "mere allegations," but must establish standing by identifying specific facts by affidavit or otherwise. *Id.* (*citing Gladstone, Realtors v. Villlage of Bellwood*, 441 U.S. 91, 115 n.31 (1979).

The United States Supreme Court characterizes the injury-in-fact requirement as the "first and foremost of standing's three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. at 1547. The injury-in-fact analysis requires that Doe 4 "be himself among the injured." *Lujan*, 504 U.S. at 563 (*quoting Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972)). More specifically, the particularity subcomponent of the injury-in-fact analysis requires that Doe 4's asserted injury be "personal, individual, distinct, and differentiated – not generalized or undifferentiated." *Public Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1292 (D.C. Cir. 2007) (internal citations removed). Accordingly, Doe 4 must "show that he *personally* has suffered some actual or threatened injury" to establish particularity for the purpose of the injury-in-fact requirement of constitutional standing. *Gladstone*, 441 U.S. at 99 (emphasis added).

10

Furthermore, Doe 4 must meet this requirement "for each claim he seeks to press" and "for each form of relief sought." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006); *Laidlaw,* 528 U.S. at 185.

Doe 4 cannot rely upon evidence regarding third parties or other class members as a jurisdictional substitute for a viable individual claim. The fact that this is a class action "adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured.'" *Spokeo, Inc.*, 136 S. Ct. 1540 at 1547 n.6 (*citing Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40 n.20 (1976)). In a class action, "[t]he Supreme Court has made clear that named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Doe v. Obama*, 631 F. 3d 157, 160 (4th Cir. 2011) (*citing Simon*, 426 U.S. at 40 n.20). Therefore, Plaintiffs cannot rely upon purported constitutional injuries to third parties such as former Plaintiff John Doe 1 or class members to establish standing for his own individual claim.

Even at the earliest stages of class action litigation, "[c]lass plaintiffs cannot meet their burden to establish standing without a sufficient allegation of harm *to the named plaintiff* in particular." *Hutton v. Nat'l Bd. of Examiners in Optometry, Inc.*, 892 F.3d 613, 620 (4th Cir. 2018) (internal quotations and citation removed) (emphasis added). To satisfy minimal pleading requirements, Doe 4 lodged sufficient allegations of individual injury in the Second Amended Complaint to establish putative standing. *See, e.g.*, ECF Dkt. No.68 at ¶¶ 54-55, 58, 74, 81-81, and 102. However, at this juncture, Doe 4 is required to have established standing by identifying facts in the evidentiary record before the court that demonstrate the merit of his allegations. *See*

11

*Lujan*, 504 U.S. at 561 (differentiating standing analysis at summary judgment stage from pleading stage of litigation). Thus, Plaintiffs' analysis of the allegations of the Second Amended Complaint with respect to Doe 4's standing is misplaced at the summary judgment stage of this litigation. *See* ECF Dkt. No. 164 at 6-8. Doe 4 has failed to carry his burden based upon the summary judgment record before the Court.

**B.  Doe 4 has failed to demonstrate an injury in fact for his claims of excessive use of force, restraints, and room confinement, and inadequate mental health care.**

As summarized *supra* in Section I of this Brief, Doe 4 has failed to establish a viable individual claim for excessive use of force, restraints, and room confinement, or inadequate mental health treatment. In a class action context, the United States Supreme Court has stated that "[i]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Therefore, without a viable individual claim, Doe 4 has not established an injury in fact and lacks constitutional standing to pursue relief on behalf of himself or the class for either of his remaining claims. If allowed to proceed, Doe 4 would impermissibly serve as "no more than a vehicle for the vindication of the value interests of concerned bystanders." *United States v. SCRAP*, 412 U.S. 669, 687 (1973).

In their Supplemental Memorandum, Plaintiffs cite case law applying a limited exception which allows a named plaintiff to proceed as the class representative even after his or her individual claim has become moot and would otherwise lack standing. ECF Dkt. No 164 at 10. *See, e.g., Franks v. Bowman Transp. Co.*, 424 U.S. 747 (1975). However, Doe 4's lack of standing in this case is not because his claims have become moot, which is an issue of timing. Instead, Doe 4 lacks standing because discovery and the summary judgment record has revealed

12

that Doe 4 never possessed a viable individual claim at any time during this litigation. Accordingly, Doe 4's claims must be dismissed.

### C. Doe 4's claim of inadequate mental health care cannot be redressed by any potential relief awarded in this case.

An injury in fact is only one of three mandatory requirements to establish constitutional standing. *Laidlaw,* 528 U.S. at 180-81. Doe 4 must also show that "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561 (*citing Simon*, 426 U.S. at 38, 43). As set forth above, Doe 4 has failed to demonstrate an injury in fact with respect to his claim of inadequate mental health care. However, even if such an injury is assumed, Doe 4's claim cannot be redressed by any potential relief awarded by the Court in this case.

The Office of Refugee Resettlement ("ORR") is the legal custodian of Doe 4 and all other UACs housed at SVJC. D.'s Br. Supp. Summ. J., Ex. B at ¶ 18. ORR's approval is required for all placement decisions and for most forms of medical treatment, including psychological evaluations, vision exams, and routine vaccinations. *Id*. ORR has not been made a party to this case and would not be bound by any relief awarded by the Court. *See e.g.*, *Lujan*, 504 U.S. at 569 (finding redressability issue where agencies funding projects at issue were not made parties to the case and would not be bound by relief). Thus, ORR could refuse to consent to or fund any additional treatment ordered by the Court as relief for Doe 4's claim of inadequate mental health care. In addition, ORR could simply transfer Doe 4 to another secure detention facility which, like SVJC, provides mental health treatment and other services in accordance with the *Flores* settlement agreement and pertinent state regulations.

Plaintiffs have mentioned *Scott v. Clarke* for the proposition that SVJC has a non-delegable duty to provide mental health services to Doe 4 despite ORR's status as legal

13

custodian.  However, in the *Scott* case, the Court held that the Virginia Department of Corrections had a non-delegable duty to provide care for the prison population despite a contract ceding medical decision-making authority to a private medical care contractor.  *Scott v. Clarke*, 64 F. Supp. 3d 813, 821-22 (W.D. Va. 2014).  As applied to this case, *Scott v. Clarke* stands for the proposition that ORR cannot delegate its duty to provide care for Doe 4 and other UACs to a contractor such as SVJC.  The undisputed record before the Court is that ORR has made no such delegation, retains decision-making authority with respect to UACs, and would not be legally bound by any relief awarded in this case.

During the Court's Pretrial Conference, Plaintiffs also asserted that SVJC bore the burden of joining ORR as a party to this case.  However, as set forth above, the burden of establishing constitutional standing rests squarely upon the party seeking relief.  *Lujan*, 504 U.S. at 561.  As such, Plaintiffs were responsible for joining all parties to this case necessary to render their claims redressable by the Court.  As Plaintiffs have failed to do so, Doe 4's claim of inadequate mental health care must be dismissed upon the additional ground that it is not redressable due to Plaintiffs' failure to include ORR as party to this case.

## CONCLUSION

A viable underlying violation of Doe 4's constitutional rights is a prerequisite to SVJC's liability under the *Monell* claims asserted in this case.  This requirement is universally supported by settled legal precedent in every appeals circuit in the federal judiciary.  The evidentiary record before the Court is insufficient to establish Doe 4's claims of excessive use of force, restraints, or room confinement, and inadequate mental health care as a matter of law.  The failure of Doe 4's individual claims also divests him of jurisdictional standing as a class representative for the purposes of the case-and-controversy requirement of Article III of the United States Constitution.

Doe 4 has failed to establish an injury in fact for both of his remaining constitutional claims. In addition, Doe 4's claim of inadequate mental health care is not redressable by any potential relief awarded in this case due to Plaintiffs' election not include ORR as a party defendant. For all these reasons and those set forth in SVJC's Briefs in Support and Reply, SVJC's Motion for Summary Judgment should be granted.

**Respectfully submitted,
SHENANDOAH VALLEY JUVENILE
CENTER COMMISSION**
*By Counsel*

By: /s/ Jason A. Botkins
Jason A. Botkins (VSB No. 70823)
Melisa G. Michelsen (VSB No. 40001)
Litten & Sipe LLP
410 Neff Avenue
Harrisonburg, Virginia  22801-3434
Telephone:   (540) 434-5353
Facsimile:   (540) 434-6069
Email: jason.botkins@littensipe.com
Email: melisa.michelsen@littensipe.com

Harold E. Johnson (VSB No. 65591)
Meredith M. Haynes (VSB No. 80163)
Williams Mullen
200 South 10th Street
Richmond, Virginia 23219
Telephone  (804) 420-6000
Facsimile:  (804) 420-6507
Email: hjohnson@williamsmullen.com
Email: mhaynes@williamsmullen.com

*Counsel for Defendant Shenandoah Valley Juvenile Center Commission*

## **CERTIFICATE**

I certify that on the 7th day of December, 2018, I electronically filed the forgoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Hannah M. Lieberman (*pro hac vice*)<br>Tiffany Yang (*pro hac vice*)<br>Mirela Missova (*pro hac vice*)<br><br>Washington Lawyers Committee<br>for Civil Rights and Urban Affairs<br>11 Dupont Circle, NW, Suite 400<br>Washington, D.C. 20036<br>Telephone:  (202) 319-1000<br>Facsimile:  (202) 319-1010<br>hannah_lieberman@washlaw.org<br>tiffany_yang@washlaw.org<br>mirela_missova@washlaw.org<br><br>*Attorneys for Plaintiff John Doe 4* | Theodore A. Howard (*pro hac vice*)<br>J. Ryan Frazee (*pro hac vice*)<br>Benjamin C. Eggert<br><br>Wiley Rein LLP<br>1776 K Street, NW<br>Washington, D.C. 20006<br>Telephone:  (202) 719-7120<br>Facsimile:  (202) 719-7049<br>thoward@wileyrein.com<br>jfrazee@wileyrein.com<br>beggert@wileyrein.com |

/s/ Jason A. Botkins
*Counsel for Shenandoah Valley
Juvenile Center Commission*
