CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
12/14/2018
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

JOHN DOE 4, by and through his next friend, NELSON LOPEZ, on behalf of himself and all persons similarly situated,

   *Plaintiffs,*

v.

SHENANDOAH VALLEY JUVENILE CENTER COMMISSION,

   *Defendant.*

Civil No. 5:17-cv-00097-EKD/JCH
Judge Elizabeth K. Dillon

## ORDER

This matter comes before the Court on the joint request of the Plaintiffs, to which Defendant has consented, for a continuance of the bench trial previously set to commence herein on December 17, 2018, in place of which the Parties propose a modified interim Scheduling Order, the terms of which are set forth below. The Court, upon due consideration following consultation with counsel, finds that good cause for the relief requested has been shown and therefore should be **GRANTED**.

Accordingly, the Court, having reset the date of trial from December 17, 2018, to the placeholder date of January 31, 2019—*see* ECF Docket No. 175—hereby orders that the Parties shall proceed from the date of this Order through the new trial date as follows:

1. Trial will be continued until January 31, 2019, during which time Plaintiffs will be able to assess the viability of substituting in a new class representative ("John Doe 5") to pursue a claim of constitutionally inadequate mental health care (Count II of the Second Amended Complaint).

2. If no new class member with a viable mental health care claim is identified by January 31, 2019, Plaintiffs will withdraw and voluntarily dismiss their excessive force/restraints/isolation claims, subject to such class notice as may be required, and the

case shall be dismissed, each party to bear its own costs, subject to the Plaintiffs' right to challenge the Court's ruling granting summary judgment on Doe 4's mental health care claim on appeal.

3. Relevant evidence regarding the mental health care claim may include testimony regarding the impact of physical force, restraint, and/or room confinement on youth.

4. If Plaintiffs identify a new class representative by January 31, 2019, the parties will submit an order to the Court allowing Plaintiffs to file a Third Amended Complaint by February 15, 2019.

5. The parties may engage thereafter in the following limited discovery, to be completed within 60 days of the filing of the Third Amended Complaint:

    a. No new expert testimony will be designated, with the exception of a psychological evaluation of John Doe 5 by Dr. Lewis and/or testimony from John Doe 5's clinician, Dr. Kane, and Dr. Gorin/Dr. Rife regarding the behavioral incidents involving, and evaluation and mental health services provided to, John Doe 5 at the Center;

    b. The parties may exchange interrogatories and requests for production of documents, but only regarding information related to John Doe 5;

    c. Plaintiffs may depose John Doe 5's clinician, case manager, psychologist, Dr. Kane, and any SVJC staff member who was personally engaged in any incident of physical force, restraint, or seclusion involving John Doe 5, but only regarding information related to John Doe 5;

    d. Defendant may depose John Doe 5 and, if it deems necessary, Dr. Lewis.

6. The parties will work with the Court to develop a scheduling order that allows for a suitable period to brief and argue dispositive motions following the completion of discovery and prior to trial.

Entered: December 14, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge