**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

| | |
|---|---|
| JOHN DOE 4, by and through his next friend, NELSON LOPEZ, on behalf of himself and all persons similarly situated, | |
| *Plaintiffs,* | Civil No. 5:17-cv-00097-EKD/JCH Judge Elizabeth K. Dillon |
| v. | |
| SHENANDOAH VALLEY JUVENILE CENTER COMMISSION, | |
| *Defendant.* | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR ISSUANCE OF CLASS NOTICE**
**CONCERNING VOLUNTARY DISMISSAL OF CERTAIN CLASS CLAIMS**

Plaintiffs John Doe 4, *et al.*, by their attorneys, hereby submit this Memorandum of Law in Support of their Motion for Issuance of Class Notice Concerning Voluntary Dismissal of Certain Class Claims.

## INTRODUCTION

Upon due deliberations after their receipt and analysis of this Court's Memorandum Opinion of December 13, 2018, granting in part and denying in part Defendant Shenandoah Valley Juvenile Center Commission's Motion for Summary Judgment (ECF Docket No. 171), Plaintiff's counsel approached Defendant's counsel with a proposal pursuant to which the one-week bench trial scheduled to commence in this action on December 17, 2018 would be temporarily deferred. Under Plaintiffs' proposal, to which Defendant consented, the trial date would be continued until January 31, 2019 and, in the interim, Plaintiffs' counsel would undertake an investigation in order to determine whether any of the unaccompanied minor

immigrants in ORR custody and currently detained at SVJC might have experienced a deprivation of needed mental health care arguably sufficient to meet the legal standards set forth by this Court in evaluating and rejecting as insufficient the denial-of-adequate-mental-health-care claim asserted by class representative John Doe 4 in its decision resolving Defendant's summary judgment motion. The concept, as presented to and approved by this Court thereafter, was that if a current immigrant detainee at SVJC with a viable claim for denial of constitutionally-adequate mental health care could be identified, that child – "John Doe 5" – could be substituted for John Doe 4 as a new class representative by the filing of a Third Amended Complaint and the litigation could continue accordingly. *See* Order dated December 14, 2018 ¶¶ 1,4 (ECF Dkt. No. 178).

However, if Plaintiffs' due diligence did not identify a prospective John Doe 5 with a potentially viable mental health care claim within the agreed upon time period, it was agreed among the Parties and understood that "Plaintiffs will withdraw and voluntarily dismiss their excessive force/restraints/isolation claims, subject to such class notice as may be required, and the case shall be dismissed, each party to bear its own costs, subject to the Plaintiffs' right to challenge the Court's ruling granting summary judgment [to the Defendant] on Doe 4's mental health care claim on appeal." *Id.*, ¶ 2.

Consistent with this protocol, Plaintiffs' counsel advised Defendant's counsel, and both sides advised the Court, that a prospective John Doe 5 could not be identified, and that dismissal of this action in accordance with the provisions of Paragraph 2 of the Court's December 14 Order would therefore be requested. Following up on that commitment, Plaintiffs now seek the Court's approval of the proposed Class Notice attached to this Memorandum as Exhibit 1 and an Order providing for its issuance to the members of the certified class as it currently exists.

## ARGUMENT

**I.  CLASS NOTICE CONCERNING PLAINTIFFS' PROPOSED VOLUNTARY DISMISSAL OF CERTAIN CLASS CLAIMS IS MANDATORY UNDER FED. R. CIV. P. 23(e)**

For the reasons previously explained by Plaintiffs' counsel to the Court, they believe that voluntary withdrawal and dismissal of class representative John Doe 4's claims premised upon allegations of excessive physical force, excessive use of restraints, and overuse of solitary confinement on the part of staff at SVJC is appropriate in order to expedite their opportunity to seek appellate review of the Court's entry of summary judgment in favor of the Defendant on Doe 4's separate claim that SVJC failed to provide him and the members of the class as a whole with constitutionally–adequate care with respect to Plaintiffs' serious mental health needs. The voluntary dismissal of claims asserted on behalf of a class, once that class has been certified, implicates mandatory procedures under Fed. R. Civ. P. 23(e), which provides in pertinent part as follows:

> The claims, issues, or defenses of a certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromises:
>
> (1)  Notice to the Class
>
>   (A)  Information That Parties Must Provide to the Court. The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class.
>
>   (B)  Grounds for a Decision to Give Notice. The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to:
>
>     (i)  approve the proposal under Rule 23(e)(2)[.]

Fed. R. Civ. P. 23(e)(1). As referenced therein, Rule 23(e)(2), in turn, provides in pertinent part that "[i]f the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate[.]" *Id.*

Although, by its terms, the language of Rules 23(e)(1) and 23(e)(2) is principally concerned with either proposed settlements of already-certified class actions or proposed settlements of putative class actions that provide for class certification as an element of the proposed resolution, Rule 23(e), on its face, also addresses the proposed voluntary dismissal of claims asserted on behalf of a class where such dismissal will "bind class members" and, in such circumstances, requires the provision of notice and the conduct of a fairness hearing. *See generally*, 1 Jenner & Block LLP, *Federal Class Action Deskbook* § 6.02[1] (LexisNexis 2019 Ed.) ("The court must direct notice to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise. The rule allows for no discretion in the matter[.]" (Footnote omitted.)); 5 Jerold S. Solovy, *et al., Moore's Federal Practice* §23.162[1] (Matthew Bender 3d ed. 2018) ("Notice of class members of a proposed settlement or voluntary dismissal is mandatory for all types of classes." (Footnote omitted.)); 7B Charles A. Wright, *et al., Federal Practice and Procedure* § 1797.5 (3d ed. 2005) ("Rule 23(e)(1)(c) . . . provides . . . that 'the court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing' so that [such] hearings now are mandatory."); *cf. Domonoske v. Bank of America*, 790 F. Supp. 2d 466, 472 (W.D. Va. 2011) ("Under Rule 23, 'a certified class may be settled . . . only with the court's approval. Fed. R. Civ. P. 23(e). Where a settlement will bind class members, as the proposed settlement will here, the court must hold a hearing and determine that the settlement is fair and adequate before approving it." (Citations omitted.)).

Here, the voluntary dismissal proposed by Plaintiffs regarding the claims asserted on behalf of the class by John Doe 4 in the Second Amended Complaint on the basis of alleged excessive use of physical force and restrains and excessive imposition of solitary confinement by SVJC staff against immigrant children detained at the facility will foreclose any individual claims by class members seeking declaratory or injunctive relief on the basis of those alleged harms. The dismissal will, accordingly, have a binding effect on class members to that extent. As a result, class notice and a hearing are required under Rule 23(e).

## II. PLAINTIFFS' PROPOSED CLASS NOTICE ADVISES CLASS MEMBERS OF THE IMPACT OF THE PROPOSED DISMISSAL AND THEIR RIGHTS TO OBJECT "IN A REASONABLE MANNER"

The proposed Class Notice prepared by Plaintiffs' counsel for circulation among existing class members, attached hereto as Exhibit 1, a Spanish translation of which will also be provided:

    (a)    provides a summary regarding the nature and substance of the case brought and relief sought on behalf of the Plaintiff class;

    (b)    provides the definition of the class as certified by this Court pursuant to Fed. R. Civ. P. 23(b)(2);

    (c)    summarizes this Court's critical rulings with respect to the Defendant's Motion for Summary Judgment;

    (d)    explains the proposed strategy recommended by Plaintiffs' counsel in light of this Court's rulings;

    (e)    explains how and to what extent the remaining class members' legal rights are affected by the Court's rulings (*i.e.*, the ways in which the class members' rights are affected by what the Court ruled and what Plaintiffs' counsel propose to do in response);

    (f)    provides for an advisory to the class members as to the date on which this Court will schedule the Fairness Hearing; and

    (g)    advises that class members may object to the proposed voluntary dismissal of claims, the methodology by which Objections may be articulated and submitted, and identifies the deadline by which Objections, if any, must be filed with th Court.

*See generally*, Ex. 1 hereto.

Plaintiffs submit that in so doing, the proposed Class Notice is more than sufficient to satisfy the requirement of Fed. R. Civ. P. 23 (e)(1)(B) that such notice, in the circumstances presented here, must be provided "in a reasonable manner to all class members who would be bound[.]" As noted by the authoritative commentators in this regard, "courts have consistently required . . . notices to be reasonable in the sense that they must inform class members of the information that they need to determine whether they could or should object to the [proposed resolution]. In other words, courts require the notice of a proposed settlement or voluntary dismissal to inform class members about: [(i)] the time and place of the fairness hearing; [(ii)] the time limits and procedural requirements set by the court for objecting . . .; [and (iii) sufficient information regarding the proposed resolution] so as to permit class members to decide whether to object and to frame their objections." 1 *Federal Class Action Deskbook, supra*, § 6.02 [2]; 5 *Moore's Federal Practice, supra,* § 23.162[3] ("The right to object is meaningless if the class members lack information about the terms of the proposed settlement or dismissal."); *see also Annotated Manual for Complex Litigation (Fourth)* § 21.312 (2015) ("A notice should describe the options open to class members and the deadlines to taking action; the essential terms of the [proposed resolution]; . . . the time and place of the hearing . . .; and the method for objecting[.]").

Because Plaintiffs' proposed Class Notice fulfills all the applicable criteria, it should be approved by this Court for provision to the members of the certified class, in accordance with the protocol set forth in the proposed Order attached as Exhibit 2 hereto.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion for Issuance of Class Notice Concerning Voluntary Dismissal of Certain Class Claims should be granted.

DATED:  February 11, 2019

Respectfully submitted,

Hannah M. Lieberman (admitted *pro hac vice*)
hannah_lieberman@washlaw.org
Tiffany Yang (admitted *pro hac vice*)
tiffany_yang@washlaw.org
Mirela Missova (admitted *pro hac vice*)
mirela_missova@washlaw.org
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS
AND URBAN AFFAIRS
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
(202) 319-1000 (telephone)
(202) 319-1010 (facsimile)

Theodore A. Howard (admitted *pro hac vice*)
thoward@wileyrein.com
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
(202) 719-7120 (telephone)
(202) 719-7049 (facsimile)

By:  _____
Theodore A. Howard

*Attorneys for Plaintiffs*

4843-4946-1584.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February 2019, true and correct copies of the

foregoing Memorandum of Law in Support of Plaintiffs' Motion for Issuance of Class Notice

Concerning Voluntary Dismissal of Certain Class Claims and supporting Exhibits were served

*via* electronic mail upon the following:

> Jason A. Botkins, Esq.
> Melisa G. Michelsen, Esq.
> LITTEN & SIPE, L.L.P.
> 410 Neff Ave.
> Harrisonburg, VA 22801-3434
> jason.botkins@littensipe.com
> melisa.michelsen@littensipe.com
>
> Harold E. Johnson, Esq.
> Meredith Haynes, Esq.
> WILLIAMS MULLEN
> 200 South 10th Street
> Suite 1600
> Richmond, VA 23219
> hjohnson@williamsmullen.com
> mhaynes@williamsmullen.com
>
> Attorneys for Defendant

_____
Theodore A. Howard

4822-0158-4776.1

5