# EXHIBIT A

## Federal District Court-Ordered Notice Concerning Proposed Resolution Of Federal Civil Rights Class Action Involving Unaccompanied Immigrant Children In ORR Custody Detained At Shenandoah Valley Juvenile Center

On October 4, 2017, following an extensive factual investigation, attorneys with the Washington Lawyers' Committee for Civil Rights and Urban Affairs and Wiley Rein LLP, a Washington, D.C. law firm, filed a proposed class action in the U.S. District Court for the Western District of Virginia, Harrisonburg Division, on behalf of all unaccompanied minor immigrants in the custody of the U.S. Department of Health and Human Services, Office of Refugee Resettlement (ORR) and detained at the Shenandoah Valley Juvenile Center (SVJC) in Staunton, VA.

The lawsuit alleged that the unaccompanied children detained at SVJC had been and continued to be subject to disciplinary policies and practices on the part of SVJC Staff involving excessive use of physical force, excessive use of restraints, and the excessive imposition of solitary confinement as punishment, as well as denial by SVJC of adequate mental health care, all in violation of the children's rights under the Fifth and Fourteenth Amendments to the Constitution of the United States. The Plaintiffs' Complaint requested a declaration that the practices involved are unlawful and an order requiring that they be discontinued, on behalf of the entire class of adversely affected immigrant children pursuant to 42 U.S.C. § 1983.

Without objection by the Defendants, the Court ultimately certified a class under Fed. R. Civ. P. 23(b)(2), consisting of:

> Latino unaccompanied alien children (UACs) who are currently detained or will be detained in the future at Shenandoah Valley Juvenile Center and who either: (1) have been or will be subject to the disciplinary policies and practices utilized by SVJC staff; or (ii) have needed, currently need or will in the future need care and treatment for mental health problems while detained at SVJC.

Thereafter, following extensive discovery by both sides and substantial motions practice in anticipation of a one-week bench trial set to commence before the Hon. Elizabeth K. Dillon, U.S. District Judge, on December 17, 2018, the Court issued rulings on various pending submissions including, most critically, Defendants' Motion for Summary Judgment which, if granted in its entirety, would have terminated the case as a whole.

## THE COURT'S RULINGS

In summary, the Court determined that the Defendant was entitled to judgment as a matter of law rejecting the claims of the Plaintiff class, as represented by the individual claims of named Plaintiff and class representative John Doe 4, alleging that Defendant has failed to provide mental health care adequate to meet the needs of the children in the class. Those claims were dismissed. However, as to the Plaintiff Class' claims alleging excessive physical force, excessive use of restraints and excessive imposition of solitary confinement, the Court held that disputed issues of material fact prevented a ruling in the Defendant's favor that would avoid the need for a trial. But the Court also ruled that at trial, Plaintiffs would have to first prove that class representative John Doe 4's individual claims concerning excessive force, excessive restraints, and excessive isolation were valid in order for the case to proceed to address the claims of the class as a whole.

## PLAINTIFF'S COUNSEL'S VIEW OF THE COURT'S RULINGS, PROPOSED RESOLUTION AND NEXT STEPS

However the Court decided to rule on John Doe 4's excessive force/excessive restraints/excessive solitary confinement claims, Plaintiffs' counsel believed that John Doe 4's claim for inadequate mental health care and treatment for his and other class members' serious mental health needs was the claim most likely to survive the Defendants' Motion for Summary Judgment and proceed to trial. In light of the Court's ruling to the contrary and Plaintiffs'

2

counsel's concerns about whether John Doe 4's individual allegations concerning excessive force, excessive restraints, and excessive solitary confinement are strong enough to succeed in the first phase of trial, Plaintiffs' counsel concluded that if no current minor immigrant detained at SVJC was able to allege facts concerning deficient mental health care more compelling than those set forth by John Doe 4, the most appropriate strategy to pursue would involve:

(i) voluntary dismissal of John Doe 4's individual claims concerning alleged excessive force, excessive use of restraints, and excessive use of solitary confinement, which were perceived to be unlikely to succeed at trial anyway, thus encompassing the class as a whole with respect to those claims; and

(ii) acceptance of the entry of final judgment in accordance with the Court's disposition of John Doe 4's claim of unconstitutional mental health care, subject to preservation of Plaintiffs' right to challenge the Court's dismissal of the mental health treatment claim on appeal, which Plaintiffs' counsel intend to pursue.

It is this proposed course of action as to which Notice to the class, pursuant to Fed. R. Civ. P. 23(e)(1), is provided to the remaining (at present) members of the certified class.

In practical terms, as a result of the voluntary dismissal of John Doe 4's excessive force/excessive restraints/excessive solitary confinement claim, any other current members of the class certified by the Court as of the date dismissal is ordered will be prevented from bringing a separate case individually against SVJC complaining of treatment similar to or the same as John Doe 4 complained about, and seeking a declaration that SVJC's conduct was wrong or an order that SVJC stop engaging in the conduct. However, an individual class member who alleges injuries as a result of SVJC's use of excessive force, excessive restraints and/or excessive solitary confinement and seeks to recover monetary damages against SVJC and/or specific members of SVJC Staff could still bring a separate case unless the time period established by the law within which such an injury claim must be brought has run out.[1]

---

[1] This same analysis would appear to govern the rights and interests of individual children who were detained at SVJC at some point during the pendency of this lawsuit but, although they

3

Current class members would also be prevented from bringing a separate case individually against SVJC based on a claim that the facility failed to provide the class member personally with inadequate care for the individual's mental health care needs and seeking to have the Court declare that SVJC's conduct was unlawful and ordering that it stop. However, a separate case by an individual class member for damages based on a claim of denial of adequate mental health care could still be pursued, subject to the assumption that the applicable time limit on such claims has not already run out.

## YOUR LEGAL RIGHTS AND OPTIONS

**A.    IF YOU AGREE, DO NOTHING.**

If you are in agreement with Plaintiffs' Counsel's fully informed, good-faith assessment and belief that an appeal regarding the Court's denial of a claim for constitutionally-adequate mental health care at SVJC should be pursued, while named Plaintiff and class representative John Doe 4's other claims should be withdrawn, you do not have to do anything.

**B.    IF YOU DISAGREE WITH THE VOLUNTARY DISMISSAL OF JOHN DOE 4'S EXCESSIVE FORCE/EXCESSIVE RESTRAINTS/EXCESSIVE SOLITARY CONFINEMENT CLAIMS, YOU MAY OBJECT.**

If you feel that Plaintiffs' Counsel's judgment in favor of dismissing named Plaintiff/class representative John Doe 4's claims premised upon allegations of unconstitutional excessive force/excessive restraints/excessive solitary confinement, while retaining the right to appeal only the Court's disposition concerning

---

remain in ORR custody, were transferred from SVJC to another facility or a different living situation prior to this stage of the case. Such individuals are likely barred from bringing an individual action seeking declaratory or injunctive relief based upon alleged harm they suffered while detained at SVJC, but are not precluded from bringing an individual claim for personal injury damages, subject to the applicable statute of limitations.

4

constitutionally-inadequate mental health treatment, is flawed and incorrect and/or otherwise unfair to you or the class as a whole, you may file an Objection to the proposed resolution in writing. Any Objection must include:

(i) The name and docket number of this lawsuit:
**John Doe 4, et al. v. Shenandoah Valley Juvenile Center Commission**, Case No. 5:17-cv-00097-EKD-JCH (W.D. Va.);

(ii) Your full name and occupation within the ORR;

(iii) The specific reasons for your Objection(s) to the resolution described and proposed herein; and

(iv) Your original signature.

Please mail the Objection(s), in time to be received on or before July 1, 2019, to:

Clerk's Office
UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF VIRGINIA
116 N. Main Street
Room 314
Harrisonburg, VA 22802

C. **THE FAIRNESS HEARING.**

After reviewing such Objections, if any, as may be submitted, the Court will hold a hearing on July 16, 2019, at 11:30 a.m. at the U.S. District Court in Harrisonburg, VA, in order to decide whether the resolution proposed by Plaintiffs' counsel is a fair, adequate, and reasonable conclusion to this lawsuit in light of the facts developed and the law applied by the Court to the issues presented by the Parties' Motions. If the Court determines that the proposed resolution is proper, it shall be adopted and the case approved for dismissal accordingly. If the Court determines, on the basis of such Objections as may be submitted, that the resolution proposed by Plaintiffs' Counsel should *not* be approved, the resolution shall be nullified and this Court shall schedule a Status Conference in anticipation of both Parties' seeking the earliest possible mutually-

5

convenient date for trial of John Doe 4's remaining viable claims. The Plaintiffs shall retain full appeal rights following the conclusion of any such trial, however it is decided.

*     *     *

If you want/need more information regarding the meaning of this Notice, please contact:

>Hannah Lieberman, Esq.
>WASHINGTON LAWYERS' COMMITTEE FOR
>  CIVIL RIGHTS AND URBAN AFFAIRS
>11 Dupont Circle, NW
>Suite 400
>Washington, DC  20036
>(202) 319-1000
>hannah_lieberman@washlaw.org

>        or

>Theodore A. Howard, Esq.
>WILEY REIN LLP
>1776 K Street, NW
>Washington, DC  20006
>(202) 719-7000
>thoward@wileyrein.com

**PLEASE DO NOT CALL JUDGE DILLON'S CHAMBERS OR THE UNITED STATES DISTRICT COURT CLERK'S OFFICE WITH ANY QUESTIONS OTHER THAN QUESTIONS REGARDING THE TRANSMITTAL AND FILING OF OBJECTIONS.**

6

Case 5:17-cv-00097-EKD-JCH   Document 199-1   Filed 06/14/19   Page 6 of 6   Pageid#: 6206