## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

JOHN DOE 4, by and through his next friend,
NELSON LOPEZ, on behalf of himself and all
persons similarly situated,

       *Plaintiffs,*

v.

SHENANDOAH VALLEY JUVENILE
CENTER COMMISSION,

       *Defendant.*

Case No. 5:17-cv-00097-EKD/JCH
Judge Elizabeth K. Dillon

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR PROPOSED RESOLUTION OF THIS FEDERAL CIVIL RIGHTS CLASS ACTION

Plaintiffs John Doe 4, *et al.*, by their attorneys, hereby submit their Supplemental

Memorandum of Law in support of their proposed resolution of this Federal civil rights class

action in accordance with Plaintiffs' previously-filed Motion for Issuance of Class Notice

Concerning Voluntary Dismissal of Certain Class Claims, submitted February 11, 2019. *See*

ECF Docket Nots. 180, 181.

## INTRODUCTION

Based on a procedural history with which this Court is quite familiar, the Plaintiffs, by

counsel, moved the Court for entry of an Order authorizing the provision of formal Notice to the

Plaintiff class, pursuant to Fed. R. Civ. P. 23(e), of a proposed resolution of this action involving

the voluntary dismissal of several of the Plaintiffs' Section 1983 claims, while preserving their

right to pursue an appeal from this Court's ruling granting summary judgment to the Defendant

on the Plaintiffs' remaining constitutional claim. *See generally* ECF Dkt. No. 181 at 1-3.

The Court granted Plaintiffs' Motion by Order entered March 19, 2019, establishing a

multi-step procedural framework designed to posture the case for the convening of a Fairness

Hearing on May 30, 2019. ECF Dkt. No 183 at 2.

On May 29, 2019, all of the steps contemplated by this Court's March 19, 2019 Order

having been fulfilled, the Court convened a telephonic Status Conference for the purpose of

alerting the Parties' counsel to certain matters of concern which the Court wished counsel to

consider and be prepared to address during the Fairness Hearing scheduled to proceed on the

following day. ECF Dkt. No. 193. Specifically, the Court raised questions concerning:

- the adequacy of the Class Notice, given the Plaintiffs' status as immigrant minors and the fact that the March 19 order did not include the U.S. Department of Health and Human Services Office of Refugee Resettlement (ORR), the Plaintiffs' legal custodian, as a party to which the Class Notice was to be provided or address whether any of the class members might have parents or other close relatives in the U.S. who might be notified;

- the nature and scope of the binding effect of the voluntary dismissal of certain of Plaintiffs' Section 1983 claims upon future immigrant minor detainees transferred to Shenandoah Valley Juvenile Center after the entry of judgment; and

- the impact and/or implications, if any, of named Plaintiff and class representative John Doe 4's changed status as a former resident of SVJC on the Court's capacity to grant relief in accordance with the resolution proposed by the Plaintiff's Motion.

In the Fairness Hearing conducted by the Court by telephone on May 30, 2019, Plaintiff's

counsel, having conferred in advance of the Hearing with the Defendant's counsel, addressed

each of the matters of concern raised by the Court to the best of counsel's ability. However, in

the interests of reassuring the Court, to the fullest extent possible, that the concerns raised are not

impediments to approving the resolution of the case in accordance with Plaintiffs' proposal,

Plaintiffs' counsel requested leave of the Court to provide supplemental briefing responsive to

the issues the Court raised within 30 days of the Hearing date, subject to resumption and

completion of the Fairness Hearing once the Parties' further written submissions have been provided. The Court made an oral ruling approving this plan. *See* ECF Dkt. No. 194.

Plaintiffs' supplemental analysis, set for below, is submitted accordingly.[1]

## ARGUMENT

### I. NOTICE TO THE CLASS WAS COMPREHENSIVE AND SATISFIES THE REQUIREMENTS OF RULE 23(e)

Pursuant to the actions prescribed by this Court's March 19 Order, each of the immigrant minors detained at SVJC comprising the Plaintiff class as of that date were provided by first-class U.S. mail with copies of the Federal District Court-Ordered Notice Concerning Proposed Resolution of Federal Civil Rights Class Action Involving Unaccompanied Immigrant Children in ORR Custody Detained at Shenandoah Valley Juvenile Center (ECF Dkt. No. 183-1) in both English and Spanish within days after entry of the Order. Thereafter, although not expressly required by the Court, Plaintiffs' counsel at the Washington Lawyers' Committee, accompanied by an interpreter, visited SVJC and met with the class members for several hours, explaining the contents and substance of the Notice and answering such questions as the clients had about the case, its proposed resolution, and how they would be affected thereby. In addition to this direct interaction with the class members, Plaintiffs' counsel also contacted Nelson Lopez, the class members' Next Friend in the case, and representatives of the Capital Area Immigrants' Rights (CAIR) Coalition in Washington, D.C., the legal services organization which, under a subcontract with ORR, provides general support to the unaccompanied minor immigrants detained at SVJC, about the means by which resolution of the litigation was proposed to be

---

[1] Prior to filing, this Supplemental Memorandum was provided by Plaintiffs' counsel to the Defendant's counsel for their review and comment. Defendant's counsel have advised Plaintiffs' counsel that Defendant agrees with the accuracy of the analysis as set forth herein. *See* Exhibit 1 attached hereto.

accomplished; neither expressed concern or objections. Finally, per the Court's Order issued on June 14, 2019, Plaintiff's counsel transmitted a copy of the Class Notice to a designated representative of ORR, the class members' legal custodian. *See* Letter from Theodore Howard to Natasha David, dated June 17, 2019 (true and correct copy attached as Exhibit 2 hereto).

Based upon all of the foregoing measures, taken collectively, Plaintiffs' counsel respectfully submits that Notice to the class has been provided in as comprehensive manner as practicable under the circumstances of this case; that the class members have been afforded a full opportunity to understand and exercise their rights under the Notice as they deemed necessary or appropriate; and that the interests served by the requirements of Rule 23(e) with respect to the provision of class notice have been fully and fairly satisfied.

## II. AS A PRACTICAL MATTER, THE BINDING EFFECT OF VOLUNTARY DISMISSAL OF CERTAIN OF PLAINTIFFS' SECTON 1983 CLAIMS UPON FUTURE IMMIGRANT MINOR DETAINEES AT SVJC IS *DE MINIMIS*, AND LIKELY NON-EXISTENT

As Plaintiffs' counsel explained to the Court during the May 30 Fairness Hearing, the possible universe of individuals within the parameters of the certified class whose legal rights could be adversely affected as a result of this Court's entry of a judgment in accordance with the voluntary dismissal of the Section 1983 excessive force/excessive restraints/solitary confinement claims that Plaintiffs have proposed is exceedingly small at most, and is more likely non-existent. Elaborating on this point, counsel noted that because only declaratory and injunctive relief has been sought in this case, the only "future" class member whose rights could be compromised as a result of the binding effect of the voluntary dismissals would, of necessity, have to embody the following characteristics:

- residency in detention at SVJC before or during the pendency of the lawsuit;
- exposure, individually, to one or more of the categories of alleged unlawful activity by the Faculty with which the voluntary dismissal claims are concerned;

- transfer from SVJC to another ORR facility, resulting in absence from SVJC detention as of the date that the voluntary dismissals take effect and judgment is entered in accordance therewith;

- continued status as a minor (under the age of eighteen), thus remaining in ORR custody; and

- re-transfer back to SVJC, and thus resumption of class member status as defined, after judgment implementing the voluntary dismissals has been entered.

Only such an individual could experience claim preclusion – *i.e., res judicata* -- as a result of the Court's judgment, and only to the limited extent of being barred from asserting an individual claim for declaratory and injunctive relief premised upon having been subject to excessive force, excessive restraints or improper solitary confinement before or during the resolved litigation. An individual immigrant minor detained at SVJC for the first time after judgment is entered will not be subject to any claim preclusion whatsoever attributable to the resolution of this case and even the "future" class member described above would retain the opportunity to pursue a claim against SVJC for damages, subject to the applicable statute of limitations. *See Wright v. Collins*, 766 F.2d 841, 847-49 (4th Cir 1985); *see generally* 6 William B. Rubenstein, *Newberg on Class Actions* §18.18 (5th ed. 2018).

In light of this analysis, Plaintiffs submit that concerns about the binding effect of their voluntary dismissal of certain of their Section 1983 claims upon future class members should not serve as an impediment to approval of Plaintiffs' proposed resolution.

## III. JOHN DOE 4'S ALTERED STATUS DOES NOT IMPAIR THIS COURT'S CAPACITY TO APPROVE THE RESOLUTION PROPOSED BY THE CLASS NOTICE

As was acknowledged by Plaintiffs' counsel during the telephone Status Conference held on May 29 as well as during the Fairness Hearing on May 30, John Doe 4, the designated representative of the certified class in the case, turned 18, and thus "aged out" of ORR custody and was handed over to the custody of Immigration and Customs Enforcement in January 2019,

5

ostensibly leaving the class without a designated class representative. Regarding the Court's question as to whether this change in John Doe 4's status has any bearing on the Court's jurisdiction or authority to proceed with its consideration, on the merits, of the resolution of the case that Plaintiffs have proposed, governing case authorities answer that question in the negative. In short, because John Does 1, 2, 3, and 4 all had, at one time or another, viable Section 1983 claims establishing a live controversy between themselves individually and as representatives of the class this Court certified and the Defendant, the class retains its separate legal status which is not compromised or undermined by the fact that the named Plaintiffs' claims have been mooted so long as the remaining class members maintain a live interest in the matters at issues. *See generally Franks v. Bowman Transp. Co.*, 424 U.S. 747, 752-57 (1976) (*following Sosna v. Iowa*, 419 U.S. 393 (1975)) (where named plaintiff had a live claim at a time of class certification, "the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by [the named representative]" which continues, irrespective of the continuing viability of the claims of the class representative, so long as a live controversy persists between other class members and the defendant); *see Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013) ("if the named plaintiff's claim is a live controversy at the time of class certification, the case will not become moot even if the named plaintiff's personal claim later expires" (*citing U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398-99 (1980)); *Brady v. Thurston Motor Lines, Inc.*, 776 F.3d 136, 146 (4th Cir. 1984) ("After a class action is certified, the class of unnamed persons acquires a legal status separate from that of the named plaintiffs, and the suit may proceed after the named plaintiffs' claims are no longer justiciable" (*citing Sosna,* 419 U.S. at 402)).

So it is here. Although John Doe 4 is no longer present to serve as class representative, the remaining class members retain a concrete interest in pursuing an appeal with respect to this Court's determination, with which Plaintiffs' disagree, that the mental health care afforded by SVJC to seriously traumatized immigrant minor detainees satisfied constitutional minimum standards. Under *Sosna* and its progeny, this class action remains viable and this Court has both jurisdiction and legal authority to resolve the case as the Plaintiffs have proposed.

## CONCLUSION

For all of the forgoing reasons, the Court, following resumption and conclusion of the Fairness Hearing, should approve and enter judgment in accordance with the resolution proposed by Plaintiffs in their Class Notice.

DATED: July 1, 2019

<div style="margin-left:auto">

Respectfully submitted,


Hannah M. Lieberman (admitted *pro hac vice*)
hannah_lieberman@washlaw.org
Tiffany Yang (admitted *pro hac vice*)
tiffany_yang@washlaw.org
Mirela Missova (admitted *pro hac vice*)
mirela_missova@washlaw.org
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS
AND URBAN AFFAIRS
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
(202) 319-1000 (telephone)
(202) 319-1010 (facsimile)

</div>

Theodore A. Howard (admitted *pro hac vice*)
thoward@wileyrein.com
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
(202) 719-7120 (telephone)
(202) 719-7049 (facsimile)

By: _____
    Theodore A. Howard

*Attorneys for Plaintiffs*

# EXHIBIT 1

| | |
|---|---|
| **From:** | Jason Botkins <jason.botkins@littensipe.com> |
| **Sent:** | Monday, July 1, 2019 9:42 AM |
| **To:** | Howard, Theodore; Johnson, Harold |
| **Cc:** | Haynes, Meredith; Melisa Michelsen; Hannah Lieberman; Tiffany Yang; Mirela Missova |
| **Subject:** | RE: John Doe 4, et al. v. Shenandoah Valley Juvenile Center Comm'n [IWOV-IWOVRIC.FID1919827] |

Ted:
I agree with Hal's assessment of the supplemental brief.

Jason

Jason A. Botkins
Litten & Sipe, LLP
410 Neff Avenue
Harrisonburg, Virginia 22801

(540)434-5353
(540)434-6069 (Fax)

-----Original Message-----
From: Howard, Theodore [mailto:THoward@wileyrein.com]
Sent: Thursday, June 27, 2019 5:50 PM
To: Johnson, Harold; Jason Botkins
Cc: Haynes, Meredith; Melisa Michelsen; Hannah Lieberman; Tiffany Yang; Mirela Missova
Subject: RE: John Doe 4, et al. v. Shenandoah Valley Juvenile Center Comm'n [IWOV-IWOVRIC.FID1919827]

Hal: Thanks. We'll likely file sometime Monday afternoon, so there will be a bit of time in case Jason surfaces before then to obtain his views, but if we don't hear anything, I am fine with proceeding as you have suggested.

Have a good evening, all. Ted

Theodore A. Howard | Pro Bono Partner
Wiley Rein LLP
1776 K Street NW | Washington, DC 20006
T: 202.719.7120 | thoward@wileyrein.com
wileyrein.com

-----Original Message-----
From: Johnson, Harold <HJohnson@williamsmullen.com>
Sent: Thursday, June 27, 2019 5:45 PM
To: Howard, Theodore <THoward@wileyrein.com>; jason.botkins@littensipe.com
Cc: Haynes, Meredith <mhaynes@williamsmullen.com>; Melisa Michelsen <melisa.michelsen@littensipe.com>; Hannah Lieberman <hannah_lieberman@washlaw.org>; Tiffany Yang <tiffany_yang@washlaw.org>; Mirela Missova <mirela_missova@washlaw.org>
Subject: RE: John Doe 4, et al. v. Shenandoah Valley Juvenile Center Comm'n [IWOV-IWOVRIC.FID1919827]

Ted,

In my view, the supplemental brief is accurate, and I see nothing to which we would object.

It looks like Jason is out of the office. I am not sure if he'll be able to review it and weigh in with his thoughts before you need to file the brief. Perhaps the safest course would be to file it with the understanding that we will file something next week (after Jason's had a chance to review everything) indicating our agreement with the analysis in your brief. Does that sound reasonable?

Yours,
Hal

Harold E. Johnson | Attorney | Williams Mullen Williams Mullen Center | 200 South 10th Street, Suite 1600 | P.O. Box 1320 (23218) | Richmond, VA 23219 T 804.420.6447 | C 804-349-6760 | F 804.420.6507 | hjohnson@williamsmullen.com | www.williamsmullen.com

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

-----Original Message-----
From: Howard, Theodore <THoward@wileyrein.com>
Sent: Thursday, June 27, 2019 12:39 PM
To: Johnson, Harold <HJohnson@williamsmullen.com>; jason.botkins@littensipe.com
Cc: Haynes, Meredith <mhaynes@williamsmullen.com>; Melisa Michelsen <melisa.michelsen@littensipe.com>; Hannah Lieberman <hannah_lieberman@washlaw.org>; Tiffany Yang <tiffany_yang@washlaw.org>; Mirela Missova <mirela_missova@washlaw.org>
Subject: John Doe 4, et al. v. Shenandoah Valley Juvenile Center Comm'n

Hal and Jason:

As represented to the Court during the course of the Fairness Hearing proceedings conducted on May 30 in this matter, please find attached for your and your client's review and comment in anticipation of its filing next Monday an essentially final draft of the Plaintiffs' Supplemental Brief addressing the issues of concern raised by Judge Dillon in her consideration of the resolution of the case in the district court that Plaintiffs have proposed.

Per the Parties' prior discussions, we understand that you will let us know if the Defendant agrees that this Brief may be represented to the Court as reflecting the understanding and views of both sides and, if not, that the Defendant reserves the right to file a substantive response within 14 days of Plaintiffs' submission.

If it is determined that a call would be helpful in this regard, let me know and we can work on identifying a mutually-convenient time to confer. Thanks for your time and consideration.

Regards, Ted

Theodore A. Howard | Pro Bono Partner
Wiley Rein LLP
1776 K Street NW | Washington, DC 20006

T: 202.719.7120 | thoward@wileyrein.com

https://urldefense.proofpoint.com/v2/url?u=http-3A__wileyrein.com&d=DwIF-
g&c=Ey4eW6FyjuP3VQxHFMnsZcjQYJ1SR4w9HsYx4wFXyJk&r=ixJ4w8nvKeENEvg676D2T6uIyldY-b7Nj5FcIlnXAoE&m=-
SfdhQYmHccvAFdnDIyZw6PF6WsV_rqI0jW-e15wVtg&s=Ek0C80iEp-iUfOdlqZwOaOCORQKafUqIBnijoDBxYYI&e=

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wileyrein.com.

# EXHIBIT 2



Theodore A. Howard
202.719.7120
thoward@wileyrein.com

June 17, 2019

Ms. Natasha David
Federal Field Specialist
U.S. DEPARTMENT OF HEALTH &
 HUMAN SERVICES
Administration for Children & Families
Office of Refugee Resettlement
Division of Unaccompanied Children Operations
330 C Street, SW
Suite 500
Washington, DC 20201

Re:    *John Doe 4, et al. v. Shenandoah Valley Juvenile Center Commission,*
       Case No. 5:17-cv-00097-EKD/JCH (W.D. Va.)

Dear Ms. David:

In accordance with the Order entered by the Hon. Elizabeth K. Dillon, U.S. District Judge, in the above-referenced case on June 14, 2019, a copy of which is enclosed, please be advised that, per the Court's instruction, we are providing you with a copy of the Federal District Court-Ordered Notice Concerning Proposed Resolution of Federal Civil Rights Class Action Involving Unaccompanied Immigrant Children in ORR Custody Detained at Shenandoah Valley Juvenile Center (Exhibit A to the Court's Order), which was served on Plaintiff Class Members pursuant to a prior Order of the Court in March 2019.

Please feel free to contact the undersigned if you have any questions or require additional information concerning this matter.

Very truly yours,

*Theodore A. Howard*

Theodore A. Howard

cc:  The Hon. Elizabeth K. Dillon
     Harold Johnson, Esq.
     Jason Botkins, Esq.
     Hannah Lieberman, Esq.
     (*via* electronic mail)

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

6/14/2019

JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

JOHN DOE 4, by and through his next    )
friend, NELSON LOPEZ, on behalf of    )
himself and all persons similarly situated,    )
                                              )
            Plaintiffs,    )
                           )    Civil Action No. 5:17-cv-97
v.                         )
                           )    By: Elizabeth K. Dillon
SHENANDOAH VALLEY JUVENILE    )    United States District Judge
CENTER COMMISSION,    )
                      )
            Defendant.    )

## ORDER

In accordance with the court's March 19, 2019 order granting plaintiff's motion for

issuance of class notice concerning voluntary dismissal of certain claims, the Notice to Class

Members was provided to all Latino UACs in custody of the Office of Refugee Resettlement of

the U.S. Department of Health and Human Services (ORR) and detained at Shenandoah Valley

Juvenile Center Commission. On May 30, 2019, the court held a Fairness Hearing for the

purpose of hearing any objections from the class members or their authorized representatives, as

well as the arguments of counsel, on whether the voluntary dismissal of class claims proposed by

plaintiffs should be permitted or rejected. During the Fairness Hearing, the court determined that

the Notice to Class Members must also be provided to the ORR, as the custodian of the Latino

UACs. Thus, the Fairness Hearing was continued in order to allow for notice to the ORR and to

give counsel the opportunity to file additional briefing. The continued hearing is now scheduled

for July 16, 2019, at 11:30 a.m., at the U.S. District Court in Harrisonburg, VA.

Accordingly, it is hereby ORDERED that plaintiffs' counsel shall transmit the Notice to

Class Members, attached hereto as Exhibit A and incorporated herein by reference, along with a

copy of this Order, to the Office of Refugee Resettlement, care of Natasha David, Federal Field

Specialist with the ORR, located at the Division of Unaccompanied Children Operations, 330 C.

Street, SW, Suite 500, Washington, DC 20201.

Entered: June 14, 2019.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge

2

# EXHIBIT A

## Federal District Court-Ordered Notice Concerning Proposed Resolution Of Federal Civil Rights Class Action Involving Unaccompanied Immigrant Children In ORR Custody Detained At Shenandoah Valley Juvenile Center

On October 4, 2017, following an extensive factual investigation, attorneys with the
Washington Lawyers' Committee for Civil Rights and Urban Affairs and Wiley Rein LLP, a
Washington, D.C. law firm, filed a proposed class action in the U.S. District Court for the
Western District of Virginia, Harrisonburg Division, on behalf of all unaccompanied minor
immigrants in the custody of the U.S. Department of Health and Human Services, Office of
Refugee Resettlement (ORR) and detained at the Shenandoah Valley Juvenile Center (SVJC) in
Staunton, VA.

The lawsuit alleged that the unaccompanied children detained at SVJC had been and
continued to be subject to disciplinary policies and practices on the part of SVJC Staff involving
excessive use of physical force, excessive use of restraints, and the excessive imposition of
solitary confinement as punishment, as well as denial by SVJC of adequate mental health care,
all in violation of the children's rights under the Fifth and Fourteenth Amendments to the
Constitution of the United States. The Plaintiffs' Complaint requested a declaration that the
practices involved are unlawful and an order requiring that they be discontinued, on behalf of the
entire class of adversely affected immigrant children pursuant to 42 U.S.C. § 1983.

Without objection by the Defendants, the Court ultimately certified a class under Fed. R.
Civ. P. 23(b)(2), consisting of:

> Latino unaccompanied alien children (UACs) who are currently detained or will
> be detained in the future at Shenandoah Valley Juvenile Center and who either:
> (I) have been or will be subject to the disciplinary policies and practices utilized
> by SVJC staff; or (ii) have needed, currently need or will in the future need care
> and treatment for mental health problems while detained at SVJC.

Thereafter, following extensive discovery by both sides and substantial motions practice in anticipation of a one-week bench trial set to commence before the Hon. Elizabeth K. Dillon, U.S. District Judge, on December 17, 2018, the Court issued rulings on various pending submissions including, most critically, Defendants' Motion for Summary Judgment which, if granted in its entirety, would have terminated the case as a whole.

## THE COURT'S RULINGS

In summary, the Court determined that the Defendant was entitled to judgment as a matter of law rejecting the claims of the Plaintiff class, as represented by the individual claims of named Plaintiff and class representative John Doe 4, alleging that Defendant has failed to provide mental health care adequate to meet the needs of the children in the class. Those claims were dismissed. However, as to the Plaintiff Class' claims alleging excessive physical force, excessive use of restraints and excessive imposition of solitary confinement, the Court held that disputed issues of material fact prevented a ruling in the Defendant's favor that would avoid the need for a trial. But the Court also ruled that at trial, Plaintiffs would have to first prove that class representative John Doe 4's individual claims concerning excessive force, excessive restraints, and excessive isolation were valid in order for the case to proceed to address the claims of the class as a whole.

## PLAINTIFF'S COUNSEL'S VIEW OF THE COURT'S RULINGS, PROPOSED RESOLUTION AND NEXT STEPS

However the Court decided to rule on John Doe 4's excessive force/excessive restraints/excessive solitary confinement claims, Plaintiffs' counsel believed that John Doe 4's claim for inadequate mental health care and treatment for his and other class members' serious mental health needs was the claim most likely to survive the Defendants' Motion for Summary Judgment and proceed to trial. In light of the Court's ruling to the contrary and Plaintiffs'

2

counsel's concerns about whether John Doe 4's individual allegations concerning excessive

force, excessive restraints, and excessive solitary confinement are strong enough to succeed in

the first phase of trial, Plaintiffs' counsel concluded that if no current minor immigrant detained

at SVJC was able to allege facts concerning deficient mental health care more compelling than

those set forth by John Doe 4, the most appropriate strategy to pursue would involve:

- (i) voluntary dismissal of John Doe 4's individual claims concerning alleged
excessive force, excessive use of restraints, and excessive use of solitary
confinement, which were perceived to be unlikely to succeed at trial anyway, thus
encompassing the class as a whole with respect to those claims; and

- (ii) acceptance of the entry of final judgment in accordance with the Court's
disposition of John Doe 4's claim of unconstitutional mental health care, subject
to preservation of Plaintiffs' right to challenge the Court's dismissal of the mental
health treatment claim on appeal, which Plaintiffs' counsel intend to pursue.

It is this proposed course of action as to which Notice to the class, pursuant to Fed. R.

Civ. P. 23(e)(1), is provided to the remaining (at present) members of the certified class.

In practical terms, as a result of the voluntary dismissal of John Doe 4's excessive

force/excessive restraints/excessive solitary confinement claim, any other current members of the

class certified by the Court as of the date dismissal is ordered will be prevented from bringing a

separate case individually against SVJC complaining of treatment similar to or the same as John

Doe 4 complained about, and seeking a declaration that SVJC's conduct was wrong or an order

that SVJC stop engaging in the conduct. However, an individual class member who alleges

injuries as a result of SVJC's use of excessive force, excessive restraints and/or excessive

solitary confinement and seeks to recover monetary damages against SVJC and/or specific

members of SVJC Staff could still bring a separate case unless the time period established by the

law within which such an injury claim must be brought has run out.[1]

---

[1] This same analysis would appear to govern the rights and interests of individual children who
were detained at SVJC at some point during the pendency of this lawsuit but, although they

3

Current class members would also be prevented from bringing a separate case individually against SVJC based on a claim that the facility failed to provide the class member personally with inadequate care for the individual's mental health care needs and seeking to have the Court declare that SVJC's conduct was unlawful and ordering that it stop. However, a separate case by an individual class member for damages based on a claim of denial of adequate mental health care could still be pursued, subject to the assumption that the applicable time limit on such claims has not already run out.

## YOUR LEGAL RIGHTS AND OPTIONS

### A. IF YOU AGREE, DO NOTHING.

If you are in agreement with Plaintiffs' Counsel's fully informed, good-faith assessment and belief that an appeal regarding the Court's denial of a claim for constitutionally-adequate mental health care at SVJC should be pursued, while named Plaintiff and class representative John Doe 4's other claims should be withdrawn, you do not have to do anything.

### B. IF YOU DISAGREE WITH THE VOLUNTARY DISMISSAL OF JOHN DOE 4'S EXCESSIVE FORCE/EXCESSIVE RESTRAINTS/EXCESSIVE SOLITARY CONFINEMENT CLAIMS, YOU MAY OBJECT.

If you feel that Plaintiffs' Counsel's judgment in favor of dismissing named Plaintiff/class representative John Doe 4's claims premised upon allegations of unconstitutional excessive force/excessive restraints/excessive solitary confinement, while retaining the right to appeal only the Court's disposition concerning

_____

remain in ORR custody, were transferred from SVJC to another facility or a different living situation prior to this stage of the case. Such individuals are likely barred from bringing an individual action seeking declaratory or injunctive relief based upon alleged harm they suffered while detained at SVJC, but are not precluded from bringing an individual claim for personal injury damages, subject to the applicable statute of limitations.

4

constitutionally-inadequate mental health treatment, is flawed and incorrect and/or

otherwise unfair to you or the class as a whole, you may file an Objection to the proposed

resolution in writing. Any Objection must include:

(i)     The name and docket number of this lawsuit:
        **John Doe 4, et al. v. Shenandoah Valley Juvenile Center Commission**,
        Case No. 5:17-cv-00097-EKD-JCH (W.D. Va.);

(ii)    Your full name and occupation within the ORR;

(iii)   The specific reasons for your Objection(s) to the resolution described and
        proposed herein; and

(iv)    Your original signature.

Please mail the Objection(s), in time to be received on or before July 1, 2019, to:

Clerk's Office
UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF VIRGINIA
116 N. Main Street
Room 314
Harrisonburg, VA 22802

## C.   THE FAIRNESS HEARING.

After reviewing such Objections, if any, as may be submitted, the Court will hold a

hearing on July 16, 2019, at 11:30 a.m. at the U.S. District Court in Harrisonburg, VA, in

order to decide whether the resolution proposed by Plaintiffs' counsel is a fair, adequate,

and reasonable conclusion to this lawsuit in light of the facts developed and the law

applied by the Court to the issues presented by the Parties' Motions. If the Court

determines that the proposed resolution is proper, it shall be adopted and the case

approved for dismissal accordingly. If the Court determines, on the basis of such

Objections as may be submitted, that the resolution proposed by Plaintiffs' Counsel

should *not* be approved, the resolution shall be nullified and this Court shall schedule a

Status Conference in anticipation of both Parties' seeking the earliest possible mutually-

5

convenient date for trial of John Doe 4's remaining viable claims. The Plaintiffs shall

retain full appeal rights following the conclusion of any such trial, however it is decided.

*       *       *

If you want/need more information regarding the meaning of this Notice, please contact:

Hannah Lieberman, Esq.
WASHINGTON LAWYERS' COMMITTEE FOR
 CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, NW
Suite 400
Washington, DC 20036
(202) 319-1000
hannah_lieberman@washlaw.org

or

Theodore A. Howard, Esq.
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
thoward@wileyrein.com

**PLEASE DO NOT CALL JUDGE DILLON'S CHAMBERS OR THE
UNITED STATES DISTRICT COURT CLERK'S OFFICE WITH ANY QUESTIONS
OTHER THAN QUESTIONS REGARDING THE TRANSMITTAL AND FILING OF
OBJECTIONS.**

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2019, true and correct copies of Plaintiffs'

Supplemental Memorandum of Law in Opposition to Defendant's Motion for Summary

Judgment, Appendix A thereto and supporting Exhibits were served *via* electronic mail upon the

following:

Jason A. Botkins, Esq.
Melisa G. Michelsen, Esq.
LITTEN & SIPE, L.L.P.
410 Neff Ave.
Harrisonburg, VA 22801-3434
jason.botkins@littensipe.com
melisa.michelsen@littensipe.com

Harold E. Johnson, Esq.
Meredith Haynes, Esq.
WILLIAMS MULLEN
200 South 10th Street
Suite 1600
Richmond, VA 23219
hjohnson@williamsmullen.com
mhaynes@williamsmullen.com

Attorneys for Defendant

_____
Theodore A. Howard