**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

| | |
|---|---|
| **JOHN DOE 5, JOHN DOE 6, and JOHN DOE 7, by and through their next friend, NELSON LOPEZ, on behalf of themselves and all persons similarly situated,** | |
| *Plaintiffs,* | **CIVIL ACTION** |
| **v.** | **Case No.: 5:17-cv-00097-EKD** |
| **SHENANDOAH VALLEY JUVENILE CENTER COMMISSION**, | **Honorable Elizabeth K. Dillon** |
| *Defendant.* | |

## ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT

Defendant Shenandoah Valley Juvenile Center Commission, by counsel, responds to the Third Amended Class Action Complaint ("TAC") filed by Plaintiffs John Doe 5, John Doe 6, and John Doe 7, by and through their next friend, Nelson Lopez, on behalf of themselves and all persons similarly situated, and answers as follows:

1.      With respect to Paragraph 1 of the TAC:

(a)      Defendant admits that Plaintiffs and alleged class members are Latino immigrant youths;

(b)      Defendant admits that alleged class members other than Plaintiffs are, or in the future may be, housed at the Shenandoah Valley Juvenile Center ("SVJC");

(c)      Defendant admits that Plaintiffs crossed the United States border from Mexico without authorization;

(d)   Defendant admits that alleged class members are housed at SVJC under the authority of the Office of Refugee Resettlement ("ORR") of the U.S. Department of Health and Human Services; and

(e)   Defendant denies all remaining allegations of Paragraph 1 of the TAC, and specifically denies that Plaintiffs Doe 5, Doe 6 and Doe 7 are members of the class they seek to represent.

2.   Defendant denies the allegations of Paragraph 2 of the TAC.

3.   Defendant admits only that Paragraph 3 of the TAC summarizes the relief sought by Plaintiffs.  Defendant expressly denies that Plaintiffs and the class members are entitled to the requested relief.

4.   Defendant admits the allegation of Paragraph 4 of the TAC, but denies that Nelson Delores Lopez is qualified to serve as Plaintiffs' next friend or assert claims on their behalf.

5.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the TAC.  Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

6.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the TAC.  Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

7.   Defendant admits only that Doe 5 was a 15-year-old native and citizen of Honduras at the time the TAC was filed.   Defendant denies all remaining allegations of Paragraph 7 of the TAC.

8.      Defendant admits only that Doe 5 arrived in the United States on or about January 14, 2020.  Defendant denies all remaining allegations of Paragraph 8 of the TAC.

9.      Defendant admits the allegations of Paragraph 9 of the TAC.

10.     Defendant denies that Doe 5's escape from his placement in Arizona was due to his treatment by staff and other UAC.  Defendant admits all remaining allegations of Paragraph 10 of the TAC.

11.     Defendant denies that no one at SVJC has spoken with Doe 5 about the incident that occurred at BCFS.  Defendant admits all remaining allegations of Paragraph 11 of the TAC.

12.     Defendant admits only that SVJC staff reviewed a Notice of Placement from ORR with Doe 5 that listed the reasons for his placement at SVJC on June 1, 2021.  Defendant denies all remaining allegations of Paragraph 12 of the TAC.

13.     Defendant admits only that Doe 5 had a counselor at SVJC and that Doe 5's counselor facilitated videoconference calls between Doe 5 and his family.  Defendant denies all remaining allegations of Paragraph 13 of the TAC.

14.     Defendant admits only that Doe 5 has been prescribed medication to help him sleep better.  Defendant denies all remaining allegations of Paragraph 14 of the TAC.

15.     Defendant admits that Doe 6 was a 16-year-old native and citizen of Guatemala at the time the TAC was filed.

16.     Defendant denies the allegations of Paragraph 16 of the TAC.

17.     Defendant admits the allegations of Paragraph 17 of the TAC.

18.     Defendant admits only that Doe 6 was sent to a psychiatric hospital for about a week after he arrived in the United States and was prescribed medication.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 18 of the TAC.  Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 of the TAC.  Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the TAC.  Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

21.    Defendant denies the allegations of Paragraph 21 of the TAC.

22.    Defendant denies the allegations of Paragraph 22 of the TAC.

23.    Defendant denies the allegations of Paragraph 23 of the TAC.

24.    Defendant denies the allegations of Paragraph 24 of the TAC.

25.    Defendant admits only that, while at SVJC, Doe 6 became angry in some instances, threw objects at other UAC and SVJC staff, and punched a paper towel dispenser. Defendant denies all remaining allegations of Paragraph 25 of the TAC.

26.    Defendant denies the allegations of Paragraph 26 of the TAC.

27.    Defendant denies the allegations of Paragraph 27 of the TAC.

28.    Defendant admits that Doe 7 was a 15-year-old native and citizen of Honduras at the time the TAC was filed.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the TAC.  Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

30.    Defendant denies the allegations of Paragraph 30 of the TAC.

31.     Defendant admits the allegations of Paragraph 31 of the TAC.

32.     Defendant admits only that SVJC staff reviewed a Notice of Placement from ORR with Doe 7 that listed the reasons for his placement at SVJC on May 21, 2021.  Defendant denies all remaining allegations of Paragraph 32 of the TAC.

33.     Defendant denies that Doe 7's meetings with a counselor only occurred on a weekly-basis.  Defendant admits all remaining allegations of Paragraph 33 of the TAC.

34.     Defendant admits only that Doe 7 met with a psychiatrist at SVJC over video and was prescribed medication as part of his treatment.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 of the TAC.  Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

35.     Defendant denies the allegations of Paragraph 35 of the TAC

36.     Defendant denies the allegations of Paragraph 36 of the TAC

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the TAC.  Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

38.     Defendant admits the allegations of Paragraph 38 of the TAC.

39.     Defendant admits the allegations of Paragraph 39 of the TAC.

40.     The allegations of Paragraph 40 of the TAC consist of conclusions of law to which no response is required.  Defendant denies the allegations to the extent they are inconsistent with applicable law.

41.     The allegations of Paragraph 41 of the TAC consist of conclusions of law to which no response is required.   Defendant denies the allegations to the extent they are inconsistent with applicable law.

42.     The allegations of Paragraph 42 of the TAC consist of conclusions of law to which no response is required.   Defendant denies the allegations to the extent they are inconsistent with applicable law.

43.     Defendant admits only that SVJC houses a population that includes UACs and United States citizen youth, some of whom have been adjudicated delinquent.   Defendant denies all remaining allegations of Paragraph 43 of the TAC.

44.     Defendant admits only that ORR is the division of the U.S. Department of Health and Human Services that is directly responsible for UAC and that ORR has a cooperative agreement with Defendant to house children whom ORR determines are UACs that require detention in a secure facility.   Defendant denies all remaining allegations of Paragraph 44 of the TAC.

45.     Defendant admits the allegations of Paragraph 45 of the TAC.

46.     With respect to Paragraph 46 of the TAC:

(a)     Defendant admits that ORR's explanation for its decision to place a UAC in a secure facility must be made in writing and made available to the child;

(b)     Defendant admits that ORR's evaluations are revisited at regular intervals; and

(c)     Defendant denies all remaining allegations of Paragraph 46 of the TAC.

47.     Defendant admits only that children are not permitted to freely move about the facility.   Defendant denies all remaining allegations of Paragraph 47 of the TAC.

48.     Defendant admits the allegations in Paragraph 48 of the TAC.

49.     Defendant admits only that there are metal tables and chairs in the common area of each pod.  Defendant denies all remaining allegations in Paragraph 49 of the TAC.

50.     Defendant denies the allegations of Paragraph 50 of the TAC.

51.     Defendant admits only that there is a point system in place to reward UAC for good behavior.  Defendant denies all remaining allegations in Paragraph 51 of the TAC.

52.     Defendant denies the allegations of Paragraph 52 of the TAC.

53.     Defendant admits only that UAC are transferred to SVJC by ORR from less secure facilities when their behavior presents a risk of harm to themselves or others.  Defendant denies all remaining allegations in Paragraph 53 of the TAC.

54.     Defendant admits that SVJC operates in accordance with a Cooperative Agreement with ORR and avers that the agreement speaks for itself.  Defendant denies the allegations of Paragraph 54 of the TAC to the extent they are inconsistent with the referenced Cooperative Agreement or applicable law.

55.     Defendant denies the allegations of Paragraph 55 of the TAC.

56.     Defendant denies the allegations of Paragraph 56 of the TAC.

57.     Defendant denies the allegations of Paragraph 57 of the TAC.

58.     Defendant denies the allegations of Paragraph 58 of the TAC.

59.     Defendant denies the allegations of Paragraph 59 of the TAC.

60.     Defendant denies the allegations of Paragraph 60 of the TAC.

61.     Defendant admits only that some UAC at SVJC have engaged in some of the conduct described.  Defendant denies all remaining allegations in Paragraph 61 of the TAC.

62.     Defendant denies the allegations of Paragraph 62 of the TAC.

63.     Defendant denies the allegations of Paragraph 63 of the TAC.

64.     Defendant denies the allegations of Paragraph 64 of the TAC.

65.     Defendant denies the allegations of Paragraph 65 of the TAC.

66.     Defendant denies the allegations of Paragraph 66 of the TAC.

67.     Defendant denies the allegations of Paragraph 67 of the TAC.

68.     Defendant denies the allegations of Paragraph 68 of the TAC.

69.     Defendant denies the allegations of Paragraph 69 of the TAC.

70.     Defendant denies the allegations of Paragraph 70 of the TAC as drafted and specifically denies breaching any well-established professional standard applicable to Plaintiffs.

71.     Defendant denies the allegations of Paragraph 71 of the TAC.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the TAC.  Therefore, those allegations stand denied pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure.

73.     Defendant denies the allegations of Paragraph 73 of the TAC.

74.     Defendant denies the allegations of Paragraph 74 of the TAC.

75.     Defendant denies the allegations of Paragraph 75 of the TAC.

76.     Defendant denies the allegations of Paragraph 76 of the TAC.

77.     Defendant denies the allegations of Paragraph 77 of the TAC.

78.     Defendant denies the allegations of Paragraph 78 of the TAC.

79.     Defendant incorporates by reference all previous responses to Paragraphs 1 through 78 of the TAC, which are realleged in Paragraph 79 of the TAC.  All allegations of all paragraphs realleged by Plaintiff are denied unless expressly admitted in previous responses.

80.     The allegations of Paragraph 80 of the TAC consist of conclusions of law to which no response is required.   Defendant denies the allegations to the extent they are inconsistent with applicable law.

81.     Defendant denies the allegations of Paragraph 81 of the TAC.

82.     Defendant denies the allegations of Paragraph 82 of the TAC.

83.     Defendant denies the allegations of Paragraph 83 of the TAC.

84.     Defendant denies the allegations of Paragraph 84 of the TAC.

85.     Defendant denies the allegations of Paragraph 85 of the TAC.

86.     The final unnumbered paragraph of the TAC sets forth Plaintiffs' requests for relief which require no response.   However, to the extent a response is required, Defendant denies that Plaintiffs and the class members are entitled to the requested relief.

87.     Any allegation not expressly admitted herein is denied.

## AFFIRMATIVE DEFENSES

88.     Plaintiffs John Doe 5, John Doe 6, and John Doe 7's individual claims for injunctive and declaratory relief are moot because they are no longer detained at SVJC.

89.     The TAC fails to allege sufficient facts to establish a significant relationship between Nelson Delores Lopez and Plaintiffs that would give rise to subject matter jurisdiction and allow Mr. Lopez to proceed on Plaintiffs' behalf in this matter.

90.     The TAC fails to state claims under 42 U.S.C. § 1983 by failing to allege sufficient facts from which the conduct complained of may be reasonably attributed to a policy or custom of Defendant.

91.     The TAC fails to allege sufficient facts upon which relief can be awarded upon Plaintiffs' claims of inadequate mental health care in that:

(a)    The TAC fails to allege with reasonable specificity any serious medical condition for which Plaintiffs have not received constitutionally-adequate medical care;

(b)    The TAC fails to allege with reasonable specificity any medical treatment to which Plaintiffs are constitutionally-entitled that has not been provided by Defendant; and

(c)    The TAC fails to allege with reasonable specificity how the medical treatment provided by Defendant substantially departs from accepted professional judgment.

92.    Plaintiffs' claims of inadequate mental healthcare do not meet the prerequisites for a continued certification as class action under Rule 23 of the Federal Rules of Civil Procedure.

**FOR THESE REASONS**, Defendant Shenandoah Valley Juvenile Center Commission, by counsel, respectfully requests that this honorable Court dismiss the TAC and award it costs expended.

**SHENANDOAH VALLEY JUVENILE
CENTER COMMISSION**
*By Counsel*

By: /s/ *Jason A. Botkins*
Jason A. Botkins (VSB No. 70823)
Melisa G. Michelsen (VSB No. 40001)
Daniel P. Rose (VSB No. 93736)
410 Neff Avenue
Harrisonburg, Virginia 22801-3434
Telephone: (540) 434-5353
Facsimile: (540) 434-6069
jason.botkins@littensipe.com
melisa.michelsen@littensipe.com
daniel.rose@littensipe.com

Harold E. Johnson (VSB No. 65591)
Williams Mullen
200 South 10th Street
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
hjohnson@williamsmullen.com

*Counsel for Defendant Shenandoah Valley Juvenile Center Commission*

## CERTIFICATE

I certify that on the 10th day of October, 2022, I electronically filed the forgoing Answer with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Mirela Missova (*pro hac vice)*
Washington Lawyers Committee
for Civil Rights and Urban Affairs
700 14th Street NW, Suite 400
Washington, D.C. 20005
Telephone: (202) 319-1000
Facsimile: (202) 319-1010
mirela_missova@washlaw.org

*Attorneys for Plaintiffs John Doe 5,
John Doe 6, and John Doe 7*

Theodore A. Howard (*pro hac vice*)
Wiley Rein LLP
1776 K Street, NW
Washington, D.C. 20006
Telephone: (202) 719-7120
Facsimile: (202) 719-7049
thoward@wileyrein.com

                        /s/Jason A. Botkins
                    *Counsel for Shenandoah Valley
                    Juvenile Center Commission*

11