**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division**

| | |
|---|---|
| **JOHN DOE 5, JOHN DOE 6, and JOHN DOE 7, by and through their next friend, NELSON LOPEZ, on behalf of themselves and all persons similarly situated,** <br><br> *Plaintiffs,* <br><br> **v.** <br><br> **SHENANDOAH VALLEY JUVENILE CENTER COMMISSION***,* <br><br> *Defendant.* | **CIVIL ACTION** <br><br> **Case No.: 5:17-cv-00097-EKD** <br><br> **Honorable Elizabeth K. Dillon** |

**DEFENDANT'S BRIEF IN SUPPORT OF CONSENT MOTION TO DISMISS**

Defendant Shenandoah Valley Juvenile Center Commission, by counsel, files this Brief in Support of Defendant's Consent Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiffs' counsel have consented to Defendant's Motion and proposed Order, and to a ruling by the Court without a hearing.

**INTRODUCTION**

On July 23, 2021, Plaintiffs John Doe 5, John Doe 6, and John Doe 7 filed the Third Amended Class Action Complaint ("TAC")[1] alleging violations of their constitutional rights by Defendant Shenandoah Valley Juvenile Center Commission. ECF Dkt. No. 228. Pursuant to 42 U.S.C. § 1983, Plaintiffs asserted that Defendant violated the Fifth and Fourteenth Amendments by failing to provide adequate mental health services. *Id.* at ¶¶ 79-86. Plaintiffs requested that the Court declare Defendant's conduct unconstitutional and enter an injunction directing Defendant to cease what Plaintiffs characterized as unconstitutional and unlawful practices. *Id.*

---

[1] The previously-named plaintiffs and class representatives in this case have consisted of John Does 1, 2, 3, and 4 and are no longer participating in this case in any capacity.

1

## STATEMENT OF MATERIAL FACTS

At the time the TAC was filed, Doe 5, Doe 6, and Doe 7 were unaccompanied alien children ("UAC") in the custody of the Office of Refugee Resettlement ("ORR") of the United States Department of Health and Human Services. Defendant operates Shenandoah Valley Juvenile Center ("SVJC"), which provided secure education, housing and other services for the Does and other UAC pursuant to a Cooperative Agreement with ORR. *Id*. at ¶ 38. SVJC provides similar services for youth from its member jurisdictions. *Id*.

After the TAC was filed, ORR subsequently transferred Doe 5, Doe 6, and Doe 7 from SVJC to placements at third-party facilities. Ex. A at ¶ 4.[2] In January 2023, Defendant terminated its Cooperative Agreement with ORR due to ongoing challenges in returning to pre-COVID staffing levels at SVJC. *Id*. at ¶ 7. Defendant had experienced persistent staffing issues for an extended period of time despite limiting the number of UAC and local youths placed at SVJC at any given time. *Id*. at ¶ 8. Upon terminating the Cooperative Agreement, Defendant requested that ORR find new placements and transfer all UAC detained at SVJC within 60 days. *Id*. at ¶ 9. On March 14, 2023, ORR transferred the final UAC detained at SVJC to another placement. *Id*. at ¶ 10. The ORR Program Director and Lead Case Manager will remain employed at SVJC through June 30, 2023, to perform the remaining administrative tasks necessary to conclude the ORR Program. *Id.* at ¶ 13. Defendant terminated the other case managers, clinical staff and teachers employed at SVJC for the ORR program effective March 31, 2023. *Id*. at ¶ 14. No new UAC have been referred to or placed at SVJC following termination of the Cooperative Agreement. *Id*. at ¶ 12.

---

[2] The Court may consider evidence outside the pleadings in ruling on a Fed. R. Civ. P. 12(b)(1) motion to dismiss. *Metzgar v. KBR, Inc. (In re KBR, Inc.)*, 744 F.3d 326, 333-34 (4th Cir. 2014).

## GOVERNING LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. *Hoback v. Synchrony Bank*, 2019 U.S. Dist. LEXIS 97401, *3 (W.D. Va. 2019). Article III of the United States Constitution limits the jurisdiction of federal courts to "adjudicating actual cases and controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984) (internal citations removed). The case and controversy limitation requires that "the conflicting contentions of the parties present a real, substantial controversy between parties having adverse legal interest, a dispute definite and concrete, not hypothetical or abstract." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citation and internal quotation marks omitted).

The U.S. Supreme Court characterizes standing as "an essential and unchanging part" of the case-or-controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy this requirement, a plaintiff must demonstrate, among other things, that the alleged injury is likely to be redressed by a favorable decision. *Id.* at 560-61. If jurisdiction is lacking, "the only function remaining to the Court is that of announcing the absence of jurisdiction and dismissing the cause." *B.R. v. F.C.S.B.*, 17 F.4th 485, 492 (4th Cir. 2021) (citation and internal quotation marks omitted).

## ARGUMENT

**I.  The Court no longer has subject-matter jurisdiction in this case due to the absence of an actual case or controversy.**

The contentions set forth in the TAC no longer comprise an actual case or controversy because Plaintiffs' claim cannot be redressed by a favorable judgment. Plaintiffs have requested injunctive relief from the Court directing Defendant to cease what Plaintiffs allege to be unconstitutional policies and practices with respect to the provision of mental health services. ECF Dkt. No. 228 at ¶¶ 3, 79-85. As mentioned above, Plaintiffs John Doe 5, John Doe 6, and

John Doe 7 have been transferred by ORR from SVJC to other placements. Ex. A at ¶ 4. In addition, the certified class in this case contains no class members. The certified class in this case was previously defined as follows:

> Latino unaccompanied alien children (UACs) who are currently detained or will be detained in the future at Shenandoah Valley Juvenile Center who either: (i) have been, are, or will be subject to the disciplinary policies and practices used by SVJC staff; or (ii) have needed, currently need, or will in the future need care and treatment for mental health problems while detained at SVJC.

ECF Dkt. No. 63 (internal footnotes omitted).

Following notice that Defendant was terminating the Cooperative Agreement, ORR transferred all UAC detained at SVJC to various third-party facilities, including facilities in Texas, New York, and California. *Id.* at ¶ 11. ORR transferred the last UAC detained at SVJC to another facility in March 2023 and no UAC has been placed at SVJC since that time. *Id.* at ¶¶ 10, 12. As a result, Plaintiffs' claim that Defendant is failing to provide constitutionally adequate mental health services cannot be redressed by favorable judgment because Defendant no longer has physical custody of any named-plaintiff or class member. *See, e.g., Doe v. Va. Dep't of State Police*, 713 F. 3d 745, 755 (4th Cir. 2012). *See also, Lujan*, 504 U.S. at 569.

There is also no reasonable likelihood that ORR will place Doe 5, Doe 6, Doe 7, or any other UAC at SVJC in the future. The Cooperative Agreement provided the necessary legal framework under which ORR referred UAC to SVJC for placement. *Id.* at ¶¶ 2-3. Defendant unilaterally terminated the Cooperative Agreement in January 2023. *Id.* at ¶ 7. Following transfer of the last UAC from SVJC, Defendant terminated personnel who had been employed at SVJC to provide services to UAC required under the Cooperative Agreement. *Id.* at ¶¶ 13-14. As a result, Defendant no longer possesses the legal authority or practical capacity to accept referrals from ORR.

## **CONCLUSION**

This case no longer constitutes an actual case or controversy due to Defendant's termination of the Cooperative Agreement and ORR's subsequent transfer of all UAC from SVJC to third-party facilities. For the reasons set forth herein, Defendant Shenandoah Valley Juvenile Center Commission, by counsel, respectfully requests that the Court grant its Consent Motion to Dismiss for lack of subject-matter jurisdiction.

**Respectfully submitted,**
**SHENANDOAH VALLEY JUVENILE**
**CENTER COMMISSION**
*By Counsel*

By: /s/ *Jason A. Botkins*
Jason A. Botkins (VSB No. 70823)
Melisa G. Michelsen (VSB No. 40001)
Daniel P. Rose (VSB No. 93736)
410 Neff Avenue
Harrisonburg, Virginia 22801-3434
Telephone: (540) 434-5353
Facsimile: (540) 434-6069
jason.botkins@littensipe.com
melisa.michelsen@littensipe.com
daniel.rose@littensipe.com

Harold E. Johnson (VSB No. 65591)
Williams Mullen
200 South 10th Street
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
hjohnson@williamsmullen.com

*Counsel for Defendant Shenandoah Valley Juvenile Center Commission*

## **CERTIFICATE**

I certify that on the 26th day of April, 2023, I electronically filed the forgoing Consent Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Mirela Missova (*pro hac vice)*
Marja Plater (*pro hac vice*)
Washington Lawyers Committee
for Civil Rights and Urban Affairs
700 14th Street NW, Suite 400
Washington, D.C. 20005
Telephone: (202) 319-1000
Facsimile: (202) 319-1010
mirela_missova@washlaw.org
marja_plater@washlaw.org

*Attorneys for Plaintiffs John Doe 5, John Doe 6, and John Doe 7*

Theodore A. Howard (*pro hac vice*)
Benjamin C. Eggert
Wiley Rein LLP
2050 M Street, NW
Washington, D.C. 20036
Telephone: (202) 719-7120
Facsimile: (202) 719-7049
thoward@wiley.law
beggert@wiley.law

    /s/Jason A. Botkins
*Counsel for Shenandoah Valley
Juvenile Center Commission*